**FILED**

MAY 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALIPIO M. SIWA,

                    Plaintiff,

#6 - 7th St., West Tapinac
Olongapo City
Philippines, 601F

versus

UNITED STATES OFFICE OF
PERSONNAL MANAGEMENT,

                    Defendant,

The DIRECTOR
U.S. Office of Personnal
Management
Washington, D.C. 20415

Case: 1:07-cv-00960
Assigned To : Leon, Richard J.
Assign. Date : 05/23/2007
Description: EMPLOY DISCRIM.

## COMPLAINT

The undersigned Plaintiff (Pro Se), ALIPIO M. SIWA, most respectfully files a complaint for "DISCRIMINATION" against the U.S. Office of Personnal Management ("OPM" or "Office").

### FACTS, STATUTES, EVIDENCE, ARGUMENTS, AND DISCUSSION

### I.   The Plaintiff and the Defendant

### A.   The Plaintiff

The Plaintiff is a former employee of the Department of the Navy in the Republic of the Philippines with a total of

**RECEIVED**

MAY 0 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

more than 27 years of Federal civilian service from February
26, 1960 to May 4, 1966 and from July 26, 1971 through his
RETIREMENT - ILIA on September 30, 1992. The Plaintiff's
"tenure of office or employment" were documented by Standard
Forms 50 (SF-50s), Notifications of Personnel Actions. See
the Plaintiff's SF-50s under Appendix ("App.") B-1 to B-13.
After his Retirement-ILIA on September 30, 1992, Plaintiff
applied to the OPM for retirement benefits under the Civil
Service Retirement System ("CSRS") and was given by the OPM
with Claim Number CSA 3 491 207 ("Civil Service Annuitant").
The OPM had verified and recognized the Plaintiff's Federal
service, but denied his retirement annuity benefits on the
basis that his Federal service "was not subject to CSR cover-
age" by way of the OPM Final Decision dated February 8, 1994.
See the OPM Final Decision under App. C-1 to C-5 at page 4
under App. C-4. The said OPM Final Decision was affirmed by
the U.S. Merit Systems Protection Board ("MSPB" or "Board")
on the basis that Plaintiff's "Excepted Appt-Indefinite" was
excluded from CSR coverage by the OPM regulation under 5 CFR
831.201(a)(13) (1991). See the Plaintiff's SF-50s under App.
B-1 and App. B-6 for his "Excepted Appt-Indefinite"; 5 CFR
831.201(a)(13) under App. A-8; and the MSPB INITIAL DECISION
(Final Decision) under App. D-1 to App. D-7. The said MSPB
decision was summarily affirmed by the U.S. Court of Appeals
for the Federal Circuit ("CAFC") based on its holding in Rosete
v. Office of Personnal Management, 48 F.3d 514, 519-20 (Fed.

Cir. 1995) which determined that Rosete held an "Excepted Appt - Indefinite" from 1966 to 1992 and that she was excluded from CSR coverage pursuant to the OPM regulation under 5 CFR 831.201(a)(13). See the CAFC's decision in <u>SIWA v. Office of Personnal Management</u>, 62 F.3d 1433, 1995 WL 412948 (C.A.Fed.) under App. E-1 to App. E-2.

After his final denial of his retirement annuity benefits, Plaintiff had lawfully disclosed such violations of Civil Service statutes to the President of the United States, the OPM Director, the U.S. Office of Special Counsel, the MSPB, and the OPM Office of the General Counsel, but the said violations of Civil Service statutes were never corrected by the OPM, but the said violations of Civil Service statutes should be corrected at all costs with the help of the Honorable United States District Court for the District of Columbia. Plaintiff's address is provided on page 1 of this Complaint.

B. <u>The Defendant</u>

The Defendant is the OPM which is represented by the OPM Director. The Defendant's address is provided on page 1 of this Complaint.

II. Plaintiff's nature of appointments and OPM's violations of Civil Service statutes

A. <u>Plaintiff's nature of appointments</u>

Effective 2-26-60, Plaintiff received the Nature of Action ("NOA") "Excepted Appointment (Indefinite)" with a "TENURE GROUP" of "III" or "3". See Item 14 (TENURE GROUP) of App. B-1. Effective 05-04-66, Plaintiff tendered his "Resignation" in order "To accept an overseas employment (Saigon)". See App. B-4. Effective 07-26-71, Plaintiff received an "**Excepted Appt NTE 10-23-71**" with a "TENURE GROUP" of "0". See Item 6 of App. B-5. However, effective 09-26-71, Plaintiff received a "Conv to Excepted Appt-Indefinite" with a "TENURE GROUP" of "2" (See Item 6 of App. B-6) with the "REMARKS" on Item 30 that "**SUBJECT TO COMPLETION OF 1 YEAR PROBATIONARY (OR TRIAL) PERIOD COMMENCING 09-26-71**". The Plaintiff's available SF-50s specifically showed that his "Tenure" status was consistently entered as "1" from effective 05-28-78 to effective 09-30-92. See App. B-7 to App. B-13 under Item 6, or Item 7, or Item 24.

B. OPM's violations of Civil Service Statutes

Since the CSRA was amended by Sec. 3 of the ACT of January 24, 1942, CSRA "coverage" was extended to all employees of the United States Government and the District of Columbia, except those specifically excluded from coverage by law. Under Sec. 3 (b) of the ACT of January 24, 1942, the President was provided for by law the "Power To Exclude" Executive branch employees from CSRA coverage. The President exercises his "Power To Exclude" by way of Executive Order 9154 of May 1, 1942, 7 FR 3275, effective January 24, 1942. See EO 9154 under App. A-1

as amended by Section 2 in 1978 and by Section 1(k) in 1981.  The
President issued Executive Order 12292 of February 23, 1981, 46
FR 13967 and had specifically provided that EO 9154, as amended
is one of the "existing Executive Orders".  Therefore, EO 9154,
as amended by EO 12292 of Feb. 23, 1981, is existing and effec-
tive since 1942 through 1981, and until the present time.  See
the Preamble and Section 1 of EO 12292 under App. A-13.

Under Section 1(i) of EO 9154, the said "regulation of the
President" does not authorized the exclusion from CSRA coverage
of those employees who became eligible for "permanent or inde-
finite appointment", and thus, employees under "permanent or
indefinite appointment" were covered under the CSRA.  However,
the President delegated to, but not transferred to, the U.S.
Civil Service Commission (Commission) his "Power To Exclude"
pursuant to Section 3(b) of the ACT of January 24, 1942 by way
of Section 2(b) of Executive Order 10530, but the Commission had
not promulgated any regulations pursuant to Section 3(b) of the
ACT of January 24, 1942.

Under Sec. 1.3(e) of Rule I of the Civil Service Rules, as
amended by Executive Order 10577 of November 23, 1954, 19 FR
7521, effective January 23, 1955, and as amended by Executive
Order 12107 of December 28, 1978, 44 FR 1055, effective January
1, 1979, the President of the United States requires, that —

"Tenure" shall mean the period of time an employee
may reasonably expect to serve under his current
appointment.  Tenure shall be granted and governed

by the type of appointment under which an employee
is currently serving without regard to whether he
has a competitive status or whether his appoint-
ment is to a competitive position or an excepted
position.    (See App. A-2 and App. A-2a)

The Commission, and later on the OPM, was authorized by the Pre-
sident pursuant to Sec. 2.2(c) of Rule II of the Civil Service
Rules, as amended by EO 10577, effective January 23, 1955, and
as amended by EO 12107, effective January 1, 1979 to -

"...determine the types, duration, and conditions
of indefinite and temporary appointments, and
may prescribe the method for replacing persons
holding such appointments."
(See App. 7 and App. 7a)

The Commission, and later on the OPM, was under all the
full obligations to obey and determine the types, duration, and
conditions of indefinite and temporary appointments.  Congress
had recognized the President's delegation of his "Power To
Exclude" to the Commission pursuant to Section 2(e) of the 1956
CSRA Amendments to exclude from CSRA coverage those employees
in the Executive branch of the Government whose "tenure of
office or employment is temporary or intermittent".  See Section
2(e) of the 1956 CSRA Amendments ("Section 2(e)") under App.
AA-11.

Under The Guide To Processing Personnel Actions, Chapter
35-6 (See App. GC35-6), the OPM defines an INDEFINITE APPOINT-
MENT, that -

"INDEFINITE APPOINTMENT - One given a nonpermanent
employee who is hired for an unlimited period of
time."    (Underscoring supplied)

The OPM defines a TEMPORARY APPOINTMENT (See App. GSC35-14),
that —

> "TEMPORARY APPOINTMENT   —   An appointment made
> for a limited period of time and with a specific
> not-to-exceed (NTE) date determined by the autho-
> rity under which the appointment is made."
> (Underscoring supplied)

The "duration" of an INDEFINITE APPOINTMENT is that "for an
unlimited period of time" (without time limitation) while the
"duration" of a TEMPORARY APPOINTMENT is that "for a limited
period of time" (with a time limitation), and thus, the "tenure
of an Indefinite Appointment" is that "for an unlimited period
of time" (without time limitation) while the "tenure of a Tem-
porary Appointment" is that "for a limited period of time" (with
a time limitation).  There was no law, or regulation, or Execu-
tive Order that specifically excluded the Plaintiff from "CSRA
Coverage" because of his "Excepted Appointment (Indefinite)" or
"Excepted Appt-Indefinite" since the "tenure for an Excepted
Appt-Indefinite" is "for an unlimited period of time" (without
time limitation) which is different from a "tenure of a Tempo-
rary Appointment" which is "for a limited period of time" (with
a time limitation), the excluded category of a "CSRA Coverage".

Under Section 1(i) of EO 9154, "effective as of January 24,
1942", the President had consistently "ORDERED" that "Employees
in the following classification of Federal personnel in the
Executive branch of the Government are hereby excluded from the
operation of the said Retirement Act" —

> "(i) Employees serving under temporary appointments
>     pending final determination of their eligibility
>     for permanent or indefinite appointment."

Therefore, it was not in accordance with the "regulations
of the President" under Sec. 1.3(e) of Rule I and Sec. 2.2(c)
of Rule II of the Civil Service Rules, as amended by EO 10577,
effective January 23, 1955, and as amended by EO 12107, effec-
tive January 1, 1979, the exclusion from CSRA Coverage of those
employees under "Excepted Appt-Indefinite" since the "tenure of
an Indefinite Appointment" is that "for an unlimited period of
time" (without time limitation) while the "tenure of a Tempo-
rary Appointment" is that "for a limited period of time" (with
a time limitation).

Let us analyze "Excepted Appt-Indefinite". The meaning of
the term "indefinite" means "unlimited" or "without time limi-
tation", and thus, the meaning of "Excepted Appt-Indefinite"
is "Excepted Appt – unlimited" or "Excepted Appt – without
time limitation".

For example: An employee was given the Nature of Action
Code ("NOAC") "172" and the NOA "EXC APPT – INDEFINITE" dated
effective 10-06-81. See App. F-5. On "10-06-81", he received
a "CORRECTION" from his "EXC APPT – INDEFINITE" to a NOAC "170"
and the NOA "EXC APPT" with the "Remarks" on Item 37, that –

> "NOAC/NOA SHOWN ON ORIGINAL ACTION ARE NO LONGER IN
> USE.  THEY WERE REQUIRED UNDER FPM SUPPL 296-31
> WHICH HAS BEEN REPLACED BY FPM SUPPL 296-33."

See App. F-6.  In other words, the NOA "EXC APPT - INDEFINITE"
is no longer in use, but it was replaced by the NOA "EXC APPT".
"Job Aid #5. Instructions for processing Personnel Actions on
Appointments in the Excepted Service" under STEP 5 and STEP 6
(See App. GC11-6) -

> (STEP 5)
>> To identify an excepted appointment that is
>> "conditional," enter "2" in block 24 of the
>> SF 52;  to identify an excepted appointment
>> that is "indefinite," or "provisional" enter
>> "3" in block 24 of the SF 52.
>
> (STEP 6)
>> Prepare the SF 50 from the information on
>> the SF 52.

In other words, an "Exc Appt" is "Permanent" if "Tenure 1"
is entered on the SF-50;  an "Exc Appt" is "Conditional" if
"Tenure 2" is entered on the SF-50;  and an "Exc Appt" is
"Indefinite" if "Tenure 3" is entered on the SF-50, but all of
these are designated as "without time limitation".  Therefore,
an "Exc Appt" that is "without time limitation" is the opposite
of a "Temporary Appointment" ("Exc Appt NTE (date)") which is
"with a time limitation".

The Commission had violated the "regulations of the Presi-
dent" under Sec. 1.3(e) of Rule I and Sec. 2.2(c) of Rule II
of the Civil Service Rules, as amended by EO 10577, effective
JAnuary 23, 1955 by applying Section 2(e) to exclude from CSRA
Coverage the "tenure of an Indefinite Appointment", but the
Commission was only authorized by law to exclude from CSRA

Coverage those employees "whose tenure of office or employment is temporary or intermittent".  Therefore, the Commission excluded from CSRA Coverage the following -

> "(14) Employees serving under nonpermanent
> appointments, designated as indefinite, made
> after January 23, 1955, the effective date
> of the repeal of Executive Order 10180."
> (See 5 CFR 831.201(a)(14) (1963 - 1978))

Pursuant to Section 1-2 of EO 12107, the redesignation of the Civil Service Commission as the Merit Systems Protection Board shall be effective on January 1, 1979 and pursuant to Section 1-101 of EO 12107, the establishment of the Office of Personnel Management shall be effective on January 1, 1979.

OPM's violations of Civil Service Statutes

The OPM was generally and specifically notified by the President of the existence and effectivity of the "regulations of the President" under Section 1 of EO 9154 pursuant to Section 2 of EO 9154, as amended by EO 12107 of December 28, 1978, 44 FR 1055, effective January 1, 1979.  See Section 2 of EO 9154 under App. A-1, that -

> "The Office of Personnal Management is authorized
> to determine the applicability of the above clas-
> sifications to specific officers and employees
> or groups of officers and employees in the Execu-
> tive branch of the Government."

The OPM had violated the "regulations of the President" under Sec. 1.3(e) of Rule I and Sec. 2.2(c) of Rule II of the Civil Service Rules, as amended by EO 10577, effective January

23, 1955, and as amended by EO 12107, effective January 1, 1979
to exclude from CSRA Coverage the "tenure of an Indefinite
Appointment", in violation of Section 1(i) of EO 9154 and Sec-
tion 2(e) of the 1956 CSRA Amendments.  Therefore, the OPM
excluded from CSRA Coverage the following -

> "(14) Employees serving under nonpermanent
> appointments, designated as indefinite, made
> after January 23, 1955, the effective date
> of the repeal of Executive Order 10180."

5 CFR 831.201(a)(14) (1963 to 1987) was renumbered by the OPM
in 1988 as 5 CFR 831.201(a)(13) (1988 to Present).  See 5 CFR
831.201(a)(13) under App. A-8.

This is a form of "DISCRIMINATION".  The OPM promulgated
a personnal regulation that "All employees are covered by the
retirement system except those specifically excluded by law or
by regulations of the Office of Personnal Management" pursuant
to FPM Supp. 831-1, subch. S2-1 (Sept. 21, 1981).  The OPM knew
that the Plaintiff was not specifically excluded from retire-
ment coverage by law or by regulations of the OPM because of
his "Exc Appt"  under "Tenure 1" or "Tenure 3", and thus, the
OPM had violated the said personnel regulation under FPM Supp.
831-1, subch. S2-1 (Sept. 21, 1981) because of its failures
and/or refusals to cover the Plaintiff under the retirement
system, to his damaged and prejudiced.

I want the OPM to pay my retirement benefits since 1992.

WHEREOF, premises considered, the Plaintiff most repect-
fully prays of to the Honorable Court for any help and relief

that are necessary in the premises.

RESPECTFULLY SUBMITTED. This 12th day of April 2007 at Olongapo City, Philippines.

Very respectfully yours,

ALIPIO M. SIWA
Petitioner Pro Se

## PROOF OF SERVICE

I hereby certify under penalty of perjury under the laws of the United States that on April 12, 2007, I have mailed a copy of the foregoing via air mail delivery to -

The OPM DIRECTOR
U.S. Office of Personnal Management
Washington, D.C. 20415

ALIPIO M. SIWA
Petitioner Pro Se

EXHIBIT A

App.

and certifies that he has served with merit for at least six months, and

(4) that he qualifies in such suitable noncompetitive examination as the Office may prescribe.

[Sec. 6 amended by EO 11107 of Dec. 28, 1978, 44 FR 1055, 3 CFR, 1978 Comp., p. 264]

Sec. 7. Executive Order No. 8044 of January 31, 1939, is hereby revoked so far as it applies to positions covered into the classified civil service by this order.

Executive Order 9154—Authorizing certain exclusions from the operation of the Civil Service Retirement Act of May 29, 1930, as amended

SOURCE: The provisions of Executive Order 9154 of May 1, 1942, appear at 7 FR 3375, 3 CFR, 1938-1943 Comp., p. 1132, unless otherwise noted.

By virtue of and pursuant to the authority vested in me by section 3 of the Civil Service Retirement Act of May 29, 1930 (46 Stat. 468), as amended by the act of January 24, 1942 (Public Law 411, 77th Congress), it is hereby ordered as follows:

1. Employees in the following classifications of Federal personnel in the Executive branch of the Government are hereby excluded from the operation of the said Retirement Act, unless eligible for retirement benefits by continuity of service, by reinstatement, or otherwise:

(a) Employees whose expected service will be for brief periods but not to exceed one year.

(b) Employees paid by the hour, day, month, or year when actually employed, whose employment is periodic, part-time, or recurrent and for whom a regular tour of duty is not contemplated.

(c) Employees paid on a piece-work basis, except when serving under regular or permanent appointment.

(d) Employees and consultants paid on a contract or fee basis.

(e) Cooperative employees not wholly under the control of the Federal Government and not otherwise subject to the Civil Service Retirement Act.

(f) Officers and employees without compensation or with nominal compensation of $12.00 or less per annum.

(g) Intermittent alien employees engaged on work outside the continental limits of the United States.

(h) Member and patient employees in government hospitals or homes.

(i) Employees serving under temporary appointments pending final determination of their eligibility for permanent or indefinite appointment.

(j) Acting postmasters, clerks in fourth class post offices, substitute rural carriers, and special delivery messengers at second, third, and fourth class post offices.

(k) Consular agents appointed under authority of section 551 of the Foreign Service Act of 1946, approved August 13, 1946 (Public Law 724, 79th Congress), or under authority of section 303 of the Foreign Service Act of 1980 (22 U.S.C. 3943).

(l) Employees serving under emergency-indefinite appointments not exceeding 5 years.

---

[Sec. 1 amended by EO 9824 of Jan. 24, 1947, 12 FR 639, 3 CFR, 1943-1948 Comp., p. 629; EO 9945 of Apr. 9, 1948, 13 FR 1975, 3 CFR, 1943-1948 Comp., p. 697; EO 11202 of Feb. 23, 1951, 46 FR 1967, 3 CFR, 1981 Comp., p. 134]

2. The Office of Personnel Management is authorized to determine the applicability of the above classifications to specific officers and employees or groups of officers and employees in the Executive branch of the Government.

[Sec. 2 amended by EO 11107 of Dec. 28, 1978, 44 FR 1055, 3 CFR, 1978 Comp., p. 264]

3. This order shall be effective as of January 24, 1942, except that it shall not be so construed as to defeat any retirement rights of officers and employees acquired before the date of this order.

Executive Order 9628—Authorizing the appointment to a position of Contact Representative, Veterans Administration, without regard to the requirements of the Civil Service Rules

SOURCE: The provisions of Executive Order 9628 of Sept. 15, 1945, appear at 10 FR 12157, 3 CFR, 1943-1948 Comp., p. 433, unless otherwise noted.

By virtue of and pursuant to the authority vested in me by the provisions of paragraph Eighth, subdivision Second, section 2 of the Civil Service Act (22 Stat. 403, 404) it is hereby ordered that upon recommendation to the Office of Personnel Management of the Administrator of Veterans Affairs, any person entitled to veteran's preference who has been awarded the Congressional Medal of Honor may be appointed to the classified position of Contact Representative in the Veterans Administration without compliance with the requirements of the Civil Service Rules.

[EO 9628 amended by EO 11107 of Dec. 28, 1978, 44 FR 1055, 3 CFR, 1978 Comp., p. 264]

Executive Order 9738—Restricting competition in examination for the position of Correctional Officer under the Bureau of Prisons, Department of Justice

SOURCE: The provisions of Executive Order 9738 of June 19, 1946, appear at 11 FR 6901, 3 CFR, 1943-1948 Comp., p. 545, unless otherwise noted.

By virtue of the authority vested in me by the statutes, including section 2 of the Civil Service Act (22 Stat. 403), the Veterans' Preference Act of 1944, approved June 27, 1944 (58 Stat. 387), and section 1753 of the Revised Statutes of the United States (5 U.S.C. 631), it is hereby ordered as follows:

In civil-service examinations for the position of Correctional Officer under the Bureau of Prisons, Department of Justice, competition shall be restricted during the present war and for five years following the termination thereof to persons entitled to preference under the said Veterans' Preference Act of 1944, as long as persons entitled to preference are available: Provided, however, That for purposes of classification application for examination may be accepted by the Office of Personnel Management from any person serving in such position in the classified service under an appointment not limited to one year or less, and the Office is authorized to confer a classified [competitive] civil-service

FILED

07  0960  MAY 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXH A-1
APP-

from duty without loss of pay or leave on a workday which includes all or part of that day.

SEC. 3. Any employee mentioned in section 1 who would ordinarily be excused from work on a holiday, but who (i) is not excused from duty all day on Friday, July 3, 1959, or from duty on a workday which includes portions of that day, or (ii) whose basic workweek does not include July 3, 1959, or any portion thereof, shall be excused from duty, without charge to leave or loss of pay, on one other workday in the fiscal year 1960, at such time as may be requested by the employee and approved by the head of the department, agency, or establishment concerned or his designee.

SEC. 4. This order shall not be construed as providing a basis for granting holiday, premium, or overtime pay for Friday, July 3, 1959, or any portion of such day. Heads of the respective departments, agencies, and establishments are requested to arrange their affairs in a manner which will permit them to excuse employees from duty on that day, or to grant compensatory time in lieu thereof, without the need for additional appropriations.

DWIGHT D. EISENHOWER

THE WHITE HOUSE,
    *June 12, 1959.*

## Executive Order 10826

### AUTHORIZING THE CIVIL SERVICE COMMISSION TO CONFER BENEFITS IN CERTAIN CASES

By virtue of the authority vested in me by section 2 of the Civil Service Act (22 Stat. 403) and section 1753 of the Revised Statutes of the United States (5 U.S.C. 631), and as President of the United States, it is hereby ordered as follows:

SECTION 1. Whenever a Federal employee or former Federal employee has met the requirements of an Executive order (heretofore or hereafter issued) which provides a benefit for Federal employees but has become ineligible to receive such benefit solely because of the failure of an administrative agency, because of error or oversight, to make a timely determination or recommendation required by the Executive order, the Civil Service Commission may, to

avoid inequity in individual cases, confer such benefit upon the employee or former employee: *Provided,* that the Civil Service Commission may confer such benefit only upon the making of the required determination or recommendation by the agency in which the employee or former employee is employed or is to be employed; and no action taken by the Commission under this order shall be effective prior to the date on which the action is taken.

SEC. 2. The grant of a benefit under section 1 of this order shall not entitle any person to appeal a reduction-in-force or other personnel action made effective prior to the date on which the agency concerned is notified that such person has been granted a benefit under this order.

SEC. 3. Executive Order No. 10535 [1] of June 9, 1954, is hereby revoked.

DWIGHT D. EISENHOWER

THE WHITE HOUSE,
    *June 25, 1959.*

## Executive Order 10827

### FURTHER PROVIDING FOR THE ADMINISTRATION OF THE AGRICULTURAL TRADE DEVELOPMENT AND ASSISTANCE ACT OF 1954, AS AMENDED

By virtue of the authority vested in me by section 301 of title 3 of the United States Code, and as President of the United States, it is ordered that sections 4 and 5 of Executive Order No. 10560 [1] of September 9, 1954, as amended, be, and they are hereby, further amended to read as follows:

SEC. 4. *Foreign currencies.* (a) (1) The amounts of foreign currencies which accrue under Title I of the Act to be used for the loans described in section 104(g) of the Act, and the amounts of such currencies to be used for loans by the Export-Import Bank pursuant to section 4(d)(5) of this order, shall be the amounts thereof specified, or shall be the amounts thereof corresponding to the dollar amounts specified, for such loans in sales agreements entered into pursuant to section 3(a) of this order.

.-' 3 CFR, 1954 Supp.

# APPOINTMENT SYSTEM

## No. 10577

### Nov. 23, 1954, 19 F.R. 7521

#### AMENDING THE CIVIL SERVICE RULES AND AUTHORIZING A NEW APPOINTMENT SYSTEM FOR THE COMPETITIVE SERVICE

By virtue of the authority vested in me by the Constitution, by section 1753 of the Revised Statutes (5 U.S.C. 631),[50] by the Civil Service Act of January 16, 1883 (22 Stat. 403),[51] by section 301 of title 3 of the United States Code,[52] and as President of the United States, it is hereby ordered as follows:

## PART I—CIVIL SERVICE RULES

Section 101.   The Civil Service Rules are hereby amended to read as follows:

### RULE I—COVERAGE AND DEFINITIONS

Sec. 1.1   Positions and employees affected by these Rules.   These Rules shall apply to all positions in the competitive service and to all incumbents of such positions.   Except as expressly provided in the Rule concerned, these Rules shall not apply to positions and employees in the excepted service.

Sec. 1.2   Extent of the competitive service.   The competitive service shall include:   (a) All civilian positions in the executive branch of the Government unless specifically excepted therefrom by or pursuant to statute or by the Civil Service Commission (hereafter referred to in these Rules as the Commission) under section 6.1 of Rule VI; and (b) all positions in the legislative and judicial branches of the Federal Government and in the Government of the District of Columbia which are specifically made subject to the civil-service laws by statute.   The Commission is authorized and directed to determine finally whether a position is in the competitive service.

Sec. 1.3   Definitions.   As used in these Rules:

(a) "Competitive service" shall have the same meaning as the words "classified service", or "classified (competitive) service", or "classified civil service" as defined in existing statutes and executive orders.

(b) "Competitive position" shall mean a position in the competitive service.

(c) "Competitive status" shall mean basic eligibility to be noncompetitively selected to fill a vacancy in a competitive position.   A competitive status shall be acquired by career-conditional or career appointment through open competitive examination upon satisfactory completion of a probationary period, or may be granted by statute, executive order, or the Civil Service Rules without competitive examination.   A person with competitive status may be promoted, transferred, reassigned, reinstated, or demoted without taking an open competitive examination, subject to the conditions prescribed by the Civil Service Rules and Regulations.

(d) An employee shall be considered as being in the competitive service when he has a competitive status and occupies a competitive position unless he is serving under a temporary appointment: *Provided*, That an employee who is in the competitive service at the time his position is first listed under Schedule A, B, or C shall be considered as continuing in the competitive service as long as he continues to occupy such position.

(e) "Tenure" shall mean the period of time an employee may reasonably expect to serve under his current appointment.   Tenure shall be granted and governed by the type of appointment under which an employee is currently serving without regard to whether he has a competitive

50.  5 U.S.C.A. § 631.
51.  5 U.S.C.A. §§ 632, 633, 635, 637, 638, 649-642; 49 U.S.C.A. § 42.
52.  3 U.S.C.A. § 301.

1881



F.R. 7351; Ex. Ord. No. 11856, May 7, 1975, 40 F.R. 20259; Ex. Ord. No. 11887, Nov. 4, 1975, 40 F.R. 51411; Ex. Ord. No. 11935; Sept. 2, 1976, 41 F.R. 37301; Ex. Ord. No. 12021, Nov. 30, 1977, 42 F.R. 61237; Ex. Ord. No. 12043, Mar. 7, 1978, 43 F.R. 9773; Ex. Ord. No. 12107, Dec. 28, 1978, 44 F.R. 1055; Ex. Ord. No. 12125, Mar. 15, 1979, 44 F.R. 16879; Ex. Ord. No. 12148, July 20, 1979, 44 F.R. 43239; Ex. Ord. No. 12300, Mar. 23, 1981, 46 F.R. 18683, provided:

### PART I—CIVIL SERVICE RULES

SECTION 101. The Civil Service Rules are hereby amended to read as follows:

### RULE I—COVERAGE AND DEFINITIONS

#### § 1.1. POSITIONS AND EMPLOYEES AFFECTED BY THESE RULES

These Rules shall apply to all positions in the competitive service and to all incumbents of such positions. Except as expressly provided in the Rule concerned, these Rules shall not apply to positions and employees in the excepted service.

#### § 1.2. EXTENT OF THE COMPETITIVE SERVICE

The competitive service shall include: (a) All civilian positions in the executive branch of the Government unless specifically excepted therefrom by or pursuant to statute or by the Office of Personnel Management (hereafter referred to in these Rules as the Office) under section 6.1 of Rule VI; and (b) all positions in the legislative and judicial branches of the Federal Government and in the Government of the District of Columbia which are specifically made subject to the civil-service laws by statute. The Office is authorized and directed to determine finally whether a position is in the competitive service.

#### § 1.3. DEFINITIONS

As used in these Rules:

(a) "Competitive service" shall have the same meaning as the words "classified service", or "classified (competitive) service", or "classified civil service" as defined in existing statutes and executive orders.

(b) "Competitive position" shall mean a position in the competitive service.

(c) "Competitive status" shall mean basic eligibility to be noncompetitively selected to fill a vacancy in a competitive position. A competitive status shall be acquired by career-conditional or career appointment through open competitive examination upon satisfactory completion of a probationary period, or may be granted by statute, executive order, or the Civil Service Rules without competitive examination. A person with competitive status may be promoted, transferred, reassigned, reinstated, or demoted without taking an open competitive examination, subject to the conditions prescribed by the Civil Service Rules and Regulations.

(d) An employee shall be considered as being in the competitive service when he has a competitive status and occupies a competitive position unless he is serving under a temporary appointment: *Provided*, That an employee who is in the competitive service at the time his position is first listed under Schedule A, B, or C shall be considered as continuing in the competitive service as long as he continues to occupy such position.

(e) "Tenure" shall mean the period of time an employee may reasonably expect to serve under his current appointment. Tenure shall be granted and governed by the type of appointment under which an employee is currently serving without regard to whether he has a competitive status or whether his appointment is to a competitive position or an excepted position.

#### § 1.4. EXTENT OF THE EXCEPTED SERVICE

(a) The excepted service shall include all civilian positions in the executive branch of the Government which are specifically excepted from the requirements of the Civil Service Act or from the competitive service by or pursuant to statute or by the Office under section 6.1 of Rule VI.

(b) "Excepted service" shall have the same meaning as the words "unclassified service", or "unclassified civil service", or "positions outside the competitive civil service" as used in existing statutes and executive orders.

(c) "Excepted position" shall have the same meaning as "unclassified position", or "position excepted by law", or "position excepted by executive order", or "position excepted by Civil Service Rule", or "position outside the competitive service" as used in existing statutes and executive orders.

### RULE II—APPOINTMENT THROUGH THE COMPETITIVE SYSTEM

#### § 2.1. COMPETITIVE EXAMINATIONS AND ELIGIBLE REGISTERS

(a) The Office shall be responsible for open competitive examinations for admission to the competitive service which will fairly test the relative capacity and fitness of the persons examined for the position to be filled. The Office is authorized to establish standards with respect to citizenship, age, education, training and experience, suitability, and physical and mental fitness, and for residence or other requirements which applicants must meet to be admitted to or rated in examinations.

(b) In addition to the names of persons who qualify in competitive examinations, the names of persons who have lost eligibility on a career or career-conditional register because of service in the armed forces, and the names of persons who lost opportunity for certification or who have served under career or career-conditional appointment when the Office determines that they should be given certification, may also be entered at such places on appropriate registers and under such conditions as the Office may prescribe.

(c) Whenever the Office of Personnel Management (1) is unable to certify a sufficient number of names to permit the appointing officer to consider three eligibles for appointment to a fourth-class postmaster position in accordance with the regular procedure, or (2) finds that a particular rate of compensation for fourth-class postmaster positions is too low to warrant regular competitive examinations for such positions, it may authorize appointment to any such position or positions in accordance with such procedure as may be prescribed by the Office. Persons appointed under this subsection may acquire competitive status subject to satisfactory completion of a probationary period prescribed by the Office.

#### § 2.2. APPOINTMENTS

(a) The Office shall establish and administer a career-conditional appointment system for positions subject to competitive examination which will permit adjustment of the career service to necessary fluctuations in Federal employment, and provide an equitable and orderly system for stabilizing the Federal work force. A competitive status shall be acquired by a career-conditional appointee upon satisfactory completion of a probationary period, but the appointee shall have career-conditional tenure for a period of service to be prescribed by regulation of the Office. When an employee has completed the required period of service his appointment shall be converted to a career appointment without time limitation: *Provided*, That career-conditional appointment shall not be converted to a career appointment if the limitation on the number of permanent employees in the Federal civil service established under subsection (b) of this section would be exceeded thereby. Persons selected from competitive civil service registers for other than temporary appointment shall be given career-conditional appointments: *Provided*, That career appointments


EXH A-2a
App.


EXH A-2a
App.

## APPOINTMENT SYSTEM

(b) Under the career-conditional appointment system there shall be a limit on the number of permanent employees in the Federal civil service which shall be the ceiling established by section 1310 of the Supplemental Appropriation Act, 1952 (65 Stat. 757),[54] as amended. In the event section 1310, supra, is repealed, the Commission is authorized to fix such limitation on the number of permanent employees in the Federal civil service as it finds necessary to meet the needs of the service.

(c) The Commission may determine the types, duration, and conditions of indefinite and temporary appointments, and may prescribe the method for replacing persons holding such appointments.

Sec. 2.3 Apportionment. Subject to such modifications as the Commission finds to be necessary in the interest of good administration, appointments to positions in agencies' headquarters offices which are located within the metropolitan area of Washington, D. C., shall be made so as to maintain the apportionment of appointments among the several States, Territories, and the District of Columbia upon the basis of population.



Sec. 2.4 Probationary period. Persons selected from registers of eligibles for career or career-conditional appointment shall be required to serve a probationary period under such terms and conditions as the Commission may prescribe.

## RULE III—NONCOMPETITIVE ACQUISITION OF STATUS

Sec. 3.1 Classes of persons who may noncompetitively acquire status. (a) Upon recommendation by the agency concerned, and subject to such noncompetitive examination, time limits, or other requirements as the Commission may prescribe, the following classes of persons may acquire a competitive status without competitive examination:

(1) A person holding a permanent position when it is placed in the competitive service by statute or executive order or is otherwise made subject to competitive examination.

(2) A disabled veteran who, in a manner satisfactory to the Commission, has completed a course of training in the executive branch of the Government prescribed by the Administrator of Veterans' Affairs in accordance with the act of March 24, 1943, 57 Stat. 43.[55]

(3) An employee who has served at least two years in the immediate office of the President or on the White House Staff and who is transferred to a competitive position at the request of an agency.

(4) An employee who was serving when his name was reached for certification on a civil-service register appropriate for the position in which he was serving: Provided, That the recommendation for competitive status is made prior to the expiration of the register on which his name appears or is made during a period of continuous service since his name was reached: Provided further, That the register was being used for appointments conferring competitive status at the time his name was reached.

Sec. 3.2 Appointments without competitive examination in rare cases. Subject to receipt of satisfactory evidence of the qualifications of the person to be appointed, the Commission may authorize an appointment in the competitive service without competitive examination whenever it finds that the duties or compensation of the position are such, or that qualified persons are so rare, that, in the interest of good civil-service administration, the position cannot be filled through open competitive examination. Any person heretofore or hereafter appointed under this section shall acquire a competitive status upon completion of at least one year of satisfactory service and compliance with such requirements as the Commission may prescribe. Detailed statements of the reasons for the noncompetitive appointments made under this section shall be published in the Commission's annual reports.

54. 5 U.S.C.A. § 48 note.
55. 38 U.S.C.A. § 701.



shall be given to the following classes of eligibles: (1) Persons whose appointments are required by statute to be made on a permanent basis; (2) employees serving under career appointments at the time of selections from such registers; (3) former employees who have eligibility for career appointments upon reinstatement; and (4) to the extent permitted by law, persons appointed to positions in the field service of the Post Office Department for which salary rates are fixed by the act of July 6, 1945, 59 Stat. 435, as heretofore or hereafter amended and supplemented.

(b) Under the career-conditional appointment system there shall be a limit on the number of permanent employees in the Federal civil service which shall be the ceiling established by section 1310 of the Supplemental Appropriation Act, 1952 (65 Stat. 757), as amended [set out as a note under section 3101 of this title]. In the event section 1310, supra, is repealed, the Office is authorized to fix such limitation on the number of permanent employees in the Federal civil service as it finds necessary to meet the needs of the service.

(c) The Office may determine the types, duration, and conditions of indefinite and temporary appointments, and may prescribe the method for replacing persons holding such appointments.

### § 2.3. APPORTIONMENT

Subject to such modifications as the Office finds to be necessary in the interest of good administration, appointments to positions in agencies' headquarters offices which are located within the metropolitan area of Washington, D.C., shall be made so as to maintain the apportionment of appointments among the several States, Territories, and the District of Columbia upon the basis of population.

### § 2.4. PROBATIONARY PERIOD

Persons selected from registers of eligibles for career or career-conditional appointment and employees promoted, transferred, or otherwise assigned, for the first time, to supervisory or managerial positions shall be required to serve a probationary period under terms and conditions prescribed by the Office.

### RULE III—NONCOMPETITIVE ACQUISITION OF STATUS

#### § 3.1. CLASSES OF PERSONS WHO MAY NONCOMPETITIVELY ACQUIRE STATUS

(a) Upon recommendation by the agency concerned, and subject to such noncompetitive examination, time limits, or other requirements as the Office may prescribe, the following classes of persons may acquire a competitive status without competitive examination:

(1) A person holding a permanent position when it is placed in the competitive service by statute or executive order or is otherwise made subject to competitive examination.

(2) A disabled veteran who, in a manner satisfactory to the Office, has completed a course of training in the executive branch of the Government prescribed by the Administrator of Veterans' Affairs in accordance with the act of March 24, 1943, 57 Stat. 43.

(3) An employee who has served at least two years in the immediate office of the President or on the White House Staff and who is transferred to a competitive position at the request of an agency.

(4) An employee who was serving when his name was reached for certification on a civil-service register appropriate for the position in which he was serving: *Provided,* That the recommendation for competitive status is made prior to expiration of the register on which his name appears or is made during a period of continuous service since his name was reached: *Provided further,* That the register was being used for appointments conferring competitive status at the time his name was reached.

(b) Upon recommendation by the employing agency, and subject to such requirements as the Office of Personnel Management may prescribe, the following classes of handicapped employees may acquire competitive status without competitive examination:

(1) A severely physically handicapped employee who completes at least two years of satisfactory service in a position excepted from the competitive service.

(2) A mentally retarded employee who completes at least two years of satisfactory service in a position excepted from the competitive service.

#### § 3.2. APPOINTMENTS WITHOUT COMPETITIVE EXAMINATION IN RARE CASES

Subject to receipt of satisfactory evidence of the qualifications of the person to be appointed, the Office may authorize an appointment in the competitive service without competitive examination whenever it finds that the duties or compensation of the position are such, or that qualified persons are so rare, that, in the interest of good civil-service administration, the position cannot be filled through open competitive examination. Any person heretofore or hereafter appointed under this section shall acquire a competitive status upon completion of at least one year of satisfactory service and compliance with such requirements as the Office may prescribe. Detailed statements of the reasons for the noncompetitive appointments made under this section shall be published in the Office's annual reports.

#### § 3.3. CONVERSION OF APPOINTMENTS

Any person who acquires a competitive status under this Rule shall have his appointment converted to career-conditional appointment unless he meets the service requirement for career appointment prescribed under section 2.2 (a) of Rule II.

### RULE IV—PROHIBITED PRACTICES

#### § 4.1. PROHIBITION AGAINST POLITICAL ACTIVITY

No person employed in the executive branch of the Federal Government, or any agency or department thereof, shall use his official authority or influence for the purpose of interfering with an election or affecting the result thereof. No person occupying a position in the competitive service shall take any active part in political management or in political campaigns, except as may be provided by or pursuant to statute. All such persons shall retain the right to vote as they may choose and to express their opinions on all political subjects and candidates.

#### § 4.2. PROHIBITION AGAINST RACIAL, POLITICAL OR RELIGIOUS DISCRIMINATION

No person employed in the executive branch of the Federal Government who has authority to take or recommend any personnel action with respect to any person who is an employee in the competitive service or any eligible or applicant for a position in the competitive service shall make any inquiry concerning the race, political affiliation or religious beliefs of any such employee, eligible, or applicant. All disclosures concerning such matters shall be ignored, except as to such membership in political parties or organizations as constitutes by law a disqualification for Government employment. No discrimination shall be exercised, threatened, or promised by any person in the executive branch of the Federal Government against or in favor of any employee in the competitive service, or any eligible or applicant for a position in the competitive service because of his race, political affiliation or religious beliefs, except as may be authorized or required by law.

#### § 4.3. PROHIBITION AGAINST SECURING WITHDRAWAL FROM COMPETITION

No person shall influence another person to withdraw from competition for any position in the competitive service for the purpose of either improving or



§ 831.111

United States Code) are affected by a final decision of the representative of the Associate Director for Compensation, Office of Personnel Management, Office of the Merit Systems Protection Board or the Federal Labor Relations Authority as described in § 831.303.

(ii) Have the period of service described in § 831.303.

(7) Employees serving under temporary appointments pending establishment, registers, or pending final determination of eligibility for permanent appointment.

(8) Officers in charge, clerks in fourth-class post offices, substitute rural carriers, and special-delivery messengers at second-, third-, and fourth-class post offices.

(9) Consular agents appointed under authority of section 551 of the Foreign Service Act of 1946 (22 U.S.C. 951).

(10) Employees serving under emergency-indefinite appointments not exceeding 5 years.

(11) United States citizens given "overseas limited appointments."

(12) Employees serving under nonpermanent appointments made pursuant to section 1 of Executive Order 10180 of November 13, 1950.

(13) Employees serving under nonpermanent appointments, designated as indefinite, made after January 23, 1955, the effective date of the repeal of Executive Order 10180.

(14) Employees serving under term appointments.

(15) Temporary employees of the Census Bureau employed under temporary limited appointments exceeding 1 year.

(16) Employees serving under limited term, limited emergency and noncareer (designated as indefinite) appointments in the Senior Executive Service.

(17) Health care employees of the National Health Service Corps serving under appointments limited to four years or less in health manpower shortage areas.

(b) Paragraph (a) of this section does not deny retirement coverage when:

(1) Employment in an excluded category follows employment subject to subchapter III of chapter 83 of title 5, United States Code, without a break in service on or after a separation from ser...

Subpart B—Coverage

AUTHORITY: 5 U.S.C. 8347.

§ 831.201 Exclusions from retirement coverage.

(a) The following groups of employees in the executive branch of the Government are excluded from subchapter III of chapter 83 of title 5, United States Code:

(1) Employees serving under appointments limited to one year or less, except annuitants appointed by the President to fill unexpired terms of office on or after January 1, 1976.

(2) Intermittent employees—nonfull-time employees without a prearranged regular tour of duty.

(3) Employees whose salary, pay, or compensation on an annual basis is $12 a year or less.

(4) Member or patient employees in Government hospitals or homes...

---

Office of Personnel Management    § 831.201

...ule provides for regular or full-time service;

(2) Intermittent Allen employees engaged on work outside the continental limits of the United States;

(3) Intermittent Allen employees engaged on work outside the continental limits of the United States.

...

(d) The following groups of employees of the government of the District of Columbia, appointed on or after October 1, 1965, are excluded from subchapter III of chapter 83 of title...

within the time limits described in this paragraph.

(f) *Accrual of annuity.* An annuity increase based on service credited under this section begins to accrue on February 1, 1988, or on the commencing date of the annuity, whichever is later.

(g) *Burden of proof.* (1) The burden of proof to show entitlement to credit for service under this section lies with the applicant.

(2) No provision of this section imposes upon the United States, the head of any agency of the United States, any employee of the United States, or any person generally, an obligation to produce or release any document or record which is not otherwise subject to production or release, and the failure of the applicant to obtain access to any document or record does not create a presumption in favor of the applicant in regard to the alleged contents of the document or record.

[53 FR 42936, Oct. 25, 1988]

### Subpart D—Voluntary Contributions

AUTHORITY: 5 U.S.C. 8347.

**§ 831.401 Making of voluntary contributions.**

(a) The option to make voluntary contributions to the Civil Service Retirement and Disability Fund for the purchase of additional annuity is limited to those employees or Members (1) serving subject to subchapter III of chapter 83 of title 5, United States Code, or (2) whose applications for retirement are being adjudicated by OPM. To exercise this option, the employee or Member shall apply on the form prescribed by OPM.

(b) Voluntary contributions may not be accepted from an employee or Member who (1) has not deposited amounts covering all civilian service performed by him since August 1, 1920, or (2) has previously received a refund of voluntary contributions and is not again employed subject to subchapter III of chapter 83 of title 5, United States Code, after a separation of more than 3 calendar days.

(c) An employee or Member shall forward his voluntary contributions to the Office of Personnel Management, Washington, D.C. 20415, in the amount of $25 or multiple thereof, by money order, draft, or check payable to OPM. The total voluntary contribu-

tions may not exceed 10 percent of the aggregate annual basic pay received since August 1, 1920.

(d) An employee or Member may withdraw his voluntary contributions while he is still in the service, or after separation but before he receives any additional annuity based thereon. A person entitled to payment of lump-sum benefits under subchapter III of chapter 83 of title 5, United States Code, may withdraw the voluntary contributions on the death of an employee or Member or of a separated employee or Member not retired on annuity.

(e) OPM shall maintain the record and account of voluntary contributions of each employee and Member exercising the option to make such contributions.

**§ 831.402 Purchase of additional annuity.**

(a) Voluntary contributions may be used to purchase only one of the following types of annuity:

(1) Annuity without survivor benefit; or

(2) Annuity payable during the life of the employee or Member with one-half of the annuity to be payable after his death to a person, named at time of retirement, during the life of the named person.

(b) Any natural person may be designated as survivor under paragraph (a)(2) of this section.

(c) If the employee or Member elects an annuity without survivor benefit, each $100 credited to his voluntary contribution account, including interest, purchases additional annuity at the rate of $7 per annum, plus 20 cents for each full year, if any, he is over age 55 at date of retirement.

(d) If the employee or Member elects an annuity with survivor benefit, each $100 credited to his voluntary contribution account, including interest, purchases additional annuity at the rate of $7 per annum, plus 20 cents for each full year, if any, he is over age 55 at date of retirement, multiplied by the following percentage: 90 percent of such amount if the named person is the same age or older than the annuitant, or is less than 5 years younger than the annuitant; 85 percent if the named person is 5 but less

than 10 years younger; 80 percent if the named person is 10 but less than 15 years younger; 75 percent if the named person is 15 but less than 20 years younger; 70 percent if the named person is 20 but less than 25 years younger; 65 percent if the named person is 25 but less than 30 years younger; and 60 percent if the named person is 30 or more years younger.

### Subpart E—Eligibility for Retirement

AUTHORITY: 5 U.S.C. 8347; § 831.502 also issued under 5 U.S.C. 8337; § 831.503 also issued under sec. 1(3), E.O. 11228, 3 CFR 1964—1965 Comp.

**§ 831.501 Time for filing applications.**

(a) An employee or Member who is eligible for retirement may file an application for retirement with his or her department or agency within 30 days before, on, or any time after he or she reaches the requisite retirement age; a former employee or Member who is eligible for retirement may file an application for retirement with OPM within 30 days before, on, or any time after he or she meets the requisite retirement age. An applicant for disability retirement must submit an application for retirement before separation from service or within one year after separation from service, but this time limit may be extended in the case of an employee who is found to be incompetent. When the department or agency contemplates immediate reemployment of a retiring employee, the individual, the department, or agency shall submit to OPM with the Standard Form 2801 (Application for Retirement), a photocopy of Standard Form 2806 (Individual Retirement Record).

(b) An employee or Member who is retiring on account of voluntary or involuntary separation from the service may file an application for immediate or deferred annuity only after his separation from the service or not more than 30 days before the commencing date of his annuity.

(c) An employee or Member who is retiring on account of disability shall file an application for annuity with OPM before his separation from the service or within 1 year thereafter,



EXH A-14

App.

"(s) The term 'Member service' shall mean service as a Member and shall include the period from the date of the beginning of the term for which the Member is elected or appointed to the date on which he takes office as a Member.

"Member service".

## "COVERAGE

"SEC. 2. (a) This Act shall apply to each employee and Member, except as hereinafter provided.

"(b) This Act shall not apply to the President, to any judge of the United States as defined under section 451 of title 28 of the United States Code, or to any employee of the Government subject to another retirement system for Government employees.

Nonapplicability.
62 Stat. 907.

"(c) This Act shall not apply to any Member or to any congressional employee until he gives notice in writing to the officer by whom his salary is paid of his desire to come within the purview of this Act.

"(d) This Act shall not apply to any temporary congressional employee unless such employee is appointed at an annual rate of salary and gives notice in writing to the officer by whom his salary is paid of his desire to come within the purview of this Act.

"(e) The Commission may exclude from the operation of this Act any employee or group of employees in the executive branch of the United States Government, or of the District of Columbia government upon recommendation by its Commissioners, whose tenure of office or employment is temporary or intermittent.

"(f) This Act shall not apply to any temporary employee of the Administrative Office of the United States Courts, of the courts specified in section 610 of title 28 of the United States Code, or to construction employees or any other temporary, part-time, or intermittent employees of the Tennessee Valley Authority; and the Architect of the Capitol and the Librarian of Congress are authorized to exclude from the operation of this Act any employees under the office of the Architect of the Capitol and the Library of Congress, respectively, whose tenure of employment is temporary or of uncertain duration.

62 Stat. 915.

"(g) Notwithstanding any other provision of law or any Executive order, this Act shall apply to each United States Commissioner whose total compensation for services rendered as United States Commissioner is not less than $3,000 in each of the last three consecutive calendar years (1) ending prior to the effective date of the Civil Service Retirement Act Amendments of 1956 or (2) ending prior to the first day of any calendar year which begins after such effective date. For the purposes of this Act, the employment and compensation of each such United States Commissioner coming within the purview of this Act pursuant to this subsection shall be held and considered to be on a daily basis when actually employed; but nothing in this Act shall affect, otherwise than for the purposes of this Act, the basis, under applicable law other than this Act, on which such United States Commissioner is employed or on which his compensation is determined and paid.

## "CREDITABLE SERVICE

"SEC. 3. (a) An employee's service for the purposes of this Act including service as a substitute in the postal service shall be credited from the date of original employment to the date of the separation upon which title to annuity is based in the civilian service of the Government. Credit shall similarly be allowed for service in the Pan American Sanitary Bureau. No credit shall be allowed for any period of separation from the service in excess of three calendar days.

Pan American Sanitary Bureau.

"(b) An employee or Member shall be allowed credit for periods of military service prior to the date of the separation upon which title to annuity is based; however, if an employee or Member is awarded

Military service.



# EXECUTIVE ORDERS

## ESTABLISHING SPECIAL PERSONNEL PROCEDURES IN THE INTEREST OF THE NATIONAL DEFENSE

### No. 10180
### Nov. 15, 1950, 15 F. R. 7745

By virtue of the authority vested in me by section 2 of the Civil Service Act (22 Stat. 403),[32] by section 3 of the Civil Service Retirement Act of May 29, 1930, as amended by section 3 of the act of January 24, 1942, 56 Stat. 16,[33] by section 1753 of the Revised Statutes (5 U. S. C. 631),[33] and in effectuation of the purposes of section 1302 of the Supplemental Appropriation Act, 1951 (Public Law 843; 81st Congress),[34] it is hereby ordered as follows:

Section 1. (a) On and after December 1, 1950, and until such time as the President may find it no longer necessary in the interest of the national defense, all appointments in the executive branch of the Government shall be made on a nonpermanent basis except those of Presidential appointees and postmasters in all classes of post offices: Provided, that permanent appointments are authorized whenever, in unusual circumstances, the Civil Service Commission for positions in the competitive service, or the head of the agency concerned for positions outside the competitive service, determines that permanent appointments are in the interest of the Government; And provided further, that agencies may appoint on a nonpermanent basis persons selected for permanent appointment prior to December 1, 1950.

(b) On and after September 1, 1950, and until such time as the President may find it no longer necessary in the interest of the national defense, and if no longer necessary in the interest of the national defense, all promotions, transfers of personnel from one agency to another, and, except as provided by section 1 (b) hereof, reemployment of former Federal employees shall be on a nonpermanent basis; and on and after December 1, 1950, any reassignment may, in the discretion of the head of the agency concerned, be on either a permanent or nonpermanent basis.

Section 2. (a) To the extent not inconsistent with this order, appointments and position changes in the competitive service shall be made in accordance with civil service laws, rules, and regulations, and appointments and position changes outside the competitive service shall be made in accordance with such regulations and practices as the head of the agency concerned shall find necessary.

(b) In making appointment under this order in the competitive service the executing facilities of the Commission and its boards and committees of examiners shall be used to the fullest extent.

Sec. 2. (a) The Civil Service Commission, whenever it determines it to be necessary in the interest of the national defense, shall prescribe regulations governing the release of employees (both within and outside the competitive service) by any agency in the executive branch of the Government for employment in any other agency, and governing the establishment, grading, and exercise of rights to reemployment in the agencies from which employees are released.

(b) In carrying out the provisions of sections of the Selective Service Act of 1948, as amended,[35] or any other legal authority granting the

right to reemployment in the Federal service, the Commission shall prescribe regulations limiting the right to reemployment of an individual to employment in his last position he occupied on a permanent basis or in one of equal seniority, status, and pay: Provided, that in such cases the Commission may by regulation provide for nonpermanent reemployment in a position or higher grade or salary.

Sec. 3. Persons given permanent appointments pursuant to section 1 of this order are hereby excluded from the operation of the Civil Service Retirement Act of May 29, 1930, as amended, unless eligible for retirement benefits by continuity of service or by reinstatement, or otherwise.

Sec. 4. The Civil Service Commission is authorized to prescribe regulations and procedures, in addition to those otherwise authorized herein, for carrying out its functions and duties under this order.

HARRY S. TRUMAN.

The White House,
November 15, 1950.

### No. 10181
### Nov. 22, 1950, 15 F. R. 7973

## DELEGATING TO THE DIRECTOR OF THE BUREAU OF THE BUDGET THE FUNCTION OF DETERMINING, FOR CERTAIN PURPOSES, AGENCY PROGRAMS RELATED DIRECTLY TO THE NATIONAL DEFENSE

By virtue of the authority vested in me as President of the United States, there is hereby delegated to the Director of the Bureau of the Budget the function vested in the President by section 1302 (b) of the Supplemental Appropriation Act, 1951 (Public Law 843, 81st Congress),[34] approved September 27, 1950, of determining, for the purposes of the said section, agency programs related directly to the national defense.

HARRY S. TRUMAN.

The White House,
November 20, 1950.

### No. 10182
### Nov. 24, 1950, 15 F. R. 8013

## PROVIDING FOR THE APPOINTMENT OF CERTAIN PERSONS UNDER THE DEFENSE PRODUCTION ACT OF 1950 AND PRESCRIBING REGULATIONS FOR THEIR EXEMPTION FROM CERTAIN CONFLICT OF INTEREST STATUTES

By virtue of the authority vested in me by the Defense Production Act of 1950, approved September 8, 1950 (Public Law 774, 81st Congress),[35] hereinafter referred to as the Act, it is hereby ordered as follows:

### PART I

Section 101. (a) The head of any department or agency delegated or assigned functions under the Act pursuant to Executive Order No. 10161, of September 9, 1950,[35] is hereby delegated the authority provided by subsection 710 (b) of that Act to employ persons of outstanding experience and ability without compensation. The authority delegated by this subsection 101 (a) may not be redelegated by

[671]

32. U.S. Code Cong. Service 1958, p. 1057.
33. 5 U.S.C.A. Appendix, § 631.

32. U.S. Code Cong. Service 1958, p. 1057.
33. 5 U.S.C.A. Appendix, § 631.

34. U.S. Code Cong. Service 1950, p. 1153.
35. 50 U.S.C.A. Appendix, § 631.

EXH A-12
App.

Citation
Exec. Order No. 12292
1981 WL 76015 (Pres.)
(Cite as: 46 FR 13967)

Search Result          Rank 1 of 1          Database
                                            PRES

Executive Order 12292

Foreign Service Act of 1980

February 23, 1981

**\*13967** By the authority vested in me as President by the Constitution and laws of the United States of America, including the Foreign Service Act of 1980 (94 Stat. 2071; 22 U.S.C. 3901 et seq.), and in order to conform existing Executive Orders to changes resulting from that Act, it is hereby ordered as follows:

Section 1. Section 1(k) of Executive Order No. 9154, as amended, is amended by inserting immediately before the period at the end thereof a comma and the words 'or under authority of section 303 of the Foreign Service Act of 1980 (22 U.S.C. 3943)'.

Sec. 2. Section 1 of Executive Order No. 10471 is amended as follows:

(a) strike out 'section 202(c) of the Annual and Sick Leave Act of 1951, as added by the act of July 2, 1953, Public Law 102, 83rd Congress' and insert in lieu thereof 'section 6305(b) of title 5 of the United States Code';

(b) strike out 'said section 202(c)(2)' and insert in lieu thereof 'said section 6305(b)';

(c) strike out 'section 411 of the Foreign Service Act of 1946' and insert in lieu thereof 'section 401 of the Foreign Service Act of 1980 (22 U.S.C. 3961)'.

Sec. 3. Section 2 of Executive Order No. 10624, as amended, is amended as follows:

(a) In clause (1), strike out 'Title II of the Overseas Differentials and Allowances Act' and insert in lieu thereof 'subchapter III of chapter 59 of title 5 of the United States Code';

(b) Clause (2) is amended to read as follows: 'so much of the authority vested in the Secretary of State by chapter 9 of Title I of the Foreign Service Act of 1980, as relates to allowances and benefits under the said chapter 9 of title I;'

Sec. 4. Executive Order No. 10903 is amended as follows:

(a) In the preamble, strike out 'section 303 of the Foreign Service Act of 1946 (22 U.S.C. 843),';

(b) In section 1(a) strike out 'section 111(3) of the Overseas Differentials and Allowances Act (74 Stat. 792)' and insert in lieu thereof 'section 5921(3) of title 5, United States Code,';

(c) In Section 1(b):

(1) strike out 'Title II of the Overseas Differentials and Allowances Act' and insert in lieu thereof 'subchapter III of chapter 59 of title 5 of the United States Code,';

(2) strike out '202, 203, and 221(4)(B) of that Act' and insert in lieu thereof '5922(b), 5922(c), and 5924(4)(B) of that title';

(3) strike out 'Title II of the Act' and insert in lieu thereof 'said subchapter'.

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works.



Sec. Order No. 12292
(Cite as: 46 FR 13967, *13967)

(e) In Section 1(e):
(1) strike out '235(a)(2)', and insert in lieu thereof '235(2)'; and
(2) strike out 'section 901 of the Foreign Service Act of 1946, as amended' and insert in lieu thereof 'section 905 of the Foreign Service Act of 1980 (22 U.S.C. 4085)'.

(f) strike out paragraphs (d) and (f) of Section 1 and redesignate paragraphs (e) and (g) thereof as paragraphs (d) and (e), respectively.

Sec. 5. Executive Order No. 11034 is amended by striking out in Section 5(c) 'provided by section' all that follows in that sentence and inserting in lieu thereof '310 of the Foreign Service Act of 1980 (22 U.S.C. 3950).'

Sec. 6. Executive Order No. 11219 is amended as follows:
(a) Section 1 is amended by striking out 'officer or employee' and inserting in lieu thereof 'member';

*13968 (b) Section 1(b) is amended by inserting after 'as amended,' 'the Foreign Service Act of 1980,' and by striking out 'that Act' and inserting in lieu thereof 'the latter Act';

(c) Section 5 is amended by striking out 'an officer or employee in' and inserting in lieu thereof 'a member of' and by inserting after 'as amended,' 'the Foreign Service Act of 1980,' and by striking out 'that Act' and inserting in lieu thereof 'the latter Act.'

Sec. 7. Executive Order No. 12137 is amended as follows:
(a) Section 1-201(a)(14) is revoked.
(b) Section 1-201(b) is amended by striking out '1946, as amended' and inserting in lieu thereof '1980.'

(c) Section 1-401 is amended by striking out '528 of the Foreign Service Act of 1946 (22 U.S.C. 928)' and inserting in lieu thereof '310 of the Foreign Service Act of 1980 (22 U.S.C. 3950).'

Sec. 8. Executive Order No. 12163 is amended as follows:
(a) Section 1-602(a) is amended by striking out '625(d)(1)' each time it appears and inserting in lieu thereof '625(d).'
(b) Section 1-602(b) is amended by striking out 'section 528 of the Foreign Service Act of 1946' and inserting in lieu thereof 'section 310 of the Foreign Service Act of 1980 (22 U.S.C. 3950).'
(c) Section 1-603 is amended by striking out after 'allowances', all that follows, through 'Foreign Service Act of 1946 (22 U.S.C. 801 et seq.),' and inserting in lieu thereof 'authorized for a chief of mission as defined in section 102(a)(3) of the Foreign Service Act of 1980 (22 U.S.C. 3902(a)(3)),'.

Sec. 9. Executive Order No. 11228 is amended as follows:
(a) Section 1-102(c)(1) is amended by striking out 'section 911(9) of the Foreign Service Act of 1946, as amended (22 U.S.C. 1136(9))' and inserting in lieu thereof 'section 901(6) of the Foreign Service Act of 1980 (22 U.S.C. 3981(6))';

(b) Section 1-103 is amended by striking out 'Foreign Service Act of 1946, as

---

Exec. Order No. 12292                                        Page 3
(Cite as: 46 FR 13967, *13968)

amended' and inserting in lieu thereof 'Foreign Service Act of 1980'.
   Sec. 10. The following are hereby revoked:
   (a) Executive Order No. 9452 of June 26, 1944;
   (b) Executive Order No. 9799 of November 8, 1946;
   (c) Executive Order No. 9837 of March 27, 1947;
   (d) Executive Order No. 9932 of February 27, 1948;
   (e) Executive Order No. 10249 of June 4, 1951;
   (f) Section 2 of Executive Order No. 10477 of August 1, 1953;
   (g) Executive Order No. 10897 of December 2, 1960;
   (h) Part III of Executive Order No. 11264 of December 31, 1965, as amended;
   (i) Sections 1, 3, and 5 of Executive Order No. 11434 of November 8, 1968;
   (j) Executive Order No. 11636 of December 17, 1971;
   (k) Executive Order No. 12066 of June 29, 1978;
   (l) Executive Order No. 12145 of July 18, 1979;
   (m) Section 1-104(b) of Executive Order No. 12188 of January 2, 1980.
   Sec. 11. This Order shall be effective as of February 15, 1981.

                    RONALD REAGAN
                    THE WHITE HOUSE,
                    February 23, 1981.
Exec. Order No. 12292, 46 FR 13967, 1981 WL 76015 (Pres.)
END OF DOCUMENT



## NOTIFICATION OF PERSONNEL ACTION

STANDARD FORM 50 - Rev. December 1961
U.S. Civil Service Commission
FPM Chap. 291
Exception to SF - 50 approved by NARS 11/71

/1jp

(FOR AGENCY USE)

FSS: 03-2710600-1

| 1. NAME (CAPS) LAST – FIRST – MIDDLE | MR. MISS MRS. | 2. (FOR AGENCY USE) | 3. BIRTH DATE (Mo., Day, Year) | 4. SOCIAL SECURITY NO. |
|---|---|---|---|---|
| QUIAMBAO FRANCISCO T | MR | 2374TH004 | 07-08-27 | FNJ |

| 5. VETERAN PREFERENCE | | | 6. TENURE GROUP | 7. SERVICE COMP. DATE |
|---|---|---|---|---|
| 1 | 1-NO  2-5 PT. | 3-10 PT. DISAB.  4-10 PT. COMP | 5-10 PT. OTHER | 2 | 03-27-40 |

| 9. FEGLI | 10. RETIREMENT | | 11. (FOR CSC USE) |
|---|---|---|---|
| A | 1-COVERED (Regular only—enclosed (blanket))  2-INELIGIBLE  3-WAIVED  4-COVERED (Reg. & Opt.) | 4 | 1-CS  2-FICA  3-FS  4-NONE  5-OTHER | |

| 12. CODE NATURE OF ACTION | 13. EFFECTIVE DATE (Mo., Day, Year) | 14. CIVIL SERVICE OR OTHER LEGAL AUTHORITY |
|---|---|---|
| 172  EXC APPT-INDEFINITE | 10-06-81 | XXXXXXXXXXXX |

| 15. FROM: POSITION TITLE AND NUMBER | 16. PAY PLAN AND OCCUPATION CODE | 17. (a) GRADE OR LEVEL | (b) STEP OR RATE | 18. SALARY |
|---|---|---|---|---|
| | | | | |

19. NAME AND LOCATION OF EMPLOYING OFFICE

| 20. TO: POSITION TITLE AND NUMBER | 21. PAY PLAN AND OCCUPATION CODE | 22. (a) GRADE OR LEVEL | (b) STEP OR RATE | 23. SALARY |
|---|---|---|---|---|
| HOTEL ATTENDANT  50260 | PW  0042 | 06 | 07 | PH 6.59 |

| 24. NAME AND LOCATION OF EMPLOYING OFFICE |
|---|
| PAF  0003 SERVICES DIV   GP 0000   SVH |
| RFT |
| CLARK        ABS    PHILI |

| 25. DUTY STATION (City—County—State) | | 26. LOCATION CODE |
|---|---|---|
| CLARK AB | PHILI | RP-2100-000 |

| 27. APPROPRIATION | FUNCTIONAL CODE | AFSC | 28A. POSITION OCCUPIED | 29. APPORTIONED POSITION | | |
|---|---|---|---|---|---|---|
| | | | 1-COMPETITIVE SERVICE  2-EXCEPTED SERVICE | FROM: | TO: | STATE |
| NAFI | | | 2 | 1-PROVED-1  2-WAIVED-2 | 10-05-81 | |

| 30. REMARKS: | X | A. SUBJECT TO COMPLETION OF | 6 MOS | (NON PROBATIONARY OR TRIAL) PERIOD COMMENCING | 10-06-81 |
|---|---|---|---|---|---|
| | | B. SERVICE COUNTING TOWARD CAREER (OR PERMANENT) TENURE FROM: | | | |

SEPARATIONS: SHOW REASONS BELOW, AS REQUIRED. CHECK IF APPLICABLE.   C. DURING PROBATION

THIS POSITION IS PAID FROM NON-APPROPRIATED FUNDS
PATRON SERVICE

SCD FOR SEVERANCE PAY IS 10-06-81.
Reemployed without break in service from 3CSG/SVF (AFA). Payment of severance pay was made on 10-09-70 by Det 1, 6200ABW (AFA) for 24 years and on 10-05-81 by 3CSG/SVF for 10 years which did not include banked sick leave. Banked sick leave, accumulated service credit for RIF, CBA retirement (eligibility only) and leave accrual rate carried over. Pay rate fixed to recognize promotion from PW-05, step 07. Service in 3CSG/SVF (AFA) from 12-01-80 to 10-05-81 creditable for computation of mid-year and year-end bonuses.

Address: Santiago, Concepcion, Tarlac

ENCLOSURE   2

| 31. DATE OF APPOINTMENT AFFIDAVIT (Accessions only) | 34. SIGNATURE (Or other authentication) AND TITLE |
|---|---|
| 10-05-81 | FOR THE APPOINTING OFFICER |
| 32. OFFICE MAINTAINING PERSONNEL FOLDER (if different from employing office) | DESIGNATED APPOINTING OFFICIAL |
| SEE ITEM 34 | CLARK AB RP |
| 33. CODE   EMPLOYING DEPARTMENT OR AGENCY | 35. DATE   10-08-81   APD |
| ZZ-00 DEPARTMENT OF THE AIR FORCE | 23 |

6 PART

1. EMPLOYEE COPY

EXHIBIT F-5

Rev. January 1982
US Office of Personnel Management
FPM Chapter 296

## ...IFICATION OF PERSONNEL ACTI...

/dcr

| 1. Name *(Last, First, Middle)* | | | 2. SSN | 3. Position Sensitivity *(Opt.)* | 4. Date of Birth |
|---|---|---|---|---|---|
| QUIAMBAO, FRANCISCO T. | | | 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 | NONSENS | 07-08-27 |

| 5. Veteran Preference | | 6. Serv. Comp. Date *(Leave)* | 7. Tenure | 8. Retirement | |
|---|---|---|---|---|---|
| 1 | 1—None          3—10 Pt. Disab.      5—10 Pt. Other | 03-27-48 | 1 | | 1-CS    3-FS    5-Other |
| | 2—5 Pt.   5   4—10 Pt. Comp.      6—10 Pt./30% Comp. | | | 4 | 2-FICA  4-None  6-CS Spec |

| 9. FEGLI | 10. FLSA | 11. Sex | 12. Citizenship | 13. (blank) |
|---|---|---|---|---|
| B | INELIGIBLE FOR LIFE INSURANCE COVERAGE | E-Exempt   N-Nonexempt   M | 8  1-US   8-Other | |

| 14. Effective Date | 15. Annuitant Indicator | 16. Work Schedule | | 17. *(Reserved for OPM Use)* |
|---|---|---|---|---|
| 10-06-81 | 9  1-Reempl Ann-CS  3-RETM    5-RETM & CS | F—Full-time      G—FT Seasonal | | |
| | 2-RETO   4-RETO & CS  9-Not Applicable | P—Part-time     Q—PT Seasonal | | |
| | | I—Intermittent   J—INT Seasonal | | |

| 18-A. NOAC | 18-B. Nature of Action | 19-A. NOAC | 19-B. Nature of Action |
|---|---|---|---|
| 002 | CORRECTION | 170 | EXC APPT |
| 18-C. Auth Code | 18-D. Authority | 19-C. Auth Code | 19-D. Authority |
| | | RPM | CS RULE 8.3 |
| 18-E. Auth Code | 18-F. Authority | 19-E. Auth Code | 19-F. Authority |
| | | | |

| 20. FROM: Position Title and Number | 27. To: Position Title and Number |
|---|---|
| | HOTEL ATTENDANT    50260003 |

| 21. Name and Location of Employing Office | 28. Name and Location of Employing Office |
|---|---|
| | PAF, 0003  SERVICES DIV  GP |
| | RFT |
| | SVH |
| | CLARK AB, PHILIPPINES |

| 22. Pay Plan & Occupational Code | 23. Grade or Level | 24. Step or Rate | 25. Salary | 26. Pay Basis | 29. Pay Plan & Occupational Code | 30. Grade or Level | 31. Step or Rate | 32. Salary | 33. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | PW 0042 | 06 | 07 | ₱6.59 | PH |

| 34. Duty Station | 35. Position Occupied | 36. Appropriation Code *(Optional)* |
|---|---|---|
| CLARK AB, PHILIPPINES | 2  1-Competitive   3-SES General | NAFI |
| | 2-Excepted    4-SES Career Reserved | |

**37. Remarks**

CORRECTS ITEM 6 FROM 2.

CORRECTS ITEM 30A TO READ:  TRIAL PERIOD COMPLETED.

NOAC/NOA SHOWN ON ORIGINAL ACTION ARE NO LONGER IN USE.  THEY WERE REQUIRED UNDER FPM SUPPL 296-31 WHICH HAS BEEN REPLACED BY FPM SUPPL 296-33.

| 38. Approval | | 39. FPMIS Data | | | | |
|---|---|---|---|---|---|---|
| A. Title of Approving Official | B. Date | A. Supv. or Manager Ind. | B. VEV IND | C. PRD | D. Barg. Unit Status | E. Functional Class |
| FOR THE APPOINTING OFFICER | 02-16-82 | | | | | |
| C. Signature/Authentication of Approving Official | | F. Ed. Level | G. Year Degree Attained | H. Academic Discipline | I. Agency Code | |
| *(signature)* | | | | | ZZ | |
| DESIGNATED APPOINTING OFFICIAL CLARK AB, RP | | J. Location Code | | | K. SON | |
| D. Employing Department or Agency | | | | | | |
| ZZ-00    DEPT OF THE AIR FORCE | | VP-2100-000 | | AM 2374 | | |

EXHIBIT F-6

5 Part
50-303

3 - Personnel Folder Copy

Previous Editions Unusable After 12/31/...
NSN 7540-01-110-4907



United States
# Office of
# Personnel Management

Washington, DC  20415-0001

APR 1 6 2003     In Reply Refer To:     Your Reference:

• Antonio P. Navarro
c/o Rizalino S. Cayle
1229 Christ The King
Sta. Rita, Olongapo City
Philippines,  601F

Dear Mr. Navarro:

This responds to your Freedom of Information Act (FOIA) request of March 24, 2003, in which you requested copies of FPM Supp. 296-33, Subch. 11 and Subch. 35 (any editions or Installments from 1991 to 1994), and a copy of Reg. 351.502.  Regulation 351.502 is available at http://www.gpo.gov/nara/crf/index.html.  Installments to the FPM Supp. 296-33 contained some individual pages of chapters.  As such, we are only able to provide those individual pages of Subch 11 and Subch 35 in our possession which were a part of Installments issued between 1991 and 1994.  Accordingly, we've enclosed copies of the following pages from Subch 11 and Subch 35:

(1) Installment 37, dated 3/29/91:  pages 11-21 through 11-24; and pages 11-27 through 11-28.

(2) Installment 40, dated August 20, 1992:  pages 11-7 through 11-8; pages 11-31 through 11-35; pages 35-7 through 35-8; and pages 35-13 through 35-14.

(3) Installment 41, dated January 8, 1993:  page 11-4.03; pages 11-9 through 11-12.01; pages 11-23 through 11-24; page 11-35; and pages 35-15 through 11-16.

(4) Installment 42, dated August 6, 1993:  pages 11-5 through 11-8; and pages 11-27 through 11-28.

We appreciate the opportunity to respond to your concerns in this matter.

Sincerely,

Rhonda K. Diaz, Acting
Deputy Associate Director
Center for HR Systems
Requirements & Strategies

Enclosure

cc: Nancy Miller, OCIO
    Earl Sanders, OGC



CON 114-24:3
July 1995

EXHIBIT
APPENDIX GSC 11

Table 11-A  Excepted Appointments that are not Based on Exercise of Reemployment or Restoration Rights (Continued)

| RULE | A  If the person | B  And the appointment | C  And the person | D  Then NOAC is | E  NOA is | F  Auth code is | G  Authority is (See Notes 1-3) |
|---|---|---|---|---|---|---|---|
| >55< | Is a foreign national recruited overseas for an overseas position | Is without time limitation | Is not on your agency's rolls | 170 | Exc Appt | BPM | CS Rule 8.3 |
| >56< | | | Is already on the rolls of your agency | 570 | Conv to Exc Appt | | |
| >57< | | Is temporary | Is not on your agency's rolls | 171 | Exc Appt NTE (date) | | |
| >58< | | | Is already on the rolls of your agency | 571 | Conv to Appt NTE (date) | | |
| >59< | Is selected under the Intergovernmental Personnel Act (IPA) | Is under the authority of 5 U.S.C. 3374 | | 171 | Exc Appt NTE (date) | VPE | 5 U.S.C. 3374 |
| >60< | Is employed under the authority of any other law, Executive order or Reg. not covered in Rules 1-59 (includes Experts and Consultants employed under agency authority similar to that of 5 U.S.C. 3109) | Is without time limitation | Is not on your agency's rolls | 170 | Exc Appt | ZLM | (Enter Law, E.O., or Reg. that authorizes the appointment or conversion) |
| >61< | | | Is already on the rolls of your agency | 570 | Conv to Exc Appt | | |
| >62< | | Is temporary | Is not on your agency's rolls | 171 | Exc Appt NTE (date) | | |
| >63< | | | Is already on the rolls of your agency | 571 | Conv to Exc Appt NTE (date) | | |

Inst. 41
January 8, 1993

FPM Supplement 296-33


EXH App.  GSC 11-12

Table 11-A  Excepted Appointments that are not Based on Exercise of Reemployment or Restoration Rights (Continued)

| R U L E | A *If the person* | B *And the appointment* | C *And the person* | D *Then NOAC is* | E *NOA is* | F *Auth code is* | G *Authority is (See Notes 1-3)* |
|---------|-------------------|-------------------------|---------------------|------------------|------------|------------------|----------------------------------|
| >64< | Is serving on an Exc Appt NTE | Is being extended | >Is already on the rolls of your agency< | 760 | Ext of Appt NTE (date) | (Enter same auth code as for the Exc Appt NTE) | (Enter same authority as for the Exc Appt NTE) |
| >65< | Is serving on a Summer Appt NTE | | | 761 | Ext of Summer Appt NTE (date) | (Enter same auth code as for the Summer Appt NTE) | (Enter same authority as for the Summer Appt NTE) |

NOTES:

1.  ZLM: *Other Citation (Law, E.O., or Reg)* may be cited in addition to any other authority or authorities required by this Table. When used, ZLM should be cited immediately after the authority or authorities required by this Table.

If the action is being taken under delegation agreement between the agency and OPM, or under a general delegation of authority to agencies, BWM: *OPM Delegation Agr* should be cited following the authorities required by this Table and ZLM, if used. If SF 59 was obtained from OPM for the action, also include with the authorities ABM: *SF 59 approved (date).* When used, ABM should be the last authority cited.

2.  When appointee or employee was selected on the basis of bicultural/bilingual selective factors, show as the second authority (in blocks 5E-5F or 6E-6F of the SF 52/50), ABL: *Bicultural/Bilingual Selective Factors.*

3.  For information on Schedule A, B, and C, see FPM Chapter 213 and Part 213 of Title 5, Code of Federal Regulations. For authority codes for Schedule A, B, and C, see FPM Supplement 292-1.

4.  For Summer Appointment NTE in the competitive service, see Subchapter 10.

5.  VRA appointees are placed in Tenure Group II of the excepted service.

6.  These instructions apply only when the VRA appointment is to a position in an excepted service agency or organization. When a VRA appointment is made on a temporary basis to a position in the competitive service, follow the instructions in Subchapter 10.

7.  When expert or consultant on an intermittent work schedule works more than 130 days during a service year, the appointment must be converted to a temporary one. If the initial appointment was NTE 1 year, the new temporary appointment should have the same NTE date as the initial one. If the initial appointment had no NTE date or had an NTE date of longer than 1 year, the NTE date on the new temporary appointment may be no later than 1 year from the effective date of the initial appointment.

**EXH** GSC 11-12.01

EXHIBIT
APPENDIX GSC 35

35-14                    THE GUIDE TO PROCESSING PERSONNEL ACTIONS

*STEP ADJUSTMENT*—A change in the step of the grade at which the employee is serving without a change in the employee's rate of basic pay.

*SUBSTANTIALLY CONTINUOUS SERVICE*—Federal civilian service which continued without break or interruption; a period of service from which time off the agency's rolls was not deducted or subtracted from employee's total period of service.

*SUITABILITY*—An applicant's or employee's fitness for employment, as indicated by his/her character, conduct and reputation. (731)

*SUPERIOR QUALIFICATIONS APPOINTMENT*—Placement of a person in a hard-to-recruit-for position at GS 11 or higher at a pay rate above the minimum. Appointment is justified by the applicant's unique or unusually high qualifications, a special government need for his/her services and the fact his/her present salary or salary offerings are higher than the minimum rate of the grade level to which he/she can be appointed. (531)

*SUPERVISORY DIFFERENTIAL* is the annual total dollar amount paid to a General Schedule supervisor who provides direct, technical supervision over the work of one or more civilian employees in other pay plans who receive a higher rate of total pay than does the supervisor. (5 U.S.C. 5755)

*SUSPENSION*—Placement of an employee in a temporary nonpay status and nonduty status (or absence from duty) for disciplinary reasons or other reasons pending an inquiry. (752)

*TEMP APPT-PER*—Abbreviation for "temporary appointment pending establishment of register" Employment made under an OPM authority granted to an agency when there are insufficient eligibles on an register to fill a position. (316)

*TEMPORARY APPOINTMENT*—An appointment made for a limited period of time and with a specific not-to-exceed (NTE) date determined by the authority under which the appointment is made.

*TENURE*—The period of time an employee may reasonably expect to serve under his/her current appointment. It is granted and governed by the type of appointment under which an employee is currently serving, without regard to whether he/she has competitive status or whether his/her appointment is to a competitive position or an excepted position. (210)

*TENURE GROUPS*—Categories of employees ranked in priority order for retention during reduction-in-force:

### Tenure Group 1

*COMPETITIVE SERVICE*—Tenure group 1 includes employees serving under career appointments who either have completed initial appointment probation or are not required to serve initial appointment probation.

*EXCEPTED SERVICE*—Tenure group 1 includes permanent employees whose appointments carry no restriction or condition such as conditional, indefinite, specific time limitation, or trial period.

### Tenure Group 2

*COMPETITIVE SERVICE*—Tenure group 2 includes employees serving under career-conditional appointments >and career employees< serving initial appointment probation.

*EXCEPTED SERVICE*—Tenure group 2 includes employees who are serving trial periods or whose tenure is equivalent to career-conditional tenure in the competitive service in agencies that use that type of appointment system.

### Tenure Group 3

*COMPETITIVE SERVICE*—Tenure group 3 includes indefinite employees, employees under temporary appointments pending establishment of registers, employees under term appointments, employees in status quo, *** employees under any other nonstatus nontemporary appointments, and employees serving on provisional appointments as defined in Reg 316.401 and 316.403.

*EXCEPTED SERVICE*—Tenure group 3 includes employees whose appointment is

APP./EXH GSC 35-14





indefinite; those whose appointments have specific time limitations of more than 1 year; employees who, though currently under appointments limited to 1 year or less, complete 1 year of current continuous employment; and employees serving on provisional appointments as defined in Reg. 316.401 and 316.403.

*TENURE SUBGROUPS*—Within each tenure group, employees are divided into three subgroups. Subgroup AD includes each preference eligible employee who has a compensable service-connected disability of 30 percent or more. Subgroup A consists of employees with veteran preference who are not in subgroup AD. Subgroup B consists of employees who have no veteran preference.

*TERM APPOINTMENT*—Appointment to a position which will last more than 1 year but not more than 4 years and which is of a project nature where job will terminate upon completion of project. (FPM Ch. 316)

*TERMINATION*—Separation action is initiated by the agency where the employee is not at fault.

> *Termination-Appt in (Agency)*—action to move employee from one agency to another.

> *Termination-Involuntary*—separation initiated by agency which meets the FPM Supplement 830-1 definition of "involuntary separation"

> *Termination-Military*—separation action initiated by agency when employee enters on active military duty or fails to return from LWOP-MIL.

> *Termination-Disability*—separation action initiated by agency because of employee's mental or physical disability.

> *Termination-Expiration of Appointment*—separation action initiated by agency on the not-to-exceed date of a temporary appointment.

> *Termination-Sponsor Relocating*—action to document the separation of a >Department of Defense employee who submits a resignation to accompany his/her military or civilian sponsor to a new duty station.<

*TIME-AFTER-COMPETITIVE-APPOINTMENT RESTRICTION*—The provision that 3 months must elapse after an employee's latest nontemporary competitive appointment before he/she may be promoted, reassigned to a different line of work or to a different geographical area, transferred to or reinstated to a higher grade or different line of work in the competitive service. (FPM Ch. 330)

*TIME-IN-GRADE RESTRICTION*—That part of the civil service regulations that prevents agencies from making excessively rapid promotions from one competitive service position that is subject to the General Schedule. As a general rule, an employee being promoted to a position above GS 5 must have service for 52 weeks in grade at the next lower grade, or 52 weeks in grade at the second lower grade if the job is graded at 2-grade intervals. (See 5 CFR, Part 300, Subpart F)

*TOUR OF DUTY*—The hours of a day (daily tour of duty) and the days of an administrative workweek (weekly tour of duty) that are scheduled in advance and during which an employee is required to perform work on a regularly recurring basis.

*TRANSFER*—A change of an employee, without a break in service of 1 full workday, from a position in one agency to a position in another agency that can be filled under the same appointing authority; Reg. 315.501 authorizes the transfer of competitive service career and career-conditional appointees to competitive service career or career-conditional appointments in other agencies; Reg. 307.103 authorizes transfer of excepted service VRA appointees to excepted service VRA positions in other agencies; and 5 U.S.C. 3395 authorizes transfer of career and noncareer appointees in the SES to career and noncareer appointments in other agencies.

*TRANSFER OF FUNCTION*—The transfer of the performance of a continuing function from one competitive area and its addition to one or more other competitive areas or the movement of the competitive area in which the function is performed to another local commuting area. (FPM Supp. 351-1)


EXH
App.   GSC 35-15

# EXHIBIT

App.

# GC 11-6

# GC 35-6

**Job Aid #5. Instructions for Processing Personnel Actions on Appointments in the Excepted Service,** continued

| STEP | ACTION |
|---|---|
| 1 | When actions involve persons already on the roles of your agency..., continued. |

| If the employee... | Then... |
|---|---|
| Will change the work schedule, or the number of hours he or she works on a part-time basis, will change as a result of a conversion action, | When an RTD and a conversion are effective on the same date as a change in work schedule or hours, and the RTD and conversion are being recorded on the same action, document the new work schedule in block 32 and the new hours in block 33; there is no need for a separate Chg in Work Schedule or Chg in Hours action. |
| Is voluntarily converting from a competitive service appointment to an excepted service appointment, | Obtain a statement from the employee that the employee is leaving the competitive service voluntarily to accept appointment in the excepted service. |

| STEP | ACTION |
|---|---|
| 2 | Use Table 11-A or 11-B to select the nature of action and authority for the appointment or conversion and put them in blocks 5A-5F of the SF 52.<br><br>If the action is being taken under an authority that is unique to your department or agency, cite that authority (along with the authority code approved by OPM) instead of the authority and code shown in this chapter. |
| 3 | Use Table 11-C to select remarks codes/remarks required by OPM for the action and enter them in Part F of the SF 52. Also enter in Part F any additional remarks codes/remarks that are required by your agency's instructions or that are necessary to explain the action. |
| 4 | Use Chapter 3 to see what forms must be obtained or prepared with the action. You may need information from them to complete the SF 52. Follow instructions in that chapter to complete and distribute them. |
| 5 | Fill in remaining blocks on SF 52 as required by instructions to Chapter 4.<br><br>To identify an excepted appointment that is "conditional," enter "2" in block 24 of the SF 52; to identify an excepted appointment that is "indefinite," or "provisional" enter "3" in block 24 of the SF 52.<br><br>Follow your agency's instructions to obtain approval signature in Part C, block 2, of the SF 52. |
| 6 | Prepare the SF 50 from the information on the SF 52. Refer to Chapter 4 to see how the SF 50 should be completed. Follow your agency's instructions to have it signed or authenticated. |

continued on next page

EXH.
APP:

GC11-6

**35-6**                    THE GUIDE TO PROCESSING PERSONNEL ACTIONS

*GRADE RESTORATION ACTION*—An action taken to restore to an employee the grade held prior to a grade reduction that was effective during the retroactive period of title VIII of the Civil Service Reform Act. The grade restoration action recorded the employee's retained grade in the OPM's data system.

*GRADE RETENTION ACTION*—An action to retain the grade held by an employee prior to a grade reduction that was effective during the retroactive period of title VIII of the Civil Service Reform Act. The grade retention action documented the employee's step in the retained grade and the rate of basic pay to which he or she was entitled.

*GRADE RETENTION ENTITLEMENT*—The right of an employee to retain for 2 years, for pay and benefits purposes, the grade of the position from which he or she was reduced. (5 U.S.C. 5362 and 5 CFR part 536)

*HEALTH BENEFITS*—The health service and insurance programs established for Federal employees under 5 U.S.C. 7901 and 8901-8914.

*HEARING*—The presentation of such oral and written evidence concerning an appeal or equal employment opportunity complaint that the appeal authority or complaints examiner deems pertinent to the consideration of the appeal or complaint on its merits.

*ILIA*—An acronym that stands for "in lieu of involuntary action" and is used with certain natures of action.

*INDEFINITE APPOINTMENT*—One given a nonpermanent employee who is hired for an unlimited period of time.

*INDUCTION*—See *EOD*.

*INJURY COMPENSATION*—The compensation and medical care provided to civilian Federal employees for disability due to personal injuries sustained while in performance of duty and due to diseases relating to this employment. (5 U.S.C 8101-8151)

*INTERIM GEOGRAPHIC ADJUSTMENT* is an additional payment made to a General Schedule,

Foreign Service, or Veterans Health Administration employee, or an officer of the U.S. Park Police whose official duty station is in an area where the President has determined that significant pay disparities and recruitment or retention problems exist. (Note: An interim geographic adjustment also may be authorized for other groups of employees upon request of the head of an agency.) [This term was deleted from the **Guide** in Update 23 (2/97)]

*INTERMITTENT SERVICE OR INTERMITTENT EMPLOYMENT*—Service when employee works on less than a full-time basis with no prescheduled tour of duty. In the past, "WAE" was used on personnel documents to identify intermittent service.

*INVOLUNTARY SEPARATION*—A separation against the will of and without the consent of the employee, other than separation for cause on charges of misconduct or delinquency. Examples include separation based on reduction in force, abolishment of position, expiration of term of office, lack of funds, and unacceptable performance (unless due to the employee's misconduct). (**The CSRS and FERS Handbook**, Chapter 44)

*JOB DESCRIPTION*—See *POSITION DESCRIPTION*.

*JOB SHEET*—See *POSITION DESCRIPTION*

*LEAD AGENCY*—Under the Federal Wage System, an agency designated by the OPM to plan and conduct wage surveys, analyze the survey data and determine and issue required wage schedules for a wage area. (5 U.S.C. chapter 53, subchapter IV, and 5 CFR part 532)

*LEGAL AUTHORITY*—The legal authority is the law, Executive Order, regulation, agency directive, or the instruction under which the personnel action is taken.

*LEAVE, ANNUAL*—Leave of absence with pay allowed for personal, emergency, and other purposes. With certain exceptions, employees earn or accrue leave at the rate of 13 to 26 working days a year, depending on length of service. (5 U.S.C. 6303 and 5 CFR part 630, subpart C)

EXH
App.

 GC35-6

# EXHIBIT B

APP.

Standard Form 50—6 Part
Rev. July 1957
Promulgated by U. S. Civil
Service Commission—FPM E-1

# NOTIFICATION OF PERSONNEL ACTION

| 1. NAME (LAST [CAPS]—First—Middle—Mr.—Miss—Mrs.) | 2. DATE OF BIRTH | 3. IDENTIFICATION (optional) |
|---|---|---|
| SIWA, Alipio N., Mr. | 7-11-34 | |

**4.** THIS IS AN OFFICIAL NOTICE OF THE PERSONNEL ACTION DESCRIBED BELOW, WHICH AFFECTS YOUR EMPLOYMENT. GENERAL INFORMATION CONCERNING YOUR EMPLOYMENT APPEARS ON THE REVERSE SIDE OF THIS FORM.

| 5. NATURE OF ACTION (standard terminology must be used) | 6. EFFECTIVE DATE OF ACTION | 7. CIVIL SERVICE OR OTHER LEGAL AUTHORITY |
|---|---|---|
| Excepted Appointment (Indefinite) | 0700 2-26-60 | CS Rule 08.3 |

| | | |
|---|---|---|
| FROM— | **8.** POSITION TITLE AND NUMBER | TO— Apprentice Sheetmetal Worker (4th Class) |
| | **9.** SERIES, GRADE, SALARY | $0.96 per hour |
| | | Check No. 970 4691 |
| | **10.** NAME AND LOCATION OF OFFICE BY WHICH EMPLOYED | PUBLIC WORKS CENTER Maintenance Department U. S. Naval Base, Navy #3002 Subic Bay, Philippines |
| | **11.** DUTY STATION | |

| | 12. APPORTIONED POSITION | | | Apportionment Waived |
|---|---|---|---|---|
| ☐ Yes | ☐ Yes STATE: | | | ☐ Proved |

| 13. VETERAN PREFERENCE | | | | 14. TENURE GROUP | 15. POSITION OCCUPIED IS IN THE: | |
|---|---|---|---|---|---|---|
| No | 5-pt. | 10-pt. Disab. | 10-pt. Other | III | Competitive Service | Excepted Service |
| X | | | | | | X |

| 16. APPROPRIATION | 17. PAYROLL DEDUCTIONS | | | 18. DATE OF APPOINTMENT AFFIDAVITS (accessions on |
|---|---|---|---|---|
| From: | CSR | FICA | FEGLI | 2-26-60 |
| To: O&MN | | None | | |

**19.** REMARKS:

☐ a. Subject to completion of 1     year probationary (or trial) period commencing_____

☐ b. Service counting toward career (or permanent) tenure from: _____

Separations: Show reasons below, as required. Check, if applicable: ☐ c. During probation     ☐ d. From appointment of 6 months or less

     **e. Subject to investigation.**

| 20. EMPLOYING DEPARTMENT OR AGENCY | 22. SIGNATURE (or other authentication) AND TITLE |
|---|---|
| **DEPARTMENT OF THE NAVY** | H. W. WEAVER Employment Superintendent |
| 21. OFFICE MAINTAINING OFFICIAL PERSONNEL FOLDER (if different than item 10, above) Base Ind Rels Office, USNAVBASE Navy #3002, Box 31, C/o FPO, SFran, Calif. | 23. DATE: 2-23-60 |

☆ U. S. GOVERNMENT PRINTING OFFICE: 1959-489982

**4. PERSONNEL FOLDER COPY**

APP. B-1

Standard Form 50—6 Part
Rev. July 1957
Promulgated by U. S. Civil
Service Commission—FPM-R-1

## NOTIFICATION OF PERSONNEL ACTION

| 1. NAME (LAST [CAPS]—First—Middle—Mr.—Miss—Mrs.) | 2. DATE OF BIRTH | 3. IDENTIFICATION (optional) |
|---|---|---|
| SIWA, Alipio M., Mr. | 7-11-34 | 1511 |

4. THIS IS AN OFFICIAL NOTICE OF THE PERSONNEL ACTION DESCRIBED BELOW, WHICH AFFECTS YOUR EMPLOYMENT.   GENERAL INFORMATION CONCERNING YOUR EMPLOYMENT APPEARS ON THE REVERSE SIDE OF THIS FORM.

| 5. NATURE OF ACTION (standard terminology must be used) | 6. EFFECTIVE DATE OF ACTION | 7. CIVIL SERVICE OR OTHER LEGAL AUTHORITY |
|---|---|---|
| Reassignment | 0700 10-22-61 | CS Rule 08.3 |

**FROM—**
Apprentice Sheetmetal Worker
(Third Class)

$1.08 per hour

270 0445

U. S. NAVY PUBLIC WORKS CENTER
Maintenance Department
Metal Trades Division
U. S. Naval Base
Subic Bay, Philippines

| 8. POSITION TITLE AND NUMBER | **TO—** Apprentice Sheetmetal Worker (Second Year) |
|---|---|

9. SERIES, GRADE, SALARY

Check No.

10. NAME AND LOCATION OF OFFICE BY WHICH EMPLOYED

11. DUTY STATION

|  | Yes | 12. APPORTIONED POSITION |  | Yes | Apportionment Waived |
|---|---|---|---|---|---|
|  |  |  | STATE: |  | Prove |

| 13. VETERAN PREFERENCE | | | | 14. TENURE GROUP | 15. POSITION OCCUPIED IS IN THE: | | |
|---|---|---|---|---|---|---|---|
| No | 5-pt. | 10-pt. Disab. | 10-pt. Other | | Competitive Service | | Excepted Service |
| x | | | | | | x | |

16. APPROPRIATION
From: O&MN
To: O&MN

| 17. PAYROLL DEDUCTIONS | | | | 18. DATE OF APPOINTMENT AFFIDAVITS (accessions of |
|---|---|---|---|---|
| CSR | FICA | FEGLI | None | |

18. DATE OF APPOINTMENT AFFIDAVITS

19. REMARKS:

| | a. Subject to completion of 1    year probationary (or trial) period commencing_____

| | b. Service counting toward career (or permanent) tenure from:_____

Separations: Show reasons below, as required. Check, if applicable: | | c. During probation  | | d. From appointment of 6 months or less

    e. Reassignment made in accordance with CIR Notice 12531 of 29 Aug 1961 and in compliance with CIR Msg Ø61834Z of Oct 1961.

| 20. EMPLOYING DEPARTMENT OR AGENCY | 22. SIGNATURE (or other authentication) AND TITLE |
|---|---|
| DEPARTMENT OF THE NAVY | J. R. SALANG Asst. Employment Superintendent |
| 21. OFFICE MAINTAINING OFFICIAL PERSONNEL FOLDER (if different than item 10, above) | 23. DATE:   10-16-61 |

☆ U. S. GOVERNMENT PRINTING OFFICE: 1956-466682

4. PERSONNEL FOLDER COPY        App. B-2

Standard Form 50 — Rev. Dec. 1961
U. S. Civil Service Commission
FPM R-1

NOT... ...

6 PART
50—115

*(For agency use)*

| 1. NAME (CAPS) LAST–FIRST–MIDDLE    MR.–MISS–MRS. | 2. *(For agency use)* | 3. BIRTH DATE *(Mo., Day, Year)* | 4. SOCIAL SECURITY NO |
|---|---|---|---|
| SIWA, ALIPIO M., MR. | S.. .3 | 07-11-34 | FNO |

| 5. VETERAN PREFERENCE | | 6. TENURE GROUP | 7. SERVICE COMP. DATE | 8. PHYSICAL HANDICAP CODE |
|---|---|---|---|---|
| **1** 1 – NO  3 – 10 PT. DISAB.  2 – 5 PT.  4 – 10 PT. COMP.  5 – 10 PT. OTHER | | 1 | 02-26-60 | |

| 9. FEGLI | | 10. RETIREMENT | | 11. *(For CSC use)* |
|---|---|---|---|---|
| **2** 1 – COVERED  2 – INELIGIBLE  3 – WAIVED | | **4** 1 – CS  2 – FICA  3 – FS  4 – NONE  5 – OTHER | | |

| 12. NATURE OF ACTION | 13. EFFECTIVE DATE *(Mo., Day, Year)* | 14. CIVIL SERVICE OR OTHER LEGAL AUTHORITY |
|---|---|---|
| **702** CODE    Promotion | 02-09-64 | CS Rule 8.3 |

| 15. FROM: POSITION TITLE AND NUMBER | 16. PAY PLAN AND OCCUPATION CODE | 17. LEVEL | 18. SALARY |
|---|---|---|---|
| Apprentice Sheetmetal Worker | WB 38006 | 64/00 | PH ₱1.27 |

19. NAME AND LOCATION OF EMPLOYING OFFICE

| 20. TO: POSITION TITLE AND NUMBER | 21. PAY PLAN AND OCCUPATION CODE | 22. LEVEL | 23. SALARY |
|---|---|---|---|
| Sheetmetal Worker, JD# PWC-129-U | WB 38006 | 11/01 | PH ₱1.39 |

24. NAME AND LOCATION OF EMPLOYING OFFICE

Bureau of Yards & Docks
U. S. NAVY PUBLIC WORKS CENTER
Maintenance Department

Metal Trades Division, Metal Trades Branch
Sheetmetal Section
Payroll No. 513 0445

| 25. DUTY STATION *(City — county — State)* | 26. LOCATION CODE |
|---|---|
| Subic Bay, Philippines, Australasia | 965000725 |

| 27. APPROPRIATION | 28. POSITION OCCUPIED | 29. APPORTIONED POSITION | | |
|---|---|---|---|---|
| O&MN | 1-COMPETITIVE SERVICE  **2** 2 – EXCEPTED SERVICE | FROM:  1 – PROVED-1  2 – WAIVED-2 | TO: | STATE |

30. REMARKS:  A. SUBJECT TO COMPLETION OF 1  YEAR PROBATIONARY (OR TRIAL) PERIOD COMMENCING _____

B. SERVICE COUNTING TOWARD CAREER (OR PERMANENT) TENURE FROM: _____

SEPARATIONS: SHOW REASONS BELOW, AS REQUIRED, CHECK IF APPLICABLE:  ☐ C. DURING PROBATION  ☐ D. FROM APPOINTMENT OF 6 MONTHS OR LESS

5118900

| 31. DATE OF APPOINTMENT AFFIDAVIT *(Accessions only)* | 34. SIGNATURE *(Or other Authentication)* AND TITLE |
|---|---|
| 32. OFFICE MAINTAINING PERSONNEL FOLDER *(If different from employing office)* BURO, USNAVBASE, NAVY #3002, BOX 31 C/O FPO, SFRAN, CALIF. | SADIE S. BETTAR Employment Superintendent 02-05-64 |
| 33. CODE EMPLOYING DEPARTMENT OR AGENCY NV25    DEPARTMENT OF THE NAVY | 35. DATE |

4. PERSONNEL FOLDER COPY          App. B-3

STANDARD FORM 50 —Rev. December 1996
U.S. Civil Service Commission
FPM Chap. 295

NOTIFICATION OF PERSONNEL ACTION

NAVY OVERPRINT 6-65 / PART
/hps
80-126 11

(FOR AGENCY USE)

| 1. NAME (CAPS) LAST-FIRST-MIDDLE | MR.-MISS-MRS. | 2. (FOR AGENCY USE) | 3. BIRTH DATE (Mo., Day, Year) | 4. SOCIAL SECURITY NO. |
|---|---|---|---|---|
| SIWA, ALIPIO M. | MR. | | 07-11-34 | NO31090678 |

| 5. VETERAN PREFERENCE | | | 6. TENURE GROUP | 7. SERVICE COMP. DATE | 8. PHYSICAL HANDICAP CODE |
|---|---|---|---|---|---|
| 1 | 1 - NO        3 - 10 PT. DISAB.<br>2 - 5 PT.     4 - 10 PT. COMP. | 5 - 10 PT. OTHER | 1 | 02-26-62 | 00 |

| 9. FEGLI | | | 10. RETIREMENT | | 11. (FOR CSC USE) |
|---|---|---|---|---|---|
| 2 | 1 - COVERED    2 - INELIGIBLE    3 - WAIVED | | 4 | 1 - CS    3 - FS<br>2 - FICA  4 - NONE    5 - OTHER | |

| 12. CODE  NATURE OF ACTION | 13. EFFECTIVE DATE (Mo., Day, Year) | 14. CIVIL SERVICE OR OTHER LEGAL AUTHORITY |
|---|---|---|
| 317    Resignation | 05-04-66 | |

| 15. FROM: POSITION TITLE AND NUMBER | 16. PAY PLAN AND OCCUPATION CODE | 17.(a) GRADE OR LEVEL (b) STEP OR RATE | 18. SALARY |
|---|---|---|---|
| Sheetmetal Worker, JD# PWC-129-U | WB 38006 | 11    03 | PH $1.53 |

| 19. NAME AND LOCATION OF EMPLOYING OFFICE |
|---|
| Bureau of Yards & Docks<br>U. S. NAVY PUBLIC WORKS CENTER<br>Maintenance Department |

Metal & Elect Trades Division
Metal Trades Branch
Sheetmetal Section
Payroll No. 613 0445

| 20. TO: POSITION TITLE AND NUMBER | 21. PAY PLAN AND OCCUPATION CODE | 22.(a) GRADE OR LEVEL (b) STEP OR RATE | 23. SALARY |
|---|---|---|---|
| | | | |

24. NAME AND LOCATION OF EMPLOYING OFFICE

| 25. DUTY STATION (City–county–State) | 26. LOCATION CODE |
|---|---|
| Subic Bay, Philippines | |

| 27. APPROPRIATION | 28. POSITION OCCUPIED | 29. APPORTIONED POSITION | | |
|---|---|---|---|---|
| | 1-COMPETITIVE SERVICE | FROM: | TO: | STATE |
| NIF | 2 2-EXCEPTED SERVICE | 1-PROVED-1 2-WAIVED-2 | | |

30. REMARKS:    A. SUBJECT TO COMPLETION OF 1    YEAR PROBATIONARY (OR TRIAL) PERIOD COMMENCING ____

B. SERVICE COUNTING TOWARD CAREER (OR PERMANENT) TENURE FROM: ____

SEPARATIONS: SHOW REASONS BELOW, AS REQUIRED. CHECK IF APPLICABLE:    C. DURING PROBATION        D. FROM APPOINTMENT OF 6 MONTHS OR LESS

"To accept an overseas employment (Saigon)."

Mailing Address:  #40 Bacon St., East Tapinac
Olongapo, Zambales, Philippines

5118000

| 31. DATE OF APPOINTMENT AFFIDAVIT (Accessions only) | 34. SIGNATURE (Or other Authentication) AND TITLE |
|---|---|
| 32. OFFICE MAINTAINING PERSONNEL FOLDER (If different from employing office)<br>BIRO, U. S. NAVAL STATION, BOX 31 | E. B. CASSADY<br>Employment Superintendent |
| 33. 0002, SEPARATION & EMPLOYMENT OR AGENCY<br>NY25         DEPARTMENT OF THE NAVY | 35. DATE<br>05-05-66 |

2131

4. PERSONNEL FOLDER COPY

App. B-4

STANDARD FORM 50 –Rev. December 1961
U.S. Civil Service Commission
FPM Chap. 295

NOTIFICATION OF PERSONNEL ACTION

[EMPLOYEE—See General Information on Reverse]

NAVY OVERPRINT 10-65 (7C)
80-126- 11

/mcr

(FGR AGENCY USE)

SF-52 No. 500-018-72 of 7-10-71  ASF-260-71 of 07-22-71

| 1. NAME (CAPS) LAST-FIRST-MIDDLE | MR.-MISS-MRS. | 2. (FOR AGENCY USE) | 3. BIRTH DATE (Mo., Day, Year) | 4. SOCIAL SECURITY NO. |
|---|---|---|---|---|
| 112544 018730  SIWA, ALIPIO M.       MR. | | 1 | 07-11-34 | N031090678 |

| 5. VETERAN PREFERENCE | 6. TENURE GROUP | 7. SERVICE COMP. DATE | 8. PHYSICAL HANDICAP CODE |
|---|---|---|---|
| 1   1 - NO       3 - 10 PT. DISAB.   2 - 5 PT.   4 - 10 PT. COMP.   5 - 10 PT. OTHER | 0 | 05-17-65 | |

| 9. FEGLI | 10. RETIREMENT | 11. (FOR CSC USE) |
|---|---|---|
| 2   1 - COVERED   2 - INELIGIBLE   3 - WAIVED | 4   1 - CS   3 - FS   2 - FICA   4 - NONE   5 - OTHER | |

| 12. CODE NATURE OF ACTION | 13. EFFECTIVE DATE (Mo., Day, Year) | 14. CIVIL SERVICE OR OTHER LEGAL AUTHORITY |
|---|---|---|
| 171   Excepted Appt NTE 10-23-71 | 07-26-71 | |

| 15. FROM: POSITION TITLE AND NUMBER | 16. PAY PLAN AND OCCUPATION CODE | 17. (a) GRADE OR LEVEL  (b) STEP OR RATE | 18. SALARY |
|---|---|---|---|
| | | | |

19. NAME AND LOCATION OF EMPLOYING OFFICE

| 20. TO: POSITION TITLE AND NUMBER | 21. PAY PLAN AND OCCUPATION CODE | 22. (a) GRADE OR LEVEL  (b) STEP OR RATE | 23. SALARY |
|---|---|---|---|
| Sheetmetal Worker  JD# PWC-129-U | PW-20 | .15   01 | PH ¥2.53 |

| 24. NAME AND LOCATION OF EMPLOYING OFFICE | |
|---|---|
| Commander Pacific Division NAVFACENGCOM  U. S. NAVY PUBLIC WORKS CENTER  Maintenance Department | General Trades Division  Metal Trades Branch  Sheetmetal & Welding Section  Sheetmetal Unit |

| 25. DUTY STATION (City—county—State) | 26. LOCATION CODE |
|---|---|
| Subic Bay, Philippines | RP-5000-000 |

| 27. APPROPRIATION | 28. POSITION OCCUPIED 1-COMPETITIVE SERVICE | 29. APPORTIONED POSITION FROM:   TO:   STATE |
|---|---|---|
| NIF | 2   2-EXCEPTED SERVICE | 1-PROVED-1  2-WAIVED-2 |

30. REMARKS

A. SUBJECT TO COMPLETION OF 1   YEAR PROBATIONARY (OR TRIAL) PERIOD COMMENCING

B. SERVICE COUNTING TOWARD CAREER (OR PERMANENT) TENURE FROM

SEPARATIONS: SHOW REASONS BELOW, AS REQUIRED. CHECK IF APPLICABLE:   C. DURING PROBATION   D. FROM APPOINTMENT OF 6 MONTHS OR LESS

Subject to satisfactory completion of physical examination and security investigation.

Mailing Address:   #6 7th St., West Tapinac,
Olongapo City

5118900

| 31. DATE OF APPOINTMENT AFFIDAVIT (Accessions only) | 34. SIGNATURE (Or other Authentication) AND TITLE |
|---|---|
| 07-26-71 | F. G. REYES |
| 32. OFFICE MAINTAINING PERSONNEL FOLDER (If different from employing office)  BIRO, US NAVAL STATION, BOX 31  FPO, San Francisco 96651 | Supvry Personnel Specialist (Staffg)  Personnel Service Team |
| 33. CODE   EMPLOYING DEPARTMENT OR AGENCY  NV25 |   DEPARTMENT OF THE NAVY | 35. DATE   07-26-71    2131 |

0109 – 200 – 4206

1. EMPLOYEE COPY

App. B-5

STANDARD FORM 50 Rev. December 1967
U.S. Civil Service Commission
FPM Chap. 295

**NOTIFICATION OF PERSONNEL ACTION**
(EMPLOYEE—See General Information on Reverse)

NAVY OVERPRINT 11-68 (7C)

*(FOR AGENCY USE)*

SF-52 No. 500-120-72 of 09-21-71                    /cch

| 1. NAME *(CAPS)* LAST-FIRST-MIDDLE | MR.-MISS-MRS. | 2.*(FOR AGENCY USE)* | 3. BIRTH DATE *(Mo., Day, Year)* | 4.SOCIAL SECURITY NO. |
|---|---|---|---|---|
| 112544 018730 <br> SIWA, ALIPIO M.    MR. | | 4 | 07-11-34 | N031090678 |

| 5. VETERAN PREFERENCE | 6. TENURE GROUP | 7. SERVICE COMP. DATE | |
|---|---|---|---|
| 1 · 1-NO     3-10 PT. DISAB.    5-10 PT. OTHER <br> 2-5 PT.    4-10 PT. COMP. | 2 | 05-17-65 | |

| 9. FEGLI | 10. RETIREMENT | 11.*(FOR CSC USE)* |
|---|---|---|
| 2 · 1-COVERED *(Regular only — declined Optional)* <br> 2-INELIGIBLE   3-WAIVED   4-COVERED *(Reg. — Opt.)* | 4 · 1-CS   3-FS   5-OTHER <br> 2-FICA   4-NONE | |

| 12. CODE | NATURE OF ACTION | 13. EFFECTIVE DATE *(Mo., Day, Year)* | 14. CIVIL SERVICE OR OTHER LEGAL AUTHORITY |
|---|---|---|---|
| 552 | Conv to Excepted Appt-Indefinite | 09-26-71 | |

| 15. FROM: POSITION TITLE AND NUMBER | 16. PAY PLAN AND OCCUPATION CODE | 17. (a)GRADE (b)STEP OR OR LEVEL RATE | 18. SALARY |
|---|---|---|---|
| | | | |

19. NAME AND LOCATION OF EMPLOYING OFFICE

| 20. TO: POSITION TITLE AND NUMBER | 21. PAY PLAN AND OCCUPATION CODE | 22.(a)GRADE OR LEVEL | (b)STEP OR RATE | 23. SALARY |
|---|---|---|---|---|
| Sheetmetal Worker <br> JD# PWC-129-U | PW-20 | 15 | 01 | PH ≠2.53 |

24. NAME AND LOCATION OF EMPLOYING OFFICE

Commander Pacific Division NavFacEngCom          Metal Trades Branch
U. S. NAVY PUBLIC WORKS CENTER                   Sheetmetal & Welding Section
Maintenance Department, General Trades Div.       Sheetmetal Unit

| 25. DUTY STATION *(City—county—State)* | 26. LOCATION CODE |
|---|---|
| Subic Bay, Philippines | RP-5000-000 |

| 27. APPROPRIATION | 28. POSITION OCCUPIED 1-COMPETITIVE SERVICE | 29. APPORTIONED POSITION FROM:        TO: | STATE |
|---|---|---|---|
| NIF | 2 · 2-EXCEPTED SERVICE | 1-PROVED-1 <br> 2-WAIVED-2 | |

30. REMARKS

A. SUBJECT TO COMPLETION OF 1    YEAR PROBATIONARY (OR TRIAL) PERIOD COMMENCING ___09-26-71___

B. SERVICE COUNTING TOWARD CAREER (OR PERMANENT) TENURE FROM

C. DURING PROBATION

SEPARATIONS: SHOW REASONS BELOW, AS REQUIRED. CHECK IF APPLICABLE:

5118900

| 31. DATE OF APPOINTMENT AFFIDAVIT *(Accessions only)* | 34. SIGNATURE *(Or other Authentication)* AND TITLE |
|---|---|
| | *F. G. Reyes* |
| 32. OFFICE MAINTAINING PERSONNEL FOLDER *(If different from employing office)* <br> BIRO, U. S. NAVAL STATION, BOX 31 <br> FPO, San Francisco 96651 | F. G. REYES <br> Supvry Personnel Specialist(Staffing) <br> Personnel Service Team, BIRO |
| 33. CODE    EMPLOYING DEPARTMENT OR AGENCY <br> NV25    DEPARTMENT OF THE NAVY | 35. DATE    2131 <br> 09-24-71 |

0109 – 200 – 4270
50 – 131 – 20    I. EMPLOYEE COPY

App. B-6

STANDARD FORM 50 — Rev December 1967
U.S. Civil Service Commission
FPM Chap. 295

NOTIFICATION OF PERSONNEL ACTION

(EMPLOYEE — See General Information on Rev.)

SF-52 No. 500-546-78 of 05-24-78

NAVY OVERPRINT 10-72 /nmt (7-PT)

(FOR AGENCY USE)
62808

| 1. NAME (CAPS) LAST-FIRST-MIDDLE 112544 018730 | | MR.-MISS-MRS. | 2. (FOR AGENCY USE) | 3. BIRTH DATE (Mo., Day, Year) | 4. SOCIAL SECURITY NO. |
|---|---|---|---|---|---|
| SIWA, ALIPIO M. | MR. | | 4 | 07-11-34 | 03-1090-678 |

| 5. VETERAN PREFERENCE | | 5A. FOR AGENCY USE | 6. TENURE GROUP | 7. SERVICE COMP. DATE | |
|---|---|---|---|---|---|
| 1 | 1-NO   3-10 PT DISAB   5-10 PT.OTHER<br>2-5 PT   4-10 PT COMP | 72 | 1. | 05-17-65 | |

| 9. FEGLI | | 10. RETIREMENT | | 11. (FOR CSC USE) |
|---|---|---|---|---|
| 2 | 1-COVERED (Regular only — declined Optional)<br>2-INELIGIBLE   3-WAIVED   4-COVERED (Reg., Opt.) | 4 | 1-CS   3-FS<br>2-FICA   4-NONE   5-OTHER | |

| 12. CODE NATURE OF ACTION | | 13. EFFECTIVE DATE (Mo., Day, Year) | 14. CIVIL SERVICE OR OTHER LEGAL AUTHORITY |
|---|---|---|---|
| 702 | Promotion - Temporary | 05-28-78 | COMNAVBASESUBICINST 12340.3 |

| 15. FROM: POSITION TITLE AND NUMBER | 16. PAY PLAN AND OCCUPATION CODE | 17.(a) GRADE OR LEVEL | (b) STEP OR RATE | 18. SALARY |
|---|---|---|---|---|
| Sheetmetal Work Foreman I<br>JD# PWC-759A#1 | | 08 | 05 | PH  $7.69 |

19. NAME AND LOCATION OF EMPLOYING OFFICE

| 20. TO: POSITION TITLE AND NUMBER | 21. PAY PLAN AND OCCUPATION CODE | 21(a) FUNCT. CLASS | 22 (a) GRADE OR LEVEL | (b) STEP OR RATE | 23. SALARY |
|---|---|---|---|---|---|
| Sheetmetal Work Foreman II<br>JD# PWC-1330 | PWF-20 | | 10 | 02 | PH  $7.96 |

24. NAME AND LOCATION OF EMPLOYING OFFICE
Commander Pacific Division NavFacEngCom
U. S. NAVY PUBLIC WORKS CENTER
Maintenance Department

General Trades Division
Mechanical Trades Branch
Sheetmetal Section

| 25. DUTY STATION (City · county · State) | 26. LOCATION CODE |
|---|---|
| SubicBay, Philippines | RP-5000-000 |

27. APPROPRIATION

| 28. POSITION OCCUPIED | 29. APPORTIONED POSITION | | |
|---|---|---|---|
| 1 COMPETITIVE SERVICE<br>2 EXCEPTED SERVICE  2 | FROM | 1 PROVED-1<br>2 WAIVED-2 | TO   STATE |

A. SUBJECT TO COMPLETION OF _____ YEAR PROBATIONARY (OR TRIAL) PERIOD COMMENCING _____

B. SERVICE COUNTING TOWARD CAREER (OR PERMANENT) TENURE FROM _____

C. DURING PROBATION

AS REQUIRED, CHECK IF APPLICABLE

...erit Promotion Plan. From Payroll No. 112544 018730.

...n limited to duration of assignment not to exceed 09-24-78.

...nature of the transaction and will be returned to lower

...eriod or upon expiration of the basis of such

| UNIFORMED SVC PAY GRADE: | | UNIFORMED SVC COMPONENT |
|---|---|---|
| ...ANT: 0 | | G. SPECIAL PROGRAM ID: |

34. SIGNATURE (Or other Authentication) AND TITLE

F. G. REYES
Pers Spec (S)
-78

| 35.a. SUBMITTING OFFICE NUMBER |
|---|
| 2131 |

App. B-7

STANDARD FORM 50—Rev. December 1961
U.S. Civil Service Commission
FPM Chap. 295

NOTIFICATION OF PERSONNEL ACTION
(EMPLOYEE—See General Information on Reverse)

NAVY OVERPRINT 10-72
/nmt          (7-PT)

(FOR AGENCY USE)

62808

| 1. NAME (CAPS) LAST-FIRST-MIDDLE | MR.-MISS-MRS. | 2. (FOR AGENCY USE) | 3. BIRTH DATE (Mo., Day, Year) | 4. SOCIAL SECURITY NO. |
|---|---|---|---|---|
| 112544 018730 SIWA, ALIPIO M.     MR. | | 4 | 07-11-34 | 03-1090-678 |

| 5. VETERAN PREFERENCE | 5A. FOR AGENCY USE | 6. TENURE GROUP | 7. SERVICE COMP. DATE |
|---|---|---|---|
| 1 1-NO   3-10 PT DCAS   5-PT OTHER 2-5 PT  4-10 PT COMP | 72 | 1 | 05-17-65 |

| 8. FEGLI | 10. RETIREMENT | 11. (FOR CSC USE) |
|---|---|---|
| 2 | 4 1-CS  3-FS  5-OTHER 2-FICA  4-NONE | |

| 12. CODE | NATURE OF ACTION | 13. EFFECTIVE DATE (Mo., Day, Year) | 14. CIVIL SERVICE OR OTHER LEGAL AUTHORITY |
|---|---|---|---|
| 715 | Change to Lower Grade | 09-25-78 | |

| 15. FROM: POSITION TITLE AND NUMBER | 16. PAY PLAN AND OCCUPATION CODE | 17.(a) GRADE OR LEVEL | (b) STEP OR RATE | 18. SALARY |
|---|---|---|---|---|
| Sheetmetal Work Foreman II JD# PWC-1330 | PWF-20 | 10 | 02 | PH  ₱7.96 |

19. NAME AND LOCATION OF EMPLOYING OFFICE

| 20. TO: POSITION TITLE AND NUMBER | 21. PAY PLAN AND OCCUPATION CODE | 21(a) FUNCT. CLASS | 22.(a) GRADE OR LEVEL | (b) STEP OR RATE | 23. SALARY |
|---|---|---|---|---|---|
| Sheetmetal Work Foreman I JD# PWC-759A#1 | PWF-20 | | 08 | 05 | PH  ₱7.69 |

| 24. NAME AND LOCATION OF EMPLOYING OFFICE | |
|---|---|
| Commander Pacific Division NavFacEngCom U. S. NAVY PUBLIC WORKS CENTER Maintenance Department | General Trades Division Mechanical Trades Branch Sheetmetal Sec., Sheetmetal Unit |

| 25. DUTY STATION (City - county - State) | 26. LOCATION CODE |
|---|---|
| Subic Bay, Philippines | RP-5000-000 |

| 27. APPROPRIATION | 28. POSITION OCCUPIED | 29. APPORTIONED POSITION |
|---|---|---|
| NIF | 2  1 COMPETITIVE SERVICE   2 EXCEPTED SERVICE | FROM       TO       STATE 1 PROVED 2 WAVED |

30. REMARKS

A. SUBJECT TO COMPLETION OF 1   YEAR PROBATIONARY (OR TRIAL) PERIOD COMMENCING

B. SERVICE COUNTING TOWARD CAREER (OR PERMANENT) TENURE FROM

SEPARATIONS: SHOW REASONS BELOW AS REQUIRED, CHECK IF APPLICABLE   C. DURING PROBATION

F'm temporary Promotion.
From Payroll No. 112540 018730

BCC - 3F

| D. RETIRED UNIFORMED SERVICE | DATE OF RETIREMENT FROM UNIFORMED SERVICE (MO - DAY - YEAR) | UNIFORMED SVC PAY GRADE | UNIFORMED SVC COMPONENT |
|---|---|---|---|
| UNIFORMED SERVICE DESIGNATION | | | |

| E. WORK SCHEDULE | F. PAY RATE DETERMINANT | G. SPECIAL PROGRAM ID |
|---|---|---|
| F | 0 | |

| 31. DATE OF APPOINTMENT AFFIDAVIT (Accessions only) | 34. SIGNATURE (Or other Authentication) AND TITLE |
|---|---|
| | F. G. REYES Supvry Pers Spec (S) |

| 32. OFFICE MAINTAINING PERSONNEL FOLDER (if different from employing office) | |
|---|---|
| BIRO USNS BOX 31 FPO SF 96651 | 35. DATE  09-20-78 |

| 33. CODE | EMPLOYING DEPARTMENT OR AGENCY | 35.a. SUBMITTING OFFICE NUMBER |
|---|---|---|
| NV25 | DEPARTMENT OF THE NAVY | 2131 |

1241

1. EMPLOYEE COPY

APP B-8

N 0106-LF-200-42

Standard Form 50 - B
Rev. January 1982
US Office of Personnel Management
FPM Chapter 296

## NOTIFICATION OF PERSONNEL ACTION

agt/09200926

| 1. Name *(Last, First, Middle)* | | 2. SSN | 3. Position Sensitivity (Opt.) | 4. Date of Birth |
|---|---|---|---|---|
| SIHA ALIPIO M | | 0310-90-6784 | | 07-11-34 |

| 5. Veteran Preference | | | 6. Serv. Comp. Date *(Leave)* | 7. Tenure | | Retirement | | | |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 1—None    3—10 Pt. Disab.    5—10 Pt. Other<br>2—5 Pt.    4—10 Pt. Comp.    6—10 Pt./30% Comp. | | 05-17-55 | 1 | 5 | 1-CS  3-FS  5-Other<br>2-FICA  4-None  6-CS Spec | | | |

| 9. FEGLI | | 10. FLSA | 11. Sex | 12. Citizenship | 13. Comp. Level (Opt.) |
|---|---|---|---|---|---|
| A | INELIGIBLE FOR LIFE INSURANCE<br>COVERAGE | E    E-Exempt<br>N-Nonexempt | M | 3  1-US<br>8-Other | SW |

| 14. Effective Date | 15. Annuitant Indicator | | 16. Work Schedule | F—Full-time    G—FT Seasonal | 17. *(Reserved for OPM Use)* |
|---|---|---|---|---|---|
| 10-02-83 | 9 | 1-Reempl Ann-CS  3-RETM  5-RETM & CS<br>2-RETO  4-RETO & CS  9-Not Applicable | F | P—Part-time    O—PT Seasonal<br>I—Intermittent    J—INT Seasonal | |

| 18-A. NOAC | 18-B. Nature of Action | 19-A. NOAC | 19-B. Nature of Action |
|---|---|---|---|
| 702 | PROMOTION | | |
| 18-C. Auth Code | 18-D. Authority | 19-C. Auth Code | 19-D. Authority |
| BPK | C.S. Rule 8.3 | | |
| 18-E. Auth Code | 18-F. Authority | 19-E. Auth Code | 19-F. Authority |
| | | | |

| 20. FROM: Position Title and Number | 27. To: Position Title and Number |
|---|---|
| SHEETMETAL WORK FOREMAN I<br>PD    PWC-1843 | P AND E (SHEETMETAL WORKER)<br>PD    PWC-1725 |

| 21. Name and Location of Employing Office | 28. Name and Location of Employing Office |
|---|---|
| NAVFACENGCOM<br>US NAVY PUBLIC WORKS CENTER<br>SUBIC BAY PHILIPPINES<br>Maintenance Department, WC-528 | NAVFACENGCOM<br>US NAVY PUBLIC WORKS CENTER<br>SUBIC BAY PHILIPPINES<br>Maintenance Engineering Department<br>Planning & Estimating Division, WC-430 |

| 22. Pay Plan & Occupational Code | 23. Grade or Level | 24. Step or Rate | 25. Salary | 26. Pay Basis | 29. Pay Plan & Occupational Code | 30. Grade or Level | 31. Step or Rate | 32. Salary | 33. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|
| MF 0020 | 08 | 07 | P16.08* | PH | WP 0047 | 09 | 07 | P16.50* | PH |

| 34. Duty Station | 35. Position Occupied | | 36. Appropriation Code (Optional) |
|---|---|---|---|
| SUBIC BAY, PHILIPPINES | 2 | 1-Competitive  3-SES General<br>2-Excepted  4-SES Career Reserved | NIF |

37. Remarks

SF-52 No. 400-083-83; 07-11-83

Selected from MPP-COE-737-83 dtd 08-30-83.

From Payroll No. 112528 018730.

*Subject to correction upon receipt of new wage schedule effective 10-01-83.

| UIC | SAS | SPID | POS SYS | CFI | PER EVAL | ORG CODE | PAYROLL NR |
|---|---|---|---|---|---|---|---|
| 62898 | 9 | 00 | P | | | 112630 | 018730 |

| 38. Approval | | 39. FPMIS Data | | | | |
|---|---|---|---|---|---|---|
| A. Title of Approving Official | B. Date | A. Sepr. or Nonsupv. Ind. | B. VEV IND | C. PRD | D. Barg. Unit Status | E. Functional Class |
| SUPVY PERS STFG SPEC | 09-26-83 | 4 | N | 0 | 8888 | |
| C. Signature/Authentication of Approving Official | | F. Ed. Level | G. Year Degree Attained | H. Academic Discipline | I. Agency Code | |
| *[signature]* GARNETT L CARTER | | | | | NV 25 | |
| 40. Employing Department or Agency | | J. Location Code | | N. | K. SON | |
| DEPARTMENT OF NAVY | | RP-5000-000 | | | 2131 | |
| | | | | O. | P. | Q. |

5 Part
50-303

1. Employee Copy

App. B-9

Previous Editions Unusable After 12/31/81
NSN 7540-01-110-4907

Standard Form 50
Rev. January 1982
US Office of Personnel Management
FPM Chapter 296

## NOTIFICATION OF PERSONNEL ACTION

agt/1020

| 1. Name (Last, First, Middle) 112430 018730 | 2. SSN | 3. Position Sensitivity (Opt.) | 4. Date of Birth |
|---|---|---|---|
| SIWA, ALIPIO M. | 0310-90-6784 | | 07-11-34 |

| 5. Veteran Preference | 6. Serv. Comp. Date (Leave) | 7. Tenure | 8. Retirement |
|---|---|---|---|
| 1  1–None  2–5 Pt.  3–10 Pt. Disab.  4–10 Pt. Comp.  5–10 Pt. Other  6–10 Pt./30% Comp. | 05-17-65 | 1 | 5  1–CS  2–FICA  3–FS  4–None  5–Other  6–CS Spec |

| 9. FEGLI | 10. FLSA | 11. Sex | 12. Citizenship | 13. Comp. Level (Opt.) |
|---|---|---|---|---|
| A  Ineligible | E  E–Exempt  N–Nonexempt | M | 8  1–US  8–Other | |

| 14. Effective Date | 15. Annuitant Indicator | 16. Work Schedule | 17. (Reserved for OPM Use) |
|---|---|---|---|
| 10-02-83 | 9  1–Reempl Ann–CS  3–RETM  5–RETM & CS  2–RETO  4–RETO & CS  9–Not Applicable | F  F–Fulltime  P–Part-time  I–Intermittent  G–FT Seasonal  O–PT Seasonal  J–INT Seasonal | |

| 18-A. NOAC | 18-B. Nature of Action | 19-A. NOAC | 19-B. Nature of Action |
|---|---|---|---|
| 002 703 | CORRECTION Promotion NTE 01-29-84 | | |

| 18-C. Auth Code | 18-D. Authority | 19-C. Auth Code | 19-D. Authority |
|---|---|---|---|
| | | | |

| 18-E. Auth Code | 18-F. Authority | 19-E. Auth Code | 19-F. Authority |
|---|---|---|---|
| | | | |

| 20. FROM: Position Title and Number | 27. To: Position Title and Number |
|---|---|
| Sheetmetal Work Foreman I JD# PWC-1843 | Planner & Estimator (Sheetmetal Worker) JD# PWC-1725 |

| 21. Name and Location of Employing Office | 28. Name and Location of Employing Office |
|---|---|
| Maintenance Department WC-528 | NAVFACENGCOM U.S. NAVY PUBLIC WORKS CENTER Maintenance Engineering Department Planning & Estimating Division WC-430 |

| 22. Pay Plan & Occupational Code | 23. Grade or Level | 24. Step or Rate | 25. Salary | 26. Pay Basis | 29. Pay Plan & Occupational Code | 30. Grade or Level | 31. Step or Rate | 32. Salary | 33. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|
| PWF-20 | 08 | 07 | ₱16.86 | | PWP-47 | 09 | 07 | ₱17.44 | PH |

| 34. Duty Station | 35. Position Occupied | 36. Appropriation Code (Optional) |
|---|---|---|
| Subic Bay, Philippines | 2  1–Competitive  2–Excepted  3–SES General  4–SES Career Reserved | NIF |

37. Remarks

Corrects item 18-A from "702", item 18-B from "Promotion", item 25 from "₱16.08" and item 32 from "₱16.60".

Also corrects item 37 (Remarks) to read:

SF-52 No. 400-083-83; 07-11-83

Selected from MPP-COE-737-83 dtd 08-30-83.

From Payroll No. 112528 018730.

Employee was informed of the nature of the transaction and will be returned to lower grade upon completion of the limited period or upon expiration of the basis of such assignment, whichever is earlier. Upon return to lower grade, employee's salary will be set at the step of the grade which he would have received, had he not been temporarily promoted.

UIC 62808

| 39. Approval | 39. FPMIS Data | | | | |
|---|---|---|---|---|---|
| A. Title of Approving Official | A. Supv. or Nonsupv. Ind. | B. VEV IND | C. PRD | D. Barg. Unit Status | E. Functional Class |
| Head, FN Personnel Branch | C | N | 0 | 8888 | |
| B. Date 10-20-83 | F. Ed. Level | G. Year Degree Attained | H. Academic Discipline | I. Agency Code NV25 | |
| C. Signature/Authentication of Approving Official | | | | | |
| G. L. CARTER | J. Location Code RP-5000-000 | | K. SON 2131 | | |
| 40. Employing Department or Agency | N. | | O. | P. | Q. |
| Department of the Navy | | | | | |

5 Part
50-140

1 - Employee Copy

App. B-10

Previous Editions Unusable After 12/31/81
NSN 7540-01-109-8812

Standard Form 50-B
Rev. 4/87
U.S. Office of Personnel Management
FPM Chapter 296

## NOTIFICATION OF PERSONNEL ACTION

| 1. Name (Last, First, Middle) | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|
| DELA, ALFRED BACTAL | 0710206724 | 07-11-34 | 10-01-89 |

### FIRST ACTION

| 5-A. Code | 5-B. Nature of Action |
|---|---|
| 721 | REALIGNMENT |
| 5-C. Code | 5-D. Legal Authority |
| PLM | Code 500 (PWC)memo of 10-01-89 |
| 5-E. Code | 5-F. Legal Authority |

### SECOND ACTION

| 6-A. Code | 6-B. Nature of Action |
|---|---|
| 6-C. Code | 6-D. Legal Authority |
| 6-E. Code | 6-F. Legal Authority |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| PLANNER AND ESTIMATOR (GENERAL) K6P0420011 | PLANNER AND ESTIMATOR (GENERAL) K6P0420011 |

| 8. Pay Plan | 9. Occ. Code | 10. Grade or Level | 11. Step or Rate | 12. Salary | 13. Pay Basis | 16. Pay Plan | 17. Occ. Code | 18. Grade or Level | 19. Step or Rate | 20. Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| PWP | 4701 | 09 | 07 | 5714 | PH | PWP | 4701 | 09 | 07 | 5714 | PH |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| PROD GROUP MAINTENANCE DEPARTMENT SPECIFIC WORK DIVISION SPECIALIZED GENERAL CONST CO BRANCH SPECIALIZED GENERAL CONST CO NO 4 US NAVY PUBLIC WORKS CENTER SUBIC BAY | PROD GROUP MAINTENANCE DEPARTMENT SPECIFIC WORK DIVISION MECHANICAL BRANCH MECHANICAL IE SECTION US NAVY PUBLIC WORKS CENTER SUBIC BAY |

### EMPLOYEE DATA

| 23. Veterans Preference | 24. Tenure | 25. Agency Use | 26. Veterans Preference for RIF |
|---|---|---|---|
| 1 — 1—None  3—10 Pt. Disab.  5—10 Pt. Other  2—5 Pt.  4—10 Pt. Comp.  6—10 Pt./30% Comp. | 1 — 0—None  2—Conditional  1—Permanent  3—Indefinite | | ☐ YES  ☒ NO |

| 27. FEGLI | 28. Annuitant Indicator | 29. Pay Rate Determinant |
|---|---|---|
| A  INELIGIBLE FOR LIFE INSURANCE COVERAGE | 9 — 1—Reempl. Ann-CS  3—RETM  5—RETM & CS  2—RETO  4—RETO & CS  9—Not Applicable | U |

| 30. Retirement Plan | 31. Service Comp. Date (Leave) | 32. Work Schedule | 33. Part-Time Hours Per Biweekly Pay Period |
|---|---|---|---|
| OTHER | 10-17-55 | F — F—Full-time  I—Intermittent  J—INT Seasonal  G—FT Seasonal  H—FT On Call  P—Part-time  Q—PT Seasonal  R—PT On Call | |

### POSITION DATA

| 34. Position Occupied | 35. FLSA Category | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|
| 1 — 1—Competitive Service  3—SES General  2—Excepted Service  4—SES Career Reserved | E—Exempt  N—Nonexempt | | 0055 |

| 38. Duty Station Code | 39. Duty Station (City—County—State or Overseas Location) |
|---|---|
| 15-5000-000 | PHILIPPINES  SUBIC BAY |

| 40. Agency Data | 41. | 42. | 43. | 44. |
|---|---|---|---|---|
| | | | | LOC ID: 1135017730 |

### 45. Remarks

SF-50 PG DOC-711-193 09-27-89
PROP CAT NO 11293

| 46. Employing Department or Agency | 50. Signature/Authentication and Title of Approving Official |
|---|---|
| DEPARTMENT OF THE NAVY | LILIAN F PANGANIBAN SUPV PERS SPEC STAFF LN PR EMPL DIV |
| 47. Agency Code | 48. Personnel Office ID | 49. Approval Date | |
| NV25 | 2131 | 10-16-89   PRO | |

TURN OVER FOR IMPORTANT INFORMATION
5-Part   50-312

APP. B1

Previous Editions Unusable After 9/30/88
NSN 7540-01-249-1811

# NOTICE TO EMPLOYEE

*This is your copy of the official notice of a personnel action. Keep it with your records because it could be used to make employment, pay, and qualifications decisions about you in the future.*

**The Action**

- Blocks 5-B and 6-B describe the personnel action(s) that occurred.
- Blocks 15-22 show the position and organization to which you are assigned.

**Block 24—Tenure**

- Indicates the nature of your appointment and is used to determine your rights during a reduction in force (RIF). Tenure groups are explained in more detail in subchapter 26 of FPM Supplement 296-33 and RIF is explained in FPM Chapter 351; both should be available for review in your personnel office.

**Block 26—Veterans Preference for RIF**

- Indicates whether you have preference for reduction-in-force purposes.

**Block 30—Retirement Plan**

| | |
|---|---|
| FICA | —Social Security System |
| CS | —Civil Service Retirement System |
| CS-Spec | —Civil Service Retirement System for law enforcement and firefighter personnel |
| FS | —Foreign Service Retirement and Disability System |
| FERS—FS | —Federal Employees' Retirement System |
| FERS—Reserve Tech | —Federal Employees' Retirement System for National Guard Reserve Technicians |
| FERS—ATC | —Federal Employees' Retirement System for Air Traffic Controllers |
| FERS—Spec | —Federal Employees' Retirement System for law enforcement and firefighter personnel |
| FSPS | —Foreign Service Pension System |

- Shows when your Federal service began unless you have prior creditable service. If so, this date is constructed and reflects your total years, months and days of prior creditable civilian and military service.
- Full-time employees with fewer than 3 years of service earn 4 hours of annual leave each pay period; those with 3 or more years but less than 15 years earn 6 hours each pay period; and those with 15 or more years earn 8 hours each pay period.
- Your earnings and leave statement or your leave and attendance card will show the rate at which you earn leave and your current unused leave balance.

## OTHER INFORMATION

- If your appointment entitles you to elect health benefits or life insurance, and you have not been provided materials explaining the programs available and the enrollment forms, contact your personnel office.
- Your personnel office will also tell you if your position is covered by an agreement between an employee organization (union) and your agency. If you are eligible to and elect to join an employee organization, your dues may be withheld from your salary.
- If you have questions or need more information about your rights and benefits, ask your supervisor or your personnel office.
- Definitions for any coded data in Blocks 1-24, 26-39 and 45-50 may be found in Federal Personnel Manual Supplement 292-1.

*It is your responsibility to read all the information on the front of this notice and tell your personnel office immediately if there is an error in it.*

---

**Block 32—Work Schedule**

- Your work schedule is established by your supervisor.
- A full-time employee works on a prearranged scheduled tour of duty that is usually 40 hours per week. A part-time employee has a prearranged scheduled tour of duty that is usually between 16 and 32 hours per week. An intermittent employee has no prearranged scheduled tour of duty and works when needed.
- Full-time and part-time employees whose appointments are for 90 days or more are usually eligible to earn annual leave; intermittent employees are not.
- Seasonal employees work on an annually recurring basis for periods of less than 12 months each year, they may have a full-time, a part-time, or an intermittent schedule during their work season.
- On-call employees work during periods of heavy workload and are in pay status for at least 6 months of each year, they may have either a full-time or a part-time schedule when they are in pay status.

**Block 33—Part-time Hours Per Biweekly Pay Period**

- Indicates the number of hours a part-time employee is scheduled to work during a two-week pay period.

**Block 34—Position Occupied**

- Indicates the employment system under which you are serving—the Competitive Service, the Excepted Service, or the Senior Executive Service (SES).
- This system determines your eligibility to move to other jobs, and your rights in disciplinary and adverse actions, and your eligibility for reemployment if you leave Federal service.

**Block 35—FLSA Category**

- Exempt employees are not covered by the minimum wage and overtime law (the Fair Labor Standards Act); nonexempt employees are covered.

**Block 37—Bargaining Unit Status**

- Identifies a bargaining unit to which you belong, whether or not you are actually a member of a labor organization. Code "7777" indicates you are eligible but not in a bargaining unit; code "8888" indicates you are ineligible for inclusion in a bargaining unit.

**Blocks 38 and 39—Duty Station**

- Identifies the city, county, and state, or the overseas location, where you actually work.

Standard Form 50-B
Rev. 8/88
U.S. Office of Personnel Management
FPM Chapter 296

## NOTIFICATION OF PERSONNEL ACTION

| 1. Name (Last, First, Middle) | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|
| SIWA ALIPIO MACTAL | 0310906784 | 07-11-34 | 10-01-90 |

| FIRST ACTION | | SECOND ACTION | |
|---|---|---|---|
| 5-A. Code | 5-B. Nature of Action | 6-A. Code | 6-B. Nature of Action |
| 790 | REALIGNMENT | | |
| 5-C. Code | 5-D. Legal Authority | 6-C. Code | 6-D. Legal Authority |
| ZLM | CODE 500 (PWC) MEMO OF 09-18-90 | | |
| 5-E. Code | 5-F. Legal Authority | 6-E. Code | 6-F. Legal Authority |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| PLANNER AND ESTIMATOR (GENERAL) K6P0428011 | PLANNER AND ESTIMATOR (GENERAL) K6P0428011 |

| 8. Pay Plan | 9. Occ. Code | 10. Grade/Level | 11. Step/Rate | 12. Salary | 13. Pay Basis | 16. Pay Plan | 17. Occ. Code | 18. Grade/Level | 19. Step/Rate | 20. Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| PWP | 4701 | 09 | 07 | P57.14 | PH | PWP | 4701 | 09 | 07 | P57.14 | PH |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| PROD GROUP MAINTENANCE DEPT E/S MINOR WORK DIVISION MINOR WORK BRANCH US NAVY PUBLIC WORKS CENTER SUBIC BAY | PROD GROUP MAINTENANCE DEPT E/S MINOR WORK DIVISION MINOR WORK BRANCH US NAVY PUBLIC WORKS CENTER SUBIC BAY |

### EMPLOYEE DATA

| 23. Veteran Preference | 24. Tenure | 25. Agency Use | 26. Veterans Preference for RIF |
|---|---|---|---|
| 1 — 1-None  3-10-Point/Disability  5-10-Point/Other  2-5-Point  4-10-Point/Compensable  6-10-Point/Compensable/30% | 1 — 0-None  2-Conditional  1-Permanent  3-Indefinite | | YES ☐  NO ☐ |

| 27. FEGLI | 28. Annuitant Indicator | 29. Pay Rate Determinant |
|---|---|---|
| INELIGIBLE FOR LIFE INSURANCE | 9   NOT APPLICABLE | 0 |

| 30. Retirement Plan | 31. Service Comp. Date (Leave) | 32. Work Schedule | 33. Part-Time Hours Per |
|---|---|---|---|
| 5   OTHER | 05-17-65 | F — F-Full-time  I-Intermittent  J-INT Seasonal  P-Part-Time  G-FT Seasonal  H-FT On-Call  Q-PT Seasonal  R-PT On-Call | Biweekly Pay Period |

### POSITION DATA

| 34. Position Occupied | 35. FLSA Category | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|
| 2 — 1-Competitive Service  3-SES General  2-Excepted Service  4-SES Career Reserved | E — E-Exempt  N-Nonexempt | F | 0005 |

| 38. Duty Station Code | 39. Duty Station (City - County - State or Overseas Location) |
|---|---|
| RP-5000-000 | IC BAY PHILIPPINES |

| 40. Agency Data | 41. UIC: 62803 | 42. ORG CODE: 50620 | 43. COST CNTR: | 44. LOC ID: 11258918730 |
|---|---|---|---|---|

45. Remarks

SF-52 NO PWC5000A19; 09-21-90
FROM GAD NO. 112590.

| 46. Employing Department or Agency | 50. Signature/Authentication and Title of Approving Official |
|---|---|
| DEPARTMENT OF THE NAVY | *[signature]* |
| 47. Agency Code | 48. Personnel Office ID | 49. Approval Date | |
| NV25 | 2131 | 10-15-90   AGT | LILLIAN P. PANGANIBAN  SUPVY PERS SPEC STAFF LN PR EMPL DIV |

TURN OVER FOR IMPORTANT INFORMATION
5 - PART   50-314

1 - Employee Copy - Keep for Future Reference

Editions Prior To 4/87 Are Unusable After 9/30/88
NSN 7540-01-249-1911

APP B-12

Standard Form 50-B
Rev. 8/66
U.S. Office of Personnel Management
FPM Chapter 296

## NOTIFICATION OF PERSONNEL ACTION

| 1. Name (Last, First, Middle) | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|
| SINA ALIPIO MACTAL | 0310906784 | 07-11-34 | 09-30-92 |

| **FIRST ACTION** | | **SECOND ACTION** | |
|---|---|---|---|
| 5-A. Code | 5-B. Nature of Action RETIREMENT-ILIA | 6-A. Code | 6-B. Nature of Action |
| 304 | | | |
| 5-C. Code | 5-D. Legal Authority REG 831.501(B) | 6-C. Code | 6-D. Legal Authority |
| SDM | | | |
| 5-E. Code | 5-F. Legal Authority | 6-E. Code | 6-F. Legal Authority |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| PLANNER AND ESTIMATOR (GENERAL) K6P0428011 | |

| 8. Pay Plan | 9. Occ. Code | 10. Grade/Level | 11. Step/Rate | 12. Salary | 13. Pay Basis | 16. Pay Plan | 17. Occ. Code | 18. Grade/Level | 19. Step/Rate | 20. Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| PXP | 4701 | 09 | 07 | P86.30 | PH | | | | | | |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| PRODUCTION GROUP MAINTENANCE DEPARTMEN E/S MINOR WORK DIVISION MINOR WORK SUBIC BRANCH US NAVY PUBLIC WORKS CENTER | |

| **EMPLOYEE DATA** | | | | | |
|---|---|---|---|---|---|
| 23. Veteran Preference | | 24. Tenure | 25. Agency Use | | 26. Veterans Preference for RIF |
| 1 — 1 - None  3 -10-Point/Disability  5 -10-Point/Other  2 - 5-Point  4 -10-Point/Compensable  6 -10-Point/Compensable/30% | | 1 — 0 - None  2 - Conditional  1 - Permanent  3 - Indefinite | | | ☐ YES  ☒ NO |
| 27. FEGLI INELIGIBLE FOR LIFE INSURANCE | | 28. Annuitant Indicator  9  NOT APPLICABLE | | | 29. Pay Rate Determinant  0 |
| 30. Retirement Plan  5  OTHER | 31. Service Comp. Date (Leave)  05-17-65 | 32. Work Schedule  F  F - Full-time  I - Intermittent  J - INT Seasonal  P - Part-Time  G - FT Seasonal  H - FT On-Call  Q - PT Seasonal  R - PT On-Call | | | 33. Part-Time Hours Per  Biweekly Pay Period |

| **POSITION DATA** | | | | |
|---|---|---|---|---|
| 34. Position Occupied  2 — 1 - Competitive Service  3 - SES General  2 - Excepted Service  4 - SES Career Reserved | 35. FLSA Category  E — E - Exempt  N - Nonexempt | 36. Appropriation Code F | | 37. Bargaining Unit Status  0005 |
| 38. Duty Station Code  RP-5000-000 | 39. Duty Station (City - County - State or Overseas Location) SUBIC BAY  PHILIPPINES | | | |
| 40. Agency Data | 41 UIC:  62808 | 42. ORG CODE:  50650 | 43 COST CNTR: | 44.  LOC ID: 11259018730 |

45. Remarks

RETIREMENT IN LIEU OF INVOLUNTARY ACTION BY RIF.
ENTITLED TO RETIREMENT PAY EQUIVALENT TO 105% OF 28 MONTHS BASIC PAY.
SALARY RATE BASED ON U.S. FORCES WAGE SCHEDULE EFFECTIVE 09-30-92.
SCD FOR RETIREMENT PAY: 03-19-65

| 46. Employing Department or Agency  DEPARTMENT OF THE NAVY | 50. Signature/Authentication and Title of Approving Official |
|---|---|
| 47. Agency Code  NV25 | 48. Personnel Office ID  2131 | 49. Approval Date  09-08-92 | ROSERFINA D. CABRERA  SUPVY PERSONNEL STAFFING SPEC |

TURN OVER FOR IMPORTANT INFORMATION
5- PART    50-314

1 - Employee Copy - Keep for Future Reference

Editions Prior To 4/87 Are Unusable After 9/30/88
NSN 7540-01-249-1911

APP. B-13

# EXHIBIT C

App.

United States
Office of
Personnel Management

Retiremen Operations Center
PO Box 45
Boyers, Pennsylvania  16017


Alipio M. Siwa                          February 8, 1994
#6-7th St., West Tapinac                 CSA 3 491 207
Olongapo City, Philippines 601F


Dear Mr. Siwa  :

This is in reply to your January 7, 1994, request for
reconsideration of the initial decision that you are not
entitled to an annuity under the Civil Service Retirement
(CSR) System.

### BACKGROUND

The initial decision in this matter found that you are not
entitled to civil service annuity benefits because you did
not complete five years of Federal service ending in
separation from a position subject to the Civil Service
Retirement law, that is, a civilian position not excluded
from coverage.

### ANALYSIS AND FINDINGS

The Office of Personnel Management is charged with the
administration of the Civil Service Retirement law and is
expected to allow credit for service only as provided by law.
Also, we are obligated under law and regulation to correct
any error(s) in payment of benefits.

In order to be entitled to benefits based on separation from
service after August 31, 1954, an applicant:  (1) must have
completed a minimum of 5 years of creditable service and (2)
during the final 2 years of service prior to separation, the
applicant must serve for a minimum of 1 year in a position
that is covered by or subject to the Civil Service Retirement
Act. 5 U.S.C. S 8333(b).  See Herrera v. United States, 849
F.2d 1416, 1417 (Fed. Cir. 1988); Guevara v. United States,
229 Ct.Cl. 595, 598 (1981); Vicente v. United States, 1
Cl.Ct. 299, 301 30 M.S.P.R. 465, 468-9 (1986).


App. C-1

An employee who has obtained coverage under the Civil Service Retirement law is entitled to benefits after 25 years of service at any age or 20 years of service at 50 years of age:

1. if his separation from the Federal service is involuntary, except by removal for cause on charges of misconduct or delinquency or

2. he is separated voluntarily while serving in an agency determined by OPM to be undergoing a major reorganization, reduction in force or transfer of function, when a significant percentage of employees will be separated or subject to immediate reduction in pay. 5 U.S.C. S 8336 (d).

In <u>Noveloso v. O.P.M.</u> {45 M.S.P.R. 321 (1990).}, the Merit Systems Protection Board provides the following analysis of 5 USC 8333 (a) (b):

Two types of Federal service are pertinent to a determination of whether an individual is entitled to a retirement annuity under the Civil Service Retirement annuity under the Civil Service Retirement Act (CSRA) - "creditable service" and "covered service" Herrera v. United states, 849 F.2nd 1416, 1417 (Fed. Cir. 1989). Almost all Federal service is creditable service. See id. (1) Covered service is more limited in scope, referring to Federal employees who are "subject to" the CSRA, i.e., employees who must deposit part of their basic pay into the Civil Service Retirement and Disability fund. See in re Kaltakji, 1 MSPB 60, 1 M.S.P.R. 63,64(1978), reconsideration denied, 1 MSPB 59, 1 M.S.P.R. 61(1979). To qualify for a civil service retirement annuity, an employee must complete at least five years of creditable civilian service, and must have served at least one of the last two years of Federal service in a covered position 5 U.S.C. 8333(a)-(b). {1} In determining whether an individual's creditable service also constitutes covered service, the rule is that "{a}" employees

(1) Generally speaking, creditable service includes the following: (1) Federal civilian service performed by an individual meeting all of the provisions of 5 U.S.C. 2105(a); (2) military service and service with the District of Columbia Government with certain qualifications and exceptions; (3) any service specifically listed in 5 U.S.C. 8331(1) or 8332; and (4) any service made creditable by statute, such as Postal Service employment under 39 U.S.C. 1005(b). See FPM Supp. 831-1, subch. 831-1, subch. S3-1 (Mar. 29, 1985).

App. C-2

are covered by the retirement system except those
specifically excluded by law or by regulations of
the Office of Personnel Management. "(2) FPM supp.
831-1, subch. S2-1 (Sept. 21, 1981)".
Congress has authorized OPM to exclude from
retirement coverage employees "whose employment is
temporary or intermittent". 5 U.S.C. 8347(g). OPM
has exercised this authority, inter alia, by
excluding from retirement coverage employees serving
under appointments limited to one year or less,
intermittent employees, and employees serving under
non-permanent, indefinite appointments. 5 C.F.R.
831.201(a) (1)-(2), (12)-(13). The exclusions
contained in section 831.201(a) do not in any way
affect the creditability

---

(2) An "employee" is defined in 5 U.S.C. 8331(1)(A)-(K).
Statutory exclusions from covered service are enumerated in 5
U.S.C. 8331(1)(K)(i)-(xii). Regulatory exclusions from
covered service are enumerated in 5 C.F.R. 831.201. Whether
retirement deductions were actually withheld is not
necessarily determinative. If no deductions were withheld
because of agency error, or because it was not determined
until after the fact that such service should have been
covered, the employment will still constitute covered
service. See Kaltakji, 1 MSPB 60, 1 M.S.P.R. at 64; 5 C.F.R.
831.303

App. C-3

of an employee's service, however; the pertain only
to the CSRA's covered service requirement.  See
Herrera., 849 F.2nd at 1417-18; Kaltajki, 1 MSPB 60,
M.S.P.R. at 64. (3)

We have verified the following service and find that you do
not have title to Civil Service Annuity benefits:

February 26, 1960  to  May 4, 1966   Navy

July 26, 1971  to  September 30, 1992 Navy

Although your service is creditable, it was not subject to
CSR coverage.  Therefore, you are not entitled to annuity
benefits.  We have been unable to verify any additional
service in your case.

---

(3) To the extent that previous Board decisions have held
that temporary or indefinite appointments do not constitute
creditable service, they are hereby overruled.  See, e.g.,
Fontanilla v. Office of Personnel management, 34 M.S.P.R.
611,613 (1987)(service under temporary interim appointment
"was not creditable because it was not covered by the Civil
Service Retirement act"); Cruz v. Office of Personnel
Management, 7 MSPB 583, 8 M.S.P.B. 95, 96 (1981) (appellant
lacked 5 years of creditable civilian service because he
served under indefinite appointment): Vicente v. Office of
Personnel Management, 5 MSPB 72, 4 M.S.P.R. 546,547 (1981)
(same).  We note, however, that the denial of retirement
benefits was proper in each of these cases, since none of the
appellants had met the covered service requirements of the CSRA.

App. C-4

<u>Appeal Rights</u>

In view of the above, the decision of December 8, 1993, is affirmed.  This constitutes the final decision of the Office of Personnel Management on this matter.  You have the right to appeal this appeal this decision to the Merit Systems Protection Board.  The enclosed sheet provides filing instructions.  Please note the twenty-five (25) day time limit for filing an appeal.

Sincerely,

William C. Jackson, Chief
Reconsideration and Debt
Collection Division

Enclosure

App. C-5



UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
SAN FRANCISCO REGIONAL OFFICE

| | | |
|---|---|---|
| ALIPIO M. SIWA,<br>　　　Appellant,<br><br>　　　v.<br><br>OFFICE OF PERSONNEL MANAGEMENT,<br>　　　Agency.<br>　　　(CSA 3 491 207) | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | DOCKET NUMBER<br>SE-0831-94-0341-I-1<br><br><br>DATE:　June 24, 1994 |

　　　Rizalino S. Cayle, Olongapo City, Philippines, for the
　　　appellant.

　　　Carol Pelosi, Washington, D.C., for the agency.

BEFORE

Portia K. Igarashi
Administrative Judge


**INITIAL DECISION**


INTRODUCTION

　　　The appellant timely appealed an agency reconsideration
decision which found that he was not entitled to an annuity under
the Civil Service Retirement System.　The Board has jurisdiction
pursuant to 5 U.S.C. § 8347(d) and 5 C.F.R. § 831.110.

　　　For the reasons set forth below, the agency's
reconsideration decision is AFFIRMED.

ANALYSIS AND FINDINGS

Applicable Law

　　　As an applicant for a statutory benefit, the appellant has
the burden of proving, by preponderant evidence, that he meets

App. D-1

the statutory requirements for entitlement. *See* C.F.R. § 1201.56(a)(2); *Fredeluces v. Office of Personnel Management*, 57 M.S.P.R. 598, 601 (1993), *aff'd*, 16 F.3d 421 (Fed. Cir. 1993) (Table).

Because the appellant claims entitlement to an annuity based upon a separation occurring after August 31, 1954, he must meet the requirements of the current version of the Civil Service Retirement Act. Under 5 U.S.C. § 8333(b), to qualify for a civil service retirement annuity an employee must have completed at least five years of creditable civilian service and he must also have served at least one of his last two years of Federal service in a position covered by the Civil Service Retirement System (CSRS). *See Anulao v. Office of Personnel Management*, 59 M.S.P.R. 336, 339 (1993); *Hawco v. Office of Personnel Management*, 52 M.S.P.R. 290, 293 (1992).

Creditable service is broadly defined and includes almost all civilian and military employment for the government of the United States and the District of Columbia. Covered service is much narrower; it extends only to those employees who must deposit part of their basic pay into the Civil Service Retirement and Disability Fund. *See Noveloso v. Office of Personnel Management*, 45 M.S.P.R. 321, 323-24 (1990).

## The Appellant's Service was not Covered by the CSRS

The appellant's claim for retirement benefits is based on approximately 27 years of service with the U. S. Navy Public Works Center, Subic Bay, Philippines. The termination standard Form-50 indicates that the appellant retired from employment in lieu of an involuntary reduction-in-force, effective September 30, 1992. The record also indicates that from October 1, 1992 to November 6, 1992, he served in a temporary (NTE) appointment.

The official documents of record reveal that all of the appellant's service was accomplished under a series of excepted appointments that were temporary or indefinite in duration. Although the appellant's service is creditable for retirement purposes, *Vanaman v. Office of Personnel Management*, 55 M.S.P.R.

App. D-2

358, 360 (1992), *vacated on other grounds*, 59 M.S.P.R. 598 (1993), such service is not covered by the CSRS. As the Board has ruled, all Federal service is covered by the civil service retirement system, except for service specifically excluded by law or by OPM regulation. Temporary service and excepted indefinite appointments are specifically excluded from coverage by Office of Personnel Management (OPM) regulation. *See* 5 C.F.R. § 831.210(a)(12)-(13); *Noveloso,* 45 M.S.P.R. at 324. Thus, the appellant's service under such appointments does not qualify him for an annuity.

The appellant argued that he should not be denied an annuity, that OPM was without authority to exclude indefinite appointments from coverage. I find the appellant's argument to be without merit. OPM's action and, specifically, this exclusion have been reviewed and sustained by the Board. *See Noveloso,* 45 M.S.P.R. at 324-25. Further, as the agency entrusted with the administration of retirement laws and the promulgation of the implementing regulations, OPM is entitled to great deference in its interpretation of the retirement statutes unless the interpretation is plainly erroneous or is inconsistent with the statute or other regulations. *See Money v. Office of Personnel Management,* 811 F.2d 1474 (Fed. Cir. 1987). The Board may reject the responsible agency's interpretation of a statute only where there is compelling evidence that the interpretation is wrong. *See Evans v. Office of Personnel Management,* 59 M.S.P.R. 94, 104 (1993). I find no such compelling evidence in this case.

Additionally, because the appellant produced no evidence showing that any of his appointments were at any time subject to the CSRS and that his personnel record was incomplete as to that evidence, the appellant's tenure group is not relevant. *See Fredeluces,* 57 M.S.P.R. at 602, n. 4. I also note that there is no evidence that retirement deductions were ever taken from the appellant's pay. This is entirely consistent with the official notations in the various appointment documents of record that the appellant was not covered by the CSRS. Although the absence of deductions is not determinative of whether service was covered, I

App-D-3

4

find it to be circumstantial evidence that the appellant's employing agency did not consider his service to be covered by the CSRS. *Cf. Mendez v. Office of Personnel Management,* 51 M.S.P.R. 81, 86 (1991), *review dismissed,* 965 F.2d 1063 (Fed. Cir. 1992). The evidence is clear that the appellant's appointments were intentionally without CSRS coverage.

The appellant mentions his current financial hardship due to the volcanic eruption and the loss of his job. However, this appeal concerns only the question of his eligibility under the CSRS. The appellant cannot be awarded an annuity solely on the basis of hardship or other equitable principles. *See, e.g., Sanchez v. Office of Personnel Management,* 47 M.S.P.R. 343, 347 (1991); *Shelley v. Office of Personnel Management,* 6 M.S.P.R. 267, 272 (1981).

The appellant is entitled only to the rights incident to the positions to which he was appointed. *See Julius v. Department of the Army,* 35 M.S.P.R. 130, 133 (1987), *aff'd,* 852 F.2d 1293 (Fed. Cir. 1988) (Table). The appellant's service in this case was accomplished under excepted, indefinite appointments. These appointments are specifically excluded from CSRS coverage. The appellant has failed to establish that he ever served in a position covered by the CSRS. Accordingly, I find that the appellant has failed to establish that he is entitled to an annuity. *See Anulao,* 59 M.S.P.R. at 339 (1993).

## DECISION

The agency's action is AFFIRMED.

FOR THE BOARD:

Portia K. Igarashi
Administrative Judge

## NOTICE TO APPELLANT

This initial decision will become final on <u>July 29, 1994,</u> unless a petition for review is filed by that date or the Board reopens the case on its own motion. This is an important date

App. D-4

because it is the last day on which you can file a petition for review with the Board. The date on which the initial decision becomes final also controls when you can file a petition for review with the Court of Appeals for the Federal Circuit. The paragraphs that follow tell you how and when to file with the Board or the federal court. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

## BOARD REVIEW

You may request Board review of this initial decision by filing a petition for review. Your petition for review must state your objections to the initial decision, supported by references to applicable laws, regulations, and the record. You must file your petition with:

The Clerk of the Board
Merit Systems Protection Board
1120 Vermont Avenue, NW., Suite 806
Washington, DC 20419

If you file a petition for review, the Board will obtain the record in your case from the Administrative Judge and you should not submit anything to the Board that is already part of the record. Your petition must be postmarked or hand-delivered no later than the date this initial decision becomes final. If you fail to provide a statement with your petition that you have either mailed or hand-delivered a copy of your petition to the agency, your petition will be rejected and returned to you.

## JUDICIAL REVIEW

If you are dissatisfied with the Board's final decision, you may file a petition with:

The United States Court of Appeals
for the Federal Circuit
717 Madison Place, NW.
Washington, DC 20439

You may not file your petition with the court before this decision becomes final. To be timely, your petition must be

App. D-5

<u>received</u> by the court no later than 30 calendar days after the date this initial decision becomes final.

### NOTICE TO AGENCY/INTERVENOR

  The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.

App. D-6

<u>CERTIFICATE OF SERVICE</u>

I certify that the attached Document(s) was (were) sent by regular mail, unless otherwise indicated below, this day to each of the following:

<u>Appellant</u>

Alipio M. Siwa
#6 - 7th St., West Tapinac
Olongapo City 601F
PHILIPPINES

<u>Appellant's Representative(s)</u>

Rizalino S. Cayle
1229 Christ the King
Sta. Rita
Olongapo City 601F
PHILIPPINES

<u>Agency's Representative(s)</u>

Carol Pelosi
Retirement Policy Division
Retirement and Insurance Group
US Office of Personnel Management
P.O. Box 16
Washington, DC  20044

<u>Other</u>

Marjorie Marks
U.S. Office of Personnel Management
Employee Relations Division
1900 "E" Street, N.W., Room 7412
Washington, DC  20415

JUNE 24, 1994
(Date)

JUDY MATTIAS
LEGAL ASSISTANT
(415) 744-3081

App. D-7



Westlaw.

62 F.3d 1433

62 F.3d 1433, 1995 WL 412948 (C.A.Fed.)
**(Cite as: 62 F.3d 1433)**

**H**
62 F.3d 1433, 1995 WL 412948 (C.A.Fed.)
NOTICE: THIS IS AN UNPUBLISHED
OPINION.(The Court's decision is referenced in a "
Table of Decisions Without Reported Opinions"
appearing in the Federal Reporter. Use FI CTAF
Rule 47.6 for rules regarding the citation of
unpublished opinions.)
    United States Court of Appeals, Federal Circuit.
        Alipo M. **SIWA**, Petitioner,
                    v.
OFFICE OF PERSONNEL MANAGEMENT,
                Respondent.
              **No. 94-3665.**

              July 7, 1995.
Rehearing Denied; Suggestion for Rehearing In
        Banc Declined Nov. 8, 1995.

MSPB

AFFIRMED

Before MAYER , Circuit Judge, COWEN , Senior
Circuit Judge, and LOURIE, Circuit Judge.

              ON MOTION

MAYER, Circuit Judge.

                ORDER

The Office of Personnel Management (OPM)
moves for summary affirmance of the Merit System
Protection Board's decision holding that Alipo M.
**Siwa** was not entitled to retirement benefits under
the Civil Service Retirement Act (CSRA), 5 U.S.C.
§ 8331 *et seq.* **Siwa** opposes. FN1

**Siwa** was employed from 1960 until 1966, and from
1971 until 1992 by the Department of the Navy in
Subic Bay, the Philippines. FN2 **Siwa** was
separated when the base closed, and he applied for

retirement benefits under the CSRA. OPM denied
**Siwa's** application, and he appealed OPM's denial
to the Board. The Administrative Judge (AJ)
determined that **Siwa** had served under a series of
temporary and indefinite appointments that were
specifically excluded from CSRA coverage
pursuant to 5 C.F.R. § 831.201(a)(12) and (a)(13).
The AJ thus concluded that while **Siwa** had
completed at least five years of creditable federal
civilian employment, he had not been employed in a
position covered by the CSRA. *See* 5 U.S.C. §
8333(b) ; 5 U.S.C. § 8347(g). **Siwa** petitioned this
court for review.

First, we note that 5 U.S.C. § 8347(g) specifically
excludes temporary appointments from qualifying
as covered service. Second, this court recently
addressed whether indefinite appointments qualify
as covered service in *Rosete v. Office of Personnel
Management,* 48 F.3d 514 (Fed.Cir.1995). The
exclusion of indefinite appointments is contained in
OPM's regulation that interprets § 8347(g). *See* 5
C.F.R. § 831.201(a)(13). We held that it was
proper to defer to OPM's interpretation of § 8347(g)
as excluding indefinite appointments because that
interpretation was "both reasonable and of long
standing." *Rosete,* 48 F.3d at 519. Accordingly,
we concluded that an indefinite appointment in the
excepted service did not constitute covered service
within the meaning of the CSRA. *Id.* at 520.

We agree with OPM that the Board's decision that
**Siwa** was not entitled to retirement benefits should
be summarily affirmed based on our holding in
*Rosete.* Summary disposition of a case "is
appropriate, *inter alia,* when the position of one
party is so clearly correct as a matter of law that no
substantial question regarding the outcome of the
appeal exists." *Joshua v. United States,* 17 F.3d
378, 380 (Fed.Cir.1994). In his opposition, **Siwa**
argues that *Rosete* was wrongly decided. However,
we are bound by this court's holding in *Rosete.*

Accordingly,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

App. E-1

62 F.3d 1433    Page 2

62 F.3d 1433, 1995 WL 412948 (C.A.Fed.)
**(Cite as: 62 F.3d 1433)**

IT IS ORDERED THAT:

(1) OPM's motion for summary affirmance is granted.

(2) Each side shall bear its own costs.

> FN1. **Siwa** filed an opposition twelve days late. We treat **Siwa's** opposition as a motion for leave to file an opposition out of time, with opposition attached, and grant it.

> FN2. We note that OPM has not provided us with all of **Siwa's** SF-50 personnel forms. It is not clear whether the missing documents are no longer in existence or if OPM simply failed to attach them to its motion. However, because **Siwa** does not challenge any of the Administrative Judge's findings in his informal brief, we rely on those findings. OPM is advised that in the future it should provide the court with the applicable documentation.

C.A.Fed.,1995.
Siwa v. Office of Personnel Management
62 F.3d 1433, 1995 WL 412948 (C.A.Fed.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Received
Mail Room
MAY 4 — 2007
Nancy Mayer Whittington, Clerk
U.S. District Court, District of Columbia



App. E-2

JS-44
(Rev.1/05 DC)

## I. (a) PLAINTIFFS

ALIPIO M. SIWA

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _99999_
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

## DEFENDANTS

US OFFICE OF PERSONAL MGT.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
T...

Case: 1:07-cv-00960
Assigned To : Leon, Richard J.
Assign. Date : 05/23/2007
Description: EMPLOY DISCRIM.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

⬤ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

### ☐ A. Antitrust

☐ 410 Antitrust

### ☐ B. Personal Injury/ Malpractice

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

④

| ☐ **G.** *Habeas Corpus 2255* | ☐ **H.** *Employment Discrimination* | ☐ **I.** *FOIA/PRIVACY ACT* | ☐ **J.** *Student Loan* |
|---|---|---|---|
| ☐ **530** Habeas Corpus-General<br>☐ **510** Motion/Vacate Sentence | ☐ **442** Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)** | ☐ **895** Freedom of Information Act<br>☐ **890** Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)** | ☐ **152** Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ **K.** *Labor/ERISA (non-employment)* | ☐ **L.** *Other Civil Rights (non-employment)* | ☐ **M.** *Contract* | ☐ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ **710** Fair Labor Standards Act<br>☐ **720** Labor/Mgmt. Relations<br>☐ **730** Labor/Mgmt. Reporting & Disclosure Act<br>☐ **740** Labor Railway Act<br>☐ **790** Other Labor Litigation<br>☐ **791** Empl. Ret. Inc. Security Act | ☐ **441** Voting (if not Voting Rights Act)<br>☐ **443** Housing/Accommodations<br>☐ **444** Welfare<br>☐ **440** Other Civil Rights<br>☐ **445** American w/Disabilities-Employment<br>☐ **446** Americans w/Disabilities-Other | ☐ **110** Insurance<br>☐ **120** Marine<br>☐ **130** Miller Act<br>☐ **140** Negotiable Instrument<br>☐ **150** Recovery of Overpayment & Enforcement of Judgment<br>☐ **153** Recovery of Overpayment of Veteran's Benefits<br>☐ **160** Stockholder's Suits<br>☐ **190** Other Contracts<br>☐ **195** Contract Product Liability<br>☐ **196** Franchise | ☐ **441** Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

| ☒ **1** Original Proceeding | ☐ **2** Removed from State Court | ☐ **3** Remanded from Appellate Court | ☐ **4** Reinstated or Reopened | ☐ **5** Transferred from another district (specify) | ☐ **Multi district Litigation** | ☐ **7** Appeal to District Judge from Mag. Judge |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

*42 USC 2000*

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23  **DEMAND $**  Check YES only if demanded in complaint **JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☐ YES ☐ NO  If yes, please complete related case form.

DATE *5.23.07*  SIGNATURE OF ATTORNEY OF RECORD *NOD*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd