## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Alipio M. Siwa** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action No. 07-0960 (RJL)** |
| | ) |
| | ) |
| **U.S. Office of Personnel Management** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

## DEFENDANT'S MOTION TO DISMISS,
## OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant respectfully moves this Court to dismiss the above-captioned complaint

pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In the alternative, Defendant

moves the Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure for an order

granting Defendant summary judgment on the grounds that no genuine issue of material fact

exists and Defendant is entitled to judgment as a matter of law. In support of this motion,

Defendant respectfully refers the Court to the accompanying Memorandum of Points and

Authorities, the Statement of Material Facts Not in Dispute, the Declaration of Kim C. Jones,

and the attached Exhibits.[1]

_____

[1] Plaintiff should take notice that any factual assertions contained in the declarations in
support of Defendant's motion will be accepted by the Court as true unless Plaintiff submits his
own declaration or other documentary evidence contradicting the assertions in the attached
declarations. See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992) and Rule 56(e) of the Federal
Rules of Civil Procedure which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall
> set forth such facts as would be admissible in evidence and shall show
> affirmatively that the affiant is competent to testify to the matters stated therein.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar No. 498610
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. Bar No. 434122
Assistant United States Attorney


_____
WYNEVA JOHNSON, D.C. Bar No. 278515
Assistant United States Attorney
Judiciary Center
555 4th Street, N.W.
Washington, D.C. 20530

---

Sworn or certified copies of all parts or papers thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavit to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials or the adverse party's pleadings, but the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Alipio M. Siwa | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-0960 (RJL) |
| | ) |
| | ) |
| U.S. Office of Personnel Management, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS,**
**OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Plaintiff pro se Alipio M. Siwa is a former employee of the Department of the Navy and seeks relief under an unspecified cause of action for discrimination. Compl. ¶¶ 1-2. Plaintiff files this civil action and asserts that the Office of Personnel Management ("OPM") discriminated against him by interpreting 5 C.F.R. § 831.201(a)(13) to deny him retirement benefits under the Civil Service Retirement Act ("CSRS"). Compl. ¶ 21. Plaintiff seeks his retirement benefits since his separation from the Department of the Navy in 1992. Compl. ¶ 22.

Defendant moves for dismissal of Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), lack of subject matter jurisdiction, and 12(b)(6), failure to state a claim upon which relief can be granted, on the grounds that Plaintiff's claim is barred by the doctrines of res judicata and collateral estoppel, that plaintiff failed to exhaust administrative remedies, and that Plaintiff's alleged Title VII claim does not extend extra-territorially to non-United States citizens. In the alternative, Defendant moves the Court, pursuant to Rule 56 of the Federal Rules

of Civil Procedure for an order granting Defendant summary judgment on the grounds that no genuine issue of material fact exists and Defendant is entitled to judgment as a matter of law.

**Defendant's Statement of Material Facts Not in Dispute is Incorporated Herein**

Plaintiff, Alipio M. Siwa, is a foreign national who worked from 1960 - 1966 and from 1971 - 1992 as a civilian for the Department of the Navy in the Republic of the Philippines. Compl. ¶ 2.  Siwa worked under a series of temporary and indefinite service appointments. Compl. ¶ 5; see also Siwa v. Office of Pers. Mgmt., M.S.P.B., Docket No. SE-0831-94-0341-I-1 (June 24, 1994), Attachment to Complaint at p. 59, Appendix D.

Siwa was separated from his job in 1992.  Shortly thereafter, Siwa requested retirement benefits from the Office of Personnel Management ("OPM") under the Civil Service Retirement Act ("CSRS").  Compl.  ¶ 2.

Siwa first requested CSRS retirement benefits from OPM on May 24, 1993.  CSRS Request App. 1993, Exhibit 1.  In an initial decision on December 8, 1993, OPM held that Siwa was not entitled to an annuity under the CSRS.  OPM Init. Decision 1993, Exhibit 5.  OPM reviewed its initial decision at Siwa's request and  reached its final decision on February 8, 1994 that Siwa was not entitled to CSRS benefits.  OPM Final Decision 1994, Exhibit 6; see Attachment to Complaint at p. 61, Plaintiff's Exhibit C.

Siwa appealed OPM's decision to the Merit Systems Protection Board (the "Board"), and argued, *inter alia*, that OPM lacked authority to exclude indefinite appointments from CSRS coverage.  Siwa v. Office of Pers. Mgmt., M.S.P.B., Docket No. SE-0831-94-0341-I-1 (June 24, 1994), Compl. at p. 59, Plaintiff's Appendix D; Exhibit 7.  On June 24, 1994, the Board affirmed OPM's decision that Siwa was not entitled to CSRS annuity benefits.  Id.  The Board determined

that Siwa performed all of his service under temporary and indefinite appointments specifically excluded from CSRS coverage.  Id.  The Board also found that OPM did not exceed its authority by excluding excepted indefinite appointments from CSRS coverage.  Id.

The Board denied Siwa's petition for review on September 8, 1994.  Siwa v. Office of Pers. Mgmt., No. SE-0831-94-0341-I-1, 64 M.S.P.R 221 (Sept. 8, 1995) (Table), Exhibit 6. Siwa appealed the Board's decision to the United States Court of Appeals for the Federal Circuit on October 14, 1994.  See Siwa Informal Brief, Exhibit 2.  On July 7, 1995, the Court of Appeals for the Federal Circuit affirmed the Board's decision.  Siwa v. Office of Pers. Mgmt., No. 94-3665, 1995 WL 412948, 62 F.3d 1433, (Fed. Cir. July 7, 1995) (Table), Exhibit 8.  The Court held that 5 U.S.C. § 8347(g) specifically excludes service under temporary and indefinite appointments, like Siwa's, from coverage under the CSRS and OPM did not exceed its regulatory authority.  Id.   The Court further reiterated its holdings in Rosete v. Office of Personnel Management that OPM's regulatory interpretation of section 8347(g) to exclude temporary and indefinite appointments under 5 C.F.R. § 831.201(a)(13) is "both reasonable and of long standing."  See Siwa, 62 F.3d at *1 (citing Rosete v. Office of Pers. Mgmt., 48 F.3d 514 (Fed. Cir. 1995)).

On April 15, 1996, the United States Supreme Court denied Siwa certiorari.  Siwa v. Office of Pers. Mgmt., No. 95-6997, 517 U.S. 1138 (Apr. 15, 1996) cert. denied.  On June 24, 1996, the Supreme Court denied rehearing Siwa's request for a writ of certiorari.  Siwa v. Office of Pers. Mgmt., No. 95-6997, 518 U.S. 1028 (June 24, 1996) reh'g. denied.

Siwa subsequently filed a petition seeking Board review of 5 C.F.R. §§ 831.201(a)(12) & 831.201(a)(13), pursuant to 5 U.S.C. § 1204(f), a provision authorizing the Board to review

OPM regulations.[2]  Siwa's petition was joined with those of other individuals and captioned De

Jesus, et. al. v. Office of Pers. Mgmt., CB-1205-96-0036-U-1, 73 M.S.P.R. 458 (March 5, 1997)

(Table), Exhibit 9.  The petitioners argued that 5 C.F.R. §§ 831.201(a)(12) & 831.201(a)(13)

conflicted with 5 U.S.C. § 8347(g) and with its predecessor, sections 1(a) and 2(e) of the Civil

Service Retirement Act of 1956, Pub. L. 854, 70 Stat. 743-45 (July 31, 1956).  Id.  On March 5,

1997, the Board denied this petition.  De Jesus, CB-1205-96-0036-U-1, 73 M.S.P.R. at *458.

The Board held that Amerille v. Office of Pers. Mgmt., previously had held that these arguments

did not provide a basis for the exercise of its jurisdiction.  Id. (citing Amerille v. Office of Pers.

Mgmt., 68 M.S.P.R 424 (1995), aff'd, 78 F.3d 605 (Fed. Cir. 1996) (Table), cert. denied, 518

U.S. 1010, reh'g denied, 518 U.S. 1040 (1996)).  The Board also noted that in Amerille it relied

on the decision of the Court of Appeals for the Federal Circuit's holding in Rosete.  See id.

(citing Rosete, 48 F.3d 514).  The Board concluded that the petitioner's arguments in De Jesus

did not warrant a different outcome or further discussion of the validity of 5 C.F.R. §§ 831.201.

Id.  Consequently, the Board denied their petitions for review.  Id.

Siwa thereafter filed another petition asking the Board to review 5 C.F.R. §

831.201(a)(13).[3]  Corpuz Compl. 2005, Exhibit 3.  Siwa's petition was joined with those of other

individuals and captioned Corpuz v. Office of Pers. Mgmt., 100 M.S.P.R 560 (M.S.P.B. 2005),

Exhibit 10.  The petitioners argued that 5 C.F.R. § 831.201(a)(13) violates Section 2(e) of  Pub.

---

[2] Section 831.201(a)(12) of the OPM retirement regulations excludes from CSRS coverage employees serving under nonpermanent appointments made pursuant to section 1 of Executive Order 10,180 of November 13, 1950.

[3] In his petition, Siwa requested review of 5 C.F.R. § 831.201(a)(14) (1963-1987), which was renumbered as 5 C.F.R. § 831.201(a)(13) by OPM in 1988.  53 Fed. Reg. 42,933, 42,936 (October 25, 1988).  Defendant refers to the former section 831.201(a)(14) by its current citation.

L. 854, 70 Stat. 736, 745 (July 31, 1956), the predecessor of 5 U.S.C. § 8347(g), which

authorizes OPM to exclude from the CSRS "an employee or group of employees . . . whose

employment is temporary or intermittent." Corpuz, 100 M.S.P.R. at 562.  Petitioners further

argued that 5 C.F.R. § 831.201(a)(13) violates 5 C.F.R. § 1.3(e), which defines the term "tenure"

in the Civil Service Rules, and 5 C.F.R. § 2.2(c), which provides that OPM may determine the

types, duration, and conditions of indefinite and temporary appointments.  Id.

On December 5, 2005, the Board denied petitioners' requests for regulatory review

because it concluded that the requests were precluded by res judicata.  Corpuz, 100 M.S.P.R at

562-63.  The Board found that all of the petitioners had previously filed retirement appeals

before the Board contesting their exclusion from civil service retirement coverage pursuant to 5

C.F.R. § 831.201(a)(13).  Corpuz, 100 M.S.P.R at 562.  The Board also found that by denying

these claims it had affirmed the validity of section 831.201(a)(13) as a reasonable interpretation

of 5 U.S.C. § 8347(a) and the Court of Appeals for the Federal Circuit had affirmed the Board's

conclusion.  Id.  The Board further found that all of the petitioners, except petitioner Reyes,

previously had requested that the Board review the validity of 5 C.F.R. § 831.201(a)(13), and

these petitions had been denied.  Id. at 562-63.

Furthermore, although the petitioners made a new allegation that section 831.201(a)(13)

violates 5 C.F.R. §§ 1.3(e) & 2.2(c), the Board held that petitioners were not entitled to return to

the Board based on a new theory of their cases.  Id. at 563.  The Board concluded that because

the petitioners could have raised their claims in their prior retirement benefits appeals and

challenges to the validity of 5 C.F.R. § 831.201(a)(13) but did not, the doctrine of res judicata

barred the new petitions for review of section 831.201(a)(13).  Id.

Siwa subsequently appealed the Board's 2005 decision not to rehear his claim to the Court of Appeals for the Federal Circuit.  Siwa again argued that OPM wrongly interpreted 5 C.F.R. § 831.201(a)(13).  Siwa Informal Brief 2006, Exhibit 4.

On November 9, 2006, the Court of Appeals for the Federal Circuit dismissed Siwa's appeal for lack of jurisdiction.  Siwa v. Office of Pers. Mgmt., No. 2006-3174, 2006 WL 3251728, 206 Fed. Appx. 985 (Fed. Cir. 2006), Exhibit 11.  The Court held that it had no jurisdiction to review a Board decision to dismiss Plaintiff's complaint as meritless on grounds of res judicata.  Id. at *986.  The Court denied Siwa's appeal for rehearing and his appeal for rehearing en banc on March 27, 2004.  Id.

## ARGUMENT

**1.        Standards of Review**

### A.        Lack of Subject Matter Jurisdiction and Failure to State a Claim Upon Which Relief Can be Granted

Defendant moves for dismissal of Plaintiff's complaint  pursuant to  Federal Rules of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, and 12(b)(6), failure to state a claim upon which relief can be granted.  The standard to be applied in deciding a motion to dismiss is well established.  For purposes of deciding whether a plaintiff has failed to state a cause of action, the factual allegations of the complaint must be taken as true, and all ambiguities or doubts must be resolved in favor of the pleader.  Caudle v. Thomason, 942 F.Supp. 635, 638 (D. D.C. 1996).  Despite this generous standard, the complaint still must set forth sufficient information to suggest that there exists some recognized legal theory upon which relief can be granted.  Id.  A court must dismiss a complaint where, even assuming all the factual allegations

are true, the plaintiff has failed to establish a right to relief based upon those facts.  Id.  This legal

standard for motions to dismiss applies to questions of venue and of jurisdiction just as it does to

substantive claims.  See Dickson v. United States, 831 F.Supp. 893, 896 (D.D.C. 1993), aff'd 48

F.3d 562 (D.C. Cir. 1995).  In this case, Plaintiff fails to establish a right to relief on the

substantive claims asserted even when the facts, as he alleges, are accepted as true.

Plaintiff also fails to establish that this Court has subject matter jurisdiction.  Plaintiff

clearly bears the burden of establishing subject matter jurisdiction. See Miller v. United States,

710 F.2d 656, 662 (10th Cir.), cert. denied, 104 S.Ct. 352 (1983); Baird v. United States, 653

F.2d 437, 440 (10th Cir. 1981), cert. denied, 454 U.S. 1144 (1982).  Requests for dismissal for

lack of jurisdiction over the subject matter pursuant to 12(b)(1) require a particular standard of

review.   A court may resolve a motion to dismiss for lack of subject matter jurisdiction under

Rule 12(b)(1) in two ways.  First, the court may determine the motion based solely on the

complaint. Herbert v. National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992).

Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations

of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the

conflic, ting evidence.  See id.

The Supreme Court has expounded on the oft-quoted standard in Conley v. Gibson, 355

U.S. 41 (1957) for making determinations on a motion to dismiss under Rule 12(b)(6), noting

that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

factual allegations ... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do ...." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65

(2007) (citations omitted) (emphasis added).  Thus, in order for a complaint to survive dismissal, the [f]actual allegations must be enough to raise a right to relief above the speculative level ....” Id. (citations omitted).  This requires a plaintiff seeking to avoid dismissal to state "circumstances, occurrences and events" that support the legal claim presented rather than merely make a "bare averment" that he is entitled to relief.  Id. at 1965 n.3.  Dismissal is required if the complaint does not plead "enough facts to state a claim to releif that is plausible on its face."  Id. at 1974.

## B.    Summary Judgment Standard

 Summary judgment is proper "if the pleading, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Diamond v. Atwood, 43 F.3d 1538, 1540 (D.C. Cir. 1995).

A genuine issue of material fact is one that could change the outcome of the litigation. See Anderson v. Liberty Lobby, Inc., 477 U.S.242, 247 (1986).  Thus, the nonmovant cannot manufacture genuine issues of material fact with "some metaphysical doubt as to the material facts" (Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1086)) or with "conclusory allegations .. . . unsubstantiated assertions, . . . or a scintilla of evidence." See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(citations omitted). Moreover,

> [b]y pointing out the absence of evidence to support the nonmoving party’s case, the moving party can demonstrate that there is no genuine issue as to any material fact, therefore entitling it to summary judgment.

Shelborne v. Runyon, 1997 WL 527352 at **3-4 (D.C. C. 1997)(citing Celotex v. Catrett, 477 U.S. at 325).

**2.    Plaintiff's Claim is Barred by the Doctrines of Res Judicata and Collateral Estoppel.**

Collateral estoppel prevents a party in the same or subsequent action from gaining a redetermination of an issue of fact or law, see Kidwell v. Army, 56 F.3d 279, 286-7 (D.C.Cir. 1995), where: (1) the issue was, after full and fair opportunity, actually litigated in the first action; (2) the issue was necessarily determined in the first action by a disposition that is sufficiently final, on the merits, and valid; (3) the subsequent litigation is between the same parties or their privies; and (4) there are no special considerations of fairness, relative judicial authority, or changes of law.  Burlington Resources Oil & Gas Co. v. United States Dep't of the Interior, 21 F.Supp.2d 1, 3 (D.D.C. 1998); Bazuaye v. U.S., 41 F.Supp.2d 19, 25, n.8 (D.D.C. 1999)("Collateral estoppel or issue preclusion bars subsequent litigation of factual issues even if those issues pertain to different claims in the subsequent litigation."); Metropolitan Washington Airports Authority Professional Firefighters Local 3217, Intern. Ass'n of Firefighters, AFL-CIO-CLC v. Metropolitan Washington Airports Authority, 159 F.3d 630, 634 n.2 (D.C. Cir. 1998)(Relitigation of underlying facts may be barred under the doctrine of issue preclusion.)

Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a subsequent suit involving the same parties or their privies based on the same cause of action. See Allen v. McCurry, 449 U.S. 90, 94 (1980); Drake v. F.A.A., 291 F.3d 59, 66 (D.C. Cir. 2002); United States v. Mendoza, 464 U.S. 154, 158 (1984); Milton S. Kronheim & Co. v. District of Columbia, 91 F.3d 193, 197 (D.C. Cir. 1996); American Employers Ins. Co. v. American

9

Security Bank, 747 F.2d 1493, 1498 (D.C. Cir. 1984).    "Res judicata concludes not only issues

decided but also those which could have been raised and decided in the earlier proceeding."

National Savings & Trust Co. v. Rosendorf, 559 F.2d 837, 840 n. 26 (D.C. Cir. 1977).

      Here, Plaintiff is attempting to litigate a discrimination claim he could have brought in

previous cases but failed to and thus is barred by the doctrine of collateral estoppel. Plaintiff also

attempts to relitigate a retirement claim that is barred by the doctrine of res judicata.  As set forth

above, under the doctrines of res judicata and collateral estoppel, a party may not re-litigate

issues that were, or could have been, finally decided in an earlier action for which there is a final

judgment on the merits; once a court has decided an issue of fact or law necessary to its

judgment, that decision may preclude re-litigation of the issue in a suit on a different cause of

action involving a party to the first action.  See Taylor v. Blakey, No. 05-5279, 2007 WL

1791094, at *2 (D.C. Cir. June 22, 2007).

      If a court determines that a new suit brought under a different cause of action by a party

to the first action shares a "common nucleus of facts" with the first action, then a court must bar

already litigated issues affecting that party or those issues necessary to the case which could

have been resolved in the earlier action.  Taylor, No. 05-5279, 2007 WL 1791094, at *9 (quoting

Apotex, Inc. v. FDA, 393 F.3d 210, 217 (D.C. Cir. 2004)).

      Because a Plaintiff brings a claim under "[a] different legal theory does not by itself

demonstrate a difference in the nucleus of facts."  Taylor, No. 05-5279, 2007 WL 1791094, at *9

(quoting Apotex, 393 F.3d at 217); see also Page v. United States, 729 F.2d 818, 820 (D.C. Cir.

1984), quoting Expert Elec., Inc. v. Levine 554 F.2d 1234 (2d Cir. 1977) (holding for res

judicata purposes, a claim is judged on "the facts surrounding the transaction or occurrence

10

which operate to constitute the cause of action, not the legal theory upon which a litigant

relies"). A plaintiff also cannot necessarily escape the bar of res judicata by bringing an already

litigated claim under a new cause of action such as discrimination. See e.g. Spears v. Merit Sys.

Prot. Board, 766 F. 2d 520, 523 (Fed. Cir. 1985) (holding plaintiff's discrimination claims were

precluded by res judicata because plaintiff had a previous opportunity to raise her discrimination

claims before the Merit Systems Protection Board during an earlier challenge to her termination

on non-discrimination grounds but did not).

The present case marks the eleventh time that Plaintiff has filed repetitive claims for

retirement benefits. Since 1993, the Office of Personnel Management, the Merit Systems

Protection Board, and the Court of Appeals for the Federal Circuit have denied, dismissed, or

otherwise affirmed the rejection of Plaintiff's claims to retirement benefits eight separate times

and the United States Supreme Court has twice refused to hear Siwa's appeals. See Defendant's

Statement of Material Facts not in Dispute for a catalogue of the claims Plaintiff has brought and

lost in federal administrative and judicial courts.

This Court should treat Plaintiff's present complaint no differently because the current

complaint and all his previous claims stem from "a common nucleus of facts." Plaintiff alleges

the same wrong in this and all his previous suits – that OPM incorrectly determined he was

ineligible for CSRS benefits. Compare Compl. with Exhibits 1-11. In this and all previous suits,

Plaintiff challenges 5 C.F.R. § 831.201(a)(13) or 5 U.S.C. § 8347(g), and claims that literal

definitions of the words "indefinite" and "tenure" reveal that OPM unlawfully interpreted its

own regulations to exclude him from CSRS coverage and every appellate review body, including

the United States Supreme Court, wrongly affirmed or otherwise denied rehearing OPM's

determination.  <u>Compare</u> Compl. <u>with</u> Exhibits 1-11.  In this and all previous suits, Plaintiff also

seeks the same remedy, retirement benefits since 1992.  Compl ¶ 22; <u>Compare</u> Compl. <u>with</u>

Exhibits 1-11.

The only significant difference between Plaintiff's present complaint and his prior

complaints is that now Plaintiff alleges that denying him retirement benefits "is a form of

'DISCRIMINATION'"  Compl ¶ 21.  This Court should dismiss Plaintiff's current complaint

because it is so clearly a repackaged version of Plaintiff's already litigated and lost retirement

benefits argument, presented under a new "discrimination" label.  Indeed, the word

"discrimination" appears only twice in Plaintiff's complaint, in the first and third from last

paragraphs.  <u>See</u> <u>generally</u> Compl.  Plaintiff makes no factual allegations in his entire complaint

about discrimination based on any personal category such as race, color, religion, sex, age, or

national origin.  <u>See</u> <u>generally</u> <u>id.</u>

Plaintiff never raised a discrimination complaint during any of his administrative and

then judicial appeals during the previous fifteen years.  Indeed, in 1994, Plaintiff certified on a

pre-appeal "Petitioner's Statement Concerning Discrimination" form that: "No claim of

discrimination by reason of race, sex, age, national origin or handicapped condition has been or

will be made in this case."  <u>See</u> Petitioner's Statement Concerning Discrimination, Exhibit 12,

presented to the Court of Appeals for the Federal Circuit for <u>Siwa</u>, No. 94-3665, 1995 WL

412948.

Plaintiff now hopes to relitigate his previously lost retirement claims as a

"discrimination" claim.  Plaintiff's thinly disguised retirement claim is barred by res judicata and

collateral estoppel and any broader possible discrimination claims are barred as well.

12

**3.**    **This Court Lacks Jurisdiction over Plaintiff's Claim Because Title VII Does Not Extend Extra-Territorially to Non-United States Citizens.**

Plaintiff cannot establish subject matter jurisdiction for his claim because Title VII of the Civil Rights Act of 1964 does not provide aliens outside the United States a cause of action.  42 U.S.C. § 2000e-16 et seq. (2006).  Title VII prohibits discrimination based on race, color, religion, sex, or national origin in "[a]ll personnel actions affecting employees or applicants for employment (*except with regard to aliens employed outside the limits of the United States*) …." 42 U.S.C. § 2000e-16(a) (emphasis added).  The express language of Title VII specifically excludes alien employees outside the United States from its protections.  Id.  The United States Supreme Court has further held that Title VII does not extend extraterritorially to regulate employment practices of United States employers.  See E.E.O.C. v. Arabian Am. Oil Co., 499 U.S. 244, 259 (1991).  The United States Court of Appeals for the District of Columbia has further interpreted Title VII's alien exception narrowly to provide a cause of action only to United States citizens, and not United States nationals.  Shekoyan v. Sibley Int'l, 409 F.3d 414, 422 (D.C. Cir. 2005).

Plaintiff is not a citizen of the United States.  See Application for Retirement, Box 7A, Exhibit 1, indicating Plaintiff is not a citizen of the United States.  All of Plaintiff's work for which he claims retirement benefits took place in the Republic of the Philippines.  Compl. ¶ 2. Accordingly, Title VII does not apply to Plaintiff's claim.  Thus, Plaintiff has failed to establish subject matter jurisdiction and his claim should be dismissed pursuant to Rule 12(b)(1).  In the alternative, this Court should grant Defendant summary judgment because there is no genuine issue of material fact and Plaintiff's failure to attain subject matter jurisdiction entitles Defendant to judgment as a matter of law.

13

**4.    Plaintiff Failed to Exhaust Administrative Remedies Under Title VII.**

It is well-settled that a federal employee is prohibited from filing a civil action in United States District Court under Title VII until he has exhausted administrative remedies. See e.g., Bayer v. U.S. Department of Treasury, 956 F.2d 330, 332 (D.C. Cir. 1992); Zografov v. Veterans' Administration Medical Center, 779 F. 2d 967, 968-70 (4th Cir. 1985); 42 U.S.C. § 2000e-16(c); Aceto v. England, 328 F.Supp.2d 1, 5 (D.D.C. 2004). The administrative remedies exhaustion requirement is mandatory.  Brown v. General Services Administration, 425 U.S. 820, 832-33 (1976); Albritton v. Kantor, 944 F. Supp. 966, 970 (D.D.C. 1996).  It is because conciliation and internal agency resolution, rather than litigation, are the objectives of Title VII that exhaustion of statutory administration remedies is a prerequisite to judicial relief. See Siegal v. Kreps, 654 F.2d 773,  776-77 (1981); Anderson v. U.S. Postal Service, 25 F.E.P. 938, 939 (D.D.C. 1981); see also Aceto, 328 F.Supp.2d at 5 ("A predominant purpose of [the exhaustion] rule is to first attempt to resolve the matter informally."). As a consequence of the exhaustion requirement, a court may hear only those aspects of a Title VII claim that are within the scope of the administrative complaint, or that could reasonably be expected to grow out of that complaint. See Carroll v. England, 328 F.Supp.2d 1, 5 (D.D.C. 2004); Christopher v. Billington, 43 F.Supp.2d 39, 47 (D.D.C. 1999).

Before filing an EEO complaint, an individual alleging discrimination or retaliation  must try to resolve the matter informally by contacting an EEO counselor within 45 days of the date on which the alleged discrimination occurred.  29 C.F.R. § 1614.105; Williamson v. Shalala, 992 F. Supp. 454 (D.D.C. 1998)(dismissing Title VII claims involving events that occurred nearly 2 and ½ months before plaintiff sought EEO counseling); Aceto v. England, 328 F. Supp. 2d 1

(D.D.C. 2004)(dismissal of claims where there was no contact with EEO Counselor within 45 days of the discriminatory actions and no contact at all with respect to 2 other counts.). <u>See also</u> <u>O'Neal v. Johnson</u>, 2003 U.S. Dist. LEXIS 13348 (D.D.C. July 17, 2003) (rejecting plaintiff's claims that he was unaware of the 45-day time limit, and dismissing discrimination complaint where contact with EEO counselor was untimely.)

The 45-day time requirement is not jurisdictional, but operates like a statute of limitations. <u>Bayer v. U.S. Dep't of Treasury</u>, 956 F. 2d 330, 332 (D.C. Cir 1992); <u>Gilmore</u> v. <u>Reno</u>, 33 F. Supp 2d 20, 24 (D.D.C. 1998). After the defendant shows that the plaintiff timely failed to exhaust administrative remedies, the plaintiff bears the burden of pleading and proving equitable reasons for failure to comply with the 45-day requirement. <u>Bayer</u>, 956 F. 2d at 333. The power to equitably toll the statute of limitations, however, is "exercised only in extraordinary and carefully circumscribed instances." <u>Smith-Haynie v. District of Columbia</u>, 155 F. 3d 575, 580 (D.C. Cir 1998) (internal quotations and citation omitted).

Plaintiff failed to exhaust his administrative requirements because he has never sought administrative remedy for discrimination. The Office of Personnel Management issued its final determination that Plaintiff was not entitled to retirement benefits on February 8, 1994. <u>See</u> Attachments to Complaint at p. 61, Plaintiff's Exhibit C; Exhibit 6. Since that determination, Plaintiff failed to file a complaint with OPM's EEOC office and has never claimed his denial of retirement benefits was due to discrimination until now. <u>See</u> Declaration of Kim C. Jones. Plaintiff cannot now claim discrimination under Title VII in district court nearly fifteen years after the expiration of the 45 day period during which he was required to seek administrative relief.

Plaintiff further cannot claim there are exceptional circumstances present in this case that would allow for equitable tolling. Plaintiff notes he "lawfully disclosed" alleged violations of the Civil Service statutes to the government. Compl. ¶ 3. Plaintiff's administrative and then judicial appeals of OPM's denial of CSRS benefits, however, asserted regulatory arguments. Plaintiff failed to put OPM on notice of alleged discrimination in any way during the previous fifteen years. See Plaintiff's previous complaints and appeals, all without claims of discrimination, Exhibits 1-11. Accordingly, Plaintiff failed to exhaust his administrative remedies. Thus, Plaintiff's claim should be dismissed pursuant to Rule 12(b)(6). In the alternative, this Court should grant Defendant summary judgment because there is no genuine issue of material fact and Plaintiff's failure to exhaust administrative remedies entitles Defendant in this case to judgment as a matter of law.[4]

## CONCLUSION

On the basis of the foregoing, Plaintiff's complaint should be dismissed with prejudice or Defendant should be granted summary judgment.

---

[4]Moreover, if Plaintiff's discrimination is premised on some legal theory other than Title VII, it would be untimely. See 28 U.S.C. § 2401 (barring claims against United States not filed within six years).

16

Respectfully submitted,


_____
JEFFREY A. TAYLOR, D.C. Bar No. 498610
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. Bar No. 434122
Assistant United States Attorney


_____
WYNEVA JOHNSON, D.C. Bar No. 278515
Assistant United States Attorney
Judiciary Center
555 4th Street, N.W.
Washington, D.C. 20530


17

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

|                                               |     |                                |
|-----------------------------------------------|-----|--------------------------------|
| **Alipio M. Siwa**                            | )   |                                |
|                                               | )   |                                |
| **Plaintiff,**                                | )   |                                |
|                                               | )   |                                |
| **v.**                                        | )   | **Civil Action No. 07-0960 (RJL)** |
|                                               | )   |                                |
| **U.S. Office of Personnel Management,**      | )   |                                |
|                                               | )   |                                |
| **Defendant.**                                | )   |                                |

_____)

**STATEMENT OF MATERIAL FACTS
TO WHICH THERE IS NO GENUINE DISPUTE**

Pursuant to Local Rule 7(h), Defendant hereby submits the following Statement of

Material Facts as to which there is no Genuine Dispute.

1.  Plaintiff, Alipio M. Siwa, is a foreign national who worked from 1960 - 1966 and

from 1971 - 1992 as a civilian for the Department of the Navy in the Republic of the Philippines.

Compl. ¶ 2.  Siwa worked under a series of temporary and indefinite service appointments.

Compl. ¶ 5; see also Siwa v. Office of Pers. Mgmt., M.S.P.B., Docket No. SE-0831-94-0341-I-1

(June 24, 1994), Attachments to Complaint at p. 59, Appendix D.

2.  Siwa was separated from his job in 1992.  Shortly thereafter, Siwa  requested

retirement benefits from the Office of Personnel Management ("OPM") under the Civil Service

Retirement Act ("CSRS").  Compl.  ¶ 2.

3.  Siwa first requested CSRS retirement benefits from OPM on May 24, 1993.  CSRS

Request App. 1993, Exhibit 1.  In an initial decision on December 8, 1993, OPM held that Siwa

was not entitled to an annuity under the CSRS.  OPM Init. Decision 1993, Exhibit 5.  OPM

reviewed its initial decision at Siwa's request and reached a final decision on February 8, 1994

that Siwa was not entitled to CSRS benefits.  OPM Final Decision 1994, Exhibit 6; see

Attachments to Complaint at p. 61, Plaintiff's Exhibit C.

    4.  Siwa appealed OPM's decision to the Merit Systems Protection Board (the "Board"),

and argued, *inter alia*, that OPM lacked authority to exclude indefinite appointments from CSRS

coverage.  Siwa v. Office of Pers. Mgmt., M.S.P.B., Docket No. SE-0831-94-0341-I-1 (June 24,

1994), Attachments to Complaint at p. 59, Plaintiff's Appendix D; Exhibit 7.  On June 24, 1994,

the Board affirmed OPM's decision that Siwa was not entitled to CSRS annuity benefits.  Id.

    5.  The Board denied Siwa's petition for review on September 8, 1994.  Siwa v. Office of

Pers. Mgmt., No. SE-0831-94-0341-I-1, 64 M.S.P.R 221 (Sept. 8, 1995) (Table), Exhibit 6.

Siwa appealed the Board's decision to the United States Court of Appeals for the Federal Circuit

on October 14, 1994.  See Siwa Informal Brief, Exhibit 2.  On July 7, 1995, the Court of Appeals

for the Federal Circuit affirmed the Board's decision.  Siwa v. Office of Pers. Mgmt., No.

94-3665, 1995 WL 412948, 62 F.3d 1433, (Fed. Cir. July 7, 1995) (Table), Exhibit 8.

    6.  On April 15, 1996, the United States Supreme Court denied Siwa certiorari.  Siwa v.

Office of Pers. Mgmt., No. 95-6997, 517 U.S. 1138 (Apr. 15, 1996).  On June 24, 1996, the

Supreme Court denied rehearing Siwa's request for a writ of certiorari.  Siwa v. Office of Pers.

Mgmt., No. 95-6997, 518 U.S. 1028 (June 24, 1996) reh'g. denied.

    7.  Siwa subsequently filed a petition seeking Board review of 5 C.F.R. §§

831.201(a)(12)  & 831.201(a)(13).  De Jesus, et. al. v. Office of Pers. Mgmt.,

CB-1205-96-0036-U-1, 73 M.S.P.R. 458 (March 5, 1997) (Table), Exhibit 9.  On March 5, 1997,

the Board denied this petition.  Id. at *458.

    8.  Siwa thereafter filed another petition asking the Board to review 5 C.F.R. §

831.201(a)(13).  Corpuz Compl. 2005, Exhibit 3.  Siwa's petition was joined with those of other individuals and captioned Corpuz v. Office of Pers. Mgmt., 100 M.S.P.R 560 (M.S.P.B. 2005), Exhibit 10.

9.  On December 5, 2005, the Board denied petitioners' requests for regulatory review because it concluded that the requests were precluded by res judicata.  Id. at 562-63.

10.  The petitioners made a new allegation that section 831.201(a)(13) violates 5 C.F.R. §§ 1.3(e) & 2.2(c), but the Board held that petitioners were not entitled to return to the Board based on a new theory of their cases.  Id. at 563.  The Board concluded that because the petitioners could have raised their claims in their prior retirement benefits appeals and challenges to the validity of 5 C.F.R. § 831.201(a)(13) but did not, the doctrine of res judicata barred the new petitions for review of section 831.201(a)(13).  Id.

11.  Siwa subsequently appealed the Board's 2005 decision not to rehear his claim to the Court of Appeals for the Federal Circuit.  Siwa Informal Brief 2006, Exhibit 4.

12.  On November 9, 2006, the Court of Appeals for the Federal Circuit dismissed Siwa's appeal for lack of jurisdiction.  Siwa v. Office of Pers. Mgmt., No. 2006-3174, 2006 WL 3251728, 206 Fed. Appx. 985 (Fed. Cir. 2006), Exhibit 11.  The Court held that it had no jurisdiction to review a Board decision to dismiss Plaintiff's complaint as meritless on grounds of res judicata.  Id. at *986.  The Court denied Siwa's appeal for rehearing and his appeal for rehearing en banc on March 27, 2004.  Id.

3

Respectfully submitted,

_____

JEFFREY A. TAYLOR, D.C. Bar No. 498610
United States Attorney

_____

RUDOLPH CONTRERAS, D.C. Bar No. 434122
Assistant United States Attorney

_____

WYNEVA JOHNSON, D.C. Bar No. 278515
Assistant United States Attorney
Judiciary Center
555 4th Street, N.W.
Washington, D.C. 20530

4

# DECLARATION OF
# KIM C. JONES

**Equal Opportunity Assistant in the Center for Equal Employment Opportunity, Office of Personnel Management, July 26, 2007.**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| Alipio M. Siwa | ) | |
| | ) | |
| Plaintiff, | ) | Date: July 26, 2007 |
| | ) | Civil Action No. 07-0960 (RJL) |
| U.S. Office of Personnel Management, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Declaration of Kim C. Jones**

I, Kim C. Jones, hereby declare the following to be true and correct:

1. I am the Equal Opportunity Assistant in the Center for Equal Employment Opportunity of the Office of Personnel Management (OPM).  As Equal Employment Assistant, I am responsible for, among other duties, directing the processing of employment discrimination complaints against OPM.

2. Through the exercise of my official duties, I requested that my staff conduct a search of OPM records to determine if Alipio M. Siwa has filed any discrimination or Equal Employment Opportunity (EEO) complaints against OPM.

4. There are no records of Plaintiff filing any EEO complaints or any other form of discrimination complaints against OPM from February 8, 1994 to the present date.

**I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief.  Executed on this twenty-sixth day of July, 2007** pursuant to 28 U.S.C. § 1746.

Kim C. Jones
EEO Assistant

## INDEX OF DEFENDANT'S ATTACHED EXHIBITS

**Complaints and Appeals of Alipio M. Siwa**

1. Alipio M. Siwa, Application for Retirement Benefits Under the Civil Service Retirment System, May 24, 1993.

2. Alipio M. Siwa, Informal Brief of Petitioner before the United States Court of Appeals for the Federal Circuit, October 14, 1994.

3. Alipio M. Siwa, Request for Regulation Review to the Merit Systems Protection Board, (received) July 27, 2005.

4. Alipio M. Siwa, Informal Brief of Petitioner before the United States Court of Appeals for the Federal Circuit, March 16, 2006.

**Adverse Administrative and Judicial Decisions Against Alipio M. Siwa**

5. Office of Personnel Management, Initial Decision against Alipio M. Siwa's Retirement Benefits Claim, December 8, 1993.

6. Office of Personnel Management, Final Decision against Alipio M. Siwa's Retirement Benefits Claim, February 8, 1994.

7. Siwa v. Office of Pers. Mgmt., M.S.P.B., Docket No. SE-0831-94-0341-I-1 (June 24, 1994).

8. Siwa v. Office of Pers. Mgmt., No. 94-3665, 1995 WL 412948, 62 F.3d 1433, (Fed. Cir. July 7, 1995) (Table).

9. De Jesus, et. al. v. Office of Pers. Mgmt., CB-1205-96-0036-U-1, 73 M.S.P.R. 458 (March 5, 1997) (Table).

10. Corpuz v. Office of Pers. Mgmt., 100 M.S.P.R 560 (M.S.P.B. 2005).

11. Siwa v. Office of Pers. Mgmt., No. 2006-3174, 2006 WL 3251728, 206 Fed. Appx. 985 (Fed. Cir. 2006).

**Statement**

12. Petitioner's Statement Concerning Discrimination before the United States Court of Appeals for the Federal Circuit, October 19, 1994.

# EXHIBIT 1

**Alipio M. Siwa, Application for Retirement Benefits Under the Civil Service Retirment System, May 24, 1993.**

REPRODUCED AT THE NATIONAL ARCHIVES

**APPLICATION FOR RETIREMENT**
**VII SERVICE RETIREMENT SYSTEM**

WILL ONLY IF SEPARATED ON OR AFTER OCTOBER 20, 1969

**To Avoid Delay—1. Read information Carefully; 2. Complete Application in Full; 3. Typewrite or Print in Ink**

## A. IDENTIFYING INFORMATION

| 1. NAME (Last) (First) (Middle) | 2. LIST ALL OTHER NAMES YOU HAVE USED |
|---|---|
| SIWA    ALIPIO    MACTAL | |

| 3. ADDRESS (Including ZIP code) | 4. PHONE NUMBER (Including Area Code) | 5. DATE OF BIRTH (Month) (Day) (Year) | 6. SOCIAL SECURITY ACCOUNT NUMBER |
|---|---|---|---|
| #6-7th St., West Tapinac, Olongapo City, Philippines 601F | None | 7-11-34 | FNO |

| 7A. ARE YOU A CITIZEN OF THE UNITED STATES OF AMERICA? ☐ YES ☒ NO | 7B. IF "NO" OF WHAT COUNTRY ARE YOU A CITIZEN? Philippines |
|---|---|

| 8A. ARE YOU MARRIED? ☒ YES ☐ NO | 8B. IF "YES" GIVE THE FOLLOWING INFORMATION |
|---|---|

| WIFE'S OR HUSBAND'S NAME (First) (Middle) | HER (OR HIS) BIRTH DATE (Month) (Day) (Year) | HER (OR HIS) SOCIAL SECURITY ACCOUNT NUMBER | DATE OF MARRIAGE (Month) (Day) (Year) | PLACE OF MARRIAGE (City) (State) | MARRIAGE PERFORMED BY: ☐ CLERGYMAN OR JUSTICE OF THE PEACE ☐ OTHER (Specify) |
|---|---|---|---|---|---|
| Maxima De Guzman | 5 / 16 / 39 | FNO | 4 / 15 / 59 | Cabanatuan | |

9A. DO YOU HAVE ANY UNMARRIED CHILDREN UNDER AGE 22 (Or over age 22 and incapable of self support because of a disability incurred before age 18)?   ☒ YES   ☐ NO

9B. IF "YES" LIST NAME AND DATE OF BIRTH OF EACH CHILD. WRITE THE WORD "DISABLED" AFTER CHILD'S NAME WHERE APPLICABLE

| CHILD'S NAME (First) (Middle) (Last) | DATE OF BIRTH (Mo.) (Day) (Yr.) | CHILD'S NAME (First) (Middle) (Last) | DATE OF BIRTH (Mo.) (Day) (Yr.) |
|---|---|---|---|
| Allie De Guzman Siwa | 9 / 28 / 61 | | |

## B. CIVILIAN AND MILITARY SERVICE

| 1. DEPARTMENT OR AGENCY IN WHICH PRESENTLY OR LAST EMPLOYED, INCLUDING BUREAU OR DIVISION, AND ADDRESS, INCLUDING ZIP CODE | 2. DATE OF FINAL SEPARATION (Month) (Day) (Year) | 3. APPROXIMATE YEARS OF FEDERAL SERVICE CIVILIAN / MILITARY |
|---|---|---|
| Prod Group Maintenance Department E/S Minor Work Division, PWC Subic Bay | 9 / 30 / 92 | 27 years |

4. TITLE OF LAST POSITION   Planner and Estimator (General)

| 5. DO YOU HAVE FEDERAL EMPLOYEES GROUP LIFE INSURANCE? ☐ YES ☒ NO | 6. IF YOU HAVE REGULAR LIFE INSURANCE, DO YOU ALSO HAVE OPTIONAL LIFE INSURANCE? ☐ YES ☒ NO | 7A. HAVE YOU BEEN ENROLLED IN A PLAN UNDER THE FEDERAL EMPLOYEES HEALTH BENEFITS PROGRAM SINCE YOUR FIRST OPPORTUNITY TO ENROLL OR FOR AT LEAST FIVE YEARS IMMEDIATELY BEFORE YOUR RETIREMENT? ☐ YES ☒ NO | 7B. IF "YES" PLEASE LIST YOUR CURRENT: CARRIER CONTROL NUMBER N-ENROLLMENT CODE NUMBER |
|---|---|---|---|

8. COMPLETE THE SCHEDULE BELOW IF YOU HAVE PERFORMED ACTIVE DUTY THAT TERMINATED UNDER HONORABLE CONDITIONS IN ANY OF THE FOLLOWING SERVICES: (a) ARMY, NAVY, MARINE CORPS, AIR FORCE, OR COAST GUARD OF THE UNITED STATES; (b) AS REGULAR CORPS OR RESERVE CORPS OF THE PUBLIC HEALTH SERVICE AFTER JUNE 30, 1960; OR (c) AS A COMMISSIONED OFFICER OF THE COAST AND GEODETIC SURVEY AFTER JUNE 30, 1961; OR (d) AS A COMMISSIONED OFFICER OF THE ENVIRONMENTAL SCIENCE SERVICES ADMINISTRATION. ATTACH A COPY OF YOUR DISCHARGE CERTIFICATE OR OTHER CERTIFICATE OF ACTIVE MILITARY SERVICE, IF AVAILABLE

| BRANCH OF SERVICE | SERIAL NUMBER | DATE OF ENTRANCE ON ACTIVE DUTY | DATE OF SEPARATION FROM ACTIVE DUTY | LAST GRADE OR RANK | ORGANIZATION AT DISCHARGE (Div., Regt., Co. etc.) |
|---|---|---|---|---|---|
| | | | | | |

| 9A. ARE YOU A MILITARY RESERVIST (Either Active or Inactive)? ☐ YES ☒ NO | 9B. ARE YOU IN RECEIPT OF OR HAVE YOU EVER APPLIED FOR MILITARY RETIRED PAY? (Retired pay does not include V.A. pension or compensation.) ☐ YES ☐ NO | 9C. IF "YES" WERE YOU RETIRED FROM A RESERVE COMPONENT UNDER CHAPTER 67, TITLE 10, USC) (formerly Title 111, Public Law 80-810) |
|---|---|---|

## C. DISABILITY INFORMATION (Only Applicants for Total Disability Retirement Will Complete This Part)

1. BRIEFLY DESCRIBE YOUR DISABILITIES, STATE WHEN OCCURRED, AND HOW THEY INTERFERE WITH PERFORMANCE OF THE DUTIES OF YOUR POSITION. (ATTACH ADDITIONAL COMMENTS ON PLAIN SHEET OF PAPER, IF NECESSARY.) ALSO, STATE MONTH AND YEAR IN WHICH YOU BECAME TOTALLY DISABLED.

## D. OTHER CLAIM INFORMATION

| 1A. HAVE YOU EVER RECEIVED OR MADE APPLICATION FOR COMPENSATION UNDER THE FEDERAL EMPLOYEES' COMPENSATION ACT? ☐ YES ☒ NO | 1B. IF "YES" STATE THE NUMBER OF YOUR COMPENSATION CLAIM AND THE PERIOD FOR WHICH YOU RECEIVED COMPENSATION. CLAIM NUMBER _____ FROM (Mo.) (Day) (Year) TO (Mo.) (Day) (Year) |
|---|---|

| 2A. HAVE YOU PREVIOUSLY FILED ANY APPLICATION UNDER THE CIVIL SERVICE RETIREMENT SYSTEM, INCLUDING APPLICATION FOR RETIREMENT, REFUND, DEPOSIT OR REDEPOSIT, OR VOLUNTARY CONTRIBUTIONS? ☐ YES ☒ NO | 2B. IF "YES" INDICATE THE TYPE(S) OF APPLICATION AND GIVE THE CLAIM NUMBER(S) IF KNOWN ☐ RETIREMENT ☐ DEPOSIT OR REDEPOSIT ☐ REFUND ☐ VOLUNTARY CONTRIBUTIONS CLAIM NUMBER(S) |
|---|---|

| 3A. DO YOU HAVE LIFE INSURANCE THROUGH A FORMER EMPLOYEE BENEFICIAL ASSOCIATION FOR WHICH YOU NOW PAY PREMIUMS TO THE CIVIL SERVICE COMMISSION? ☐ YES ☐ NO | 3B. IF "YES" GIVE YOUR ACCOUNT NUMBER |
|---|---|

| 4A. HAVE YOU EVER BEEN EMPLOYED UNDER ANOTHER RETIREMENT SYSTEM FOR FEDERAL OR DISTRICT OF COLUMBIA EMPLOYEES? ☐ YES ☒ NO | 4B. IF "YES" GIVE THE NAME OF THE OTHER RETIREMENT SYSTEM |
|---|---|

STANDARD FORM NO. 2801
U.S. CIVIL SERVICE COMMISSION

January 1970
FPM Supplement 831-1
2801-107

# EXHIBIT 2

**Alipio M. Siwa, Informal Brief of Petitioner before the United States Court of Appeals for the Federal Circuit, October 14, 1994.**

REPRODUCED AT THE NATIONAL ARCHIVES

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

**FILED**
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

SIWA    v    OPM

No. **94-3665**    OCT 14 1994

**FRANCIS X. GINDHART**
CLERK

Informal Brief of Petitioner

**RECEIVED**
OCT 26 1994
United States Court of Appeals
For the Federal Circuit

Read the Guide for Pro Se Petitioners and Appellants before completing this form. Attach the initial decision of the administrative judge and the decision, if any, of the Merit Systems Protection Board (MSPB) or a copy of the Arbitrator's decision. Answer the following questions as best you can. Your answers should refer to the MSPB decisions or the Arbitrator's decision where possible. Use extra sheets if needed.

1.    Has the petitioner ever had another case in this court? __NO__ In a United States District Court? __NO__ In the Equal Employment Opportunity Commission? __NO__ If so, identify each case.

2.    Did the MSPB or the Arbitrator incorrectly decide or fail to take into account any facts? __YES__ If so, what facts? (Refer to paragraph 7 of the Guide.)

The OFM and the Administrative Judge (AJ) failed to take into account -
1) that under the CSR ACT, an "employee", like me, may only be excluded from CSR coverage according to his TENURE OF EMPLOYMENT. SEE Section 3(b)/(c) of ACT 1/24/42 and Section 2(e)/(f) of the CSR Act Amendments of 1956, effective October 1, 1956. Appendix P3 and P8.
2) that from January 24, 1942 to September 30, 1956, Executive branch employees with "OF UNCERTAIN DURATION" tenure of employment may be excluded from CSR coverage, but from October 1, 1956 to present, Executive branch employees with "TEMPORARY" tenure of employment may be excluded from CSR coverage.
3) that while "Indefinite Appointment" and "Temporary Appointment" are both nonpermanent appointments, they differ according to their tenure of employment as used in the CSR ACT; that "Indefinite Appointment" have "of uncertain duration" tenure of employment, while "Temporary Appointment" have "temporary" tenure of employment;    and
4) that my TENURE OF EMPLOYMENT was "OF UNCERTAIN DURATION" (Indefinite) or CONDITIONAL to PERMANENT.    CONTINUATION ON SEPARATE SHEETS.

3.    Did the MSPB or the Arbitrator apply the wrong law? __YES__    If so, what law should be applied?    The OPM and the AJ wrongly applied 5 CFR 831.201(a)(13) to exclude from CSR coverage my Excepted Appointment - Indefinite, but 5 CFR 831.201(a)(13) was promulgated by the Commission (OPM) pursuant to Section 3(b) of ACT 1/24/42 as evidenced by the time frame - "made after January 23, 1955" and Executive Order 10530, but the authority of 5 CFR 831.201(a)(13) which is Section 3(b) of ACT 1/24/42 was amended or repealed by Section 2(e) of the 1956 CSRA Amendments, now codified as 5 USC 8347(g), and thus, have no more legal effect under the current CSR ACT. The law that should apply is the CSR ACT Amendments of 1956, now codified as 5 USC 8331 et seq.

CONTINUATION ON SEPARATE SHEETS.

(continued on next page)

REPRODUCED AT THE NATIONAL ARCHIVES

4.    Did the MSPB or the Arbitrator fail to consider important grounds for relief? <u>YES</u> If so, what grounds? The OPM and the AJ failed to consider that I was first mandatorily covered by the current CSR ACT pursuant to Sec.2(a) of the 1956 CSRA Amendments before I may be discretionally excluded from CSR coverage by OPM (Commission) pursuant to Sec.2(e) of the 1956 CSRA Amendments and that I may only be excluded from CSR coverage under Sec.2(e) if, and only if, my "tenure of office or employment is temporary or intermittent", but it is a fact on record that my tenure of employment was never "temporary or intermittent" from 09-26-71 to 09-30-92, but "OF UNCERTAIN DURATION" (Indefinite) or CONDITIONAL to PERMANENT, tenure of employment was never specifically excluded under Sec.2(e) of the 1956 CSRA Amendments, now 5 USC 8347(g).    <u>CONTINUATION ON SEPARATE SHEETS</u>. 5.    Are there other reasons why the MSPB's or the Arbitrator's decision was wrong? <u>YES</u> If so, what reasons?

The OPM and the AJ decisions were wrong because the basis of their exclusion of my Excepted Appointment - Indefinite was not according to my tenure of employment pursuant to Section 2(e) of the 1956 CSRA mendments, now codified as 5 USC 8347(g), but pursuant to Section 3(b) of ACT of January 24, 1942.

<u>CONTINUATION ON SEPARATE SHEETS</u>.

6.    What action (relief) do you want the court to take in this case?
       To mandate the settlement of my appeal or to reverse the decision and to mandate the payment of my CSRA annuity benefits.

7.    Do you want to argue before the court in person? <u>NO</u> What are the reasons why argument will aid the court?  (Refer to paragraph 15 of the <u>Guide</u>.)

10-14-94
——————
Date

——————————————
Petitioner's signature
(Notary not required)

Mail an original and three copies of the informal brief and attachments to:

Clerk
U.S Court of Appeals
 for the Federal Circuit
717 Madison Place, NW.,
Washington, DC 20439

Serve a copy of the informal brief and attachments by mail on the respondent's attorney using the name and address on the notice of appearance form that was served on you by that attorney. Attach a copy of that notice of appearance form (noting thereon the date you served the respondent) to the original of your brief as your proof of service.

CC: Via Registered Air Mail on 10/14/94
Atty. DAVID M. COHEN
Department of Justice
Washington, D.C. 20530

REPRODUCED AT THE NATIONAL ARCHIVES

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

SIWA V. OPM

No. 94-3665

INFORMAL BRIEF OF PETITIONER
(Continuation)

## 1. Standard of Review

"the court shall **review** the record and hold unlawful and
set aside any agency action, findings, or conclusions
found to be - arbitrary, capricious, an abuse of dis-
cretion, or otherwise not in accordance with law."
5 USC 7703(c).

Apparently, viewing the admitted facts and the facts on record
against the relevant statutes, Executive orders, or regulations pur-
suant to statutory authority to exclude, the issues are wholly issues
of law.

## 2. Background

Petitioner performed Federal service under an initial or conversion
to "Indefinite" appointment during when there was no collective bar-
gaining agreement(CBA) since the first CBA started in July 1969 only.
Appendix Pl.

For the past over 30 years, the OPM and the MSPB have wrongly used
5 CFR 831.201(a)(13) beginning October 30, 1956 to present to exclude
from CSR coverage any "employee" in the Executive branch of the United
States Government under an "INDEFINITE" appointment because there was
NO claimant or appellant for CSR benefits who have shown through pre-
ponderant evidence that it was inconsistent with the long established
policy on exclusion of the Executive branch, and was not in accordance
with the current law - the Civil Service Retirement Act Amendments of
1956, effective October 1, 1956, now codified as 5 USC 8331 et seq.

## 3. MAIN ISSUE of Appeal

THEREFORE, for the reasons set forth above, the review should be
confined to, but not limited to, 5 CFR 831.201(a)(13), that -

"Employees serving under nonpermanent appointments,
designated as indefinite, made after January 23,
1955, the effective date of the repeal of Executive
Order 10180."     Appendix P9.

REPRODUCED AT THE NATIONAL ARCHIVES

are excluded from CSR coverage because if 5 CFR 831.201(a)(13) is
by itself arbitrary, discriminatory, or otherwise not in accordance
with law, then, all disqualifications of Petitioner were results of
administrative errors, and thus, everything is ip so facto wrong.

The analysis of 5 CFR 831.201(a)(13) will lead us to the following
issues to be resolved by the Honorable Court of Appeals:

1) If all nonpermanent appointments are excluded from CSR
   coverage, why is it that the Civil Service Commission
   "designated as indefinite" the nonpermanent appointments
   to be excluded from CSR coverage?

2) What is the law in effect after January 23, 1955? Is that
   law still within the confine of the current law?

3) What is the authority of the Commission to promulgate
   5 CFR 831.201(a)(13)?   and

4) What is the TENURE OF EMPLOYMENT of an "INDEFINITE" appoint-
   ment since under the CSR ACT an "employee" may be excluded
   from CSR coverage according to his tenure of employment?

## FACTS, ARGUMENTS, AND DISCUSSIONS

### Executive branch Policy on Exclusion from Civil Service Retirement Coverage

From January 24, 1942 to September 30, 1956, Executive branch
employees were specifically covered by the CSR ACT, but the President
was empowered by law, in his discretion, to exclude from CSR coverage
Executive branch employees pursuant to Sec. 3(b) of ACT of January 24,
1942, and the President had exercised his discretionary power to exclude
through Executive Order 9154, effective January 24, 1942. Consequently,
those employees who were not specifically excluded by the President
through E.O. 9154 were covered by the CSR ACT. Appendix P3 and P4.

### "INDEFINITE" Appointment was covered by the President of the United States

Under Section 1(a) of E.O. 9154, "Employees whose expected service
will be for brief periods but not to exceed one year" are excluded from
CSR coverage, but since, generally, the expected service under an inde-
finite appointment exceeds one year, it was not excluded from coverage
by the President, hence, covered. Under Section 1.3(e) of Civil Service
Rules under E.O. 10577, "expected service" means "tenure". Appendix P12.

- 2 -

REPRODUCED AT THE NATIONAL ARCHIVES

Consequently, under the <u>first Order on Exclusion</u> by the President,
"NO employee shall be excluded from coverage who has had more than
12 months continuous service" or "NO employee shall be excluded from
coverage whose expected service (tenure of employment) is more than
1 year".

Another very clear evidence that <u>Employees under indefinite appoint-</u>
<u>ments</u> were not excluded from coverage by the President, hence, covered,
is Section 1(i) of E.O. 9154, that - "Employees serving under temporary
appointments" are excluded from coverage "pending final determination
of their eligibility for permanent or indefinite appointment".

Another very clear evidence that <u>Employees under indefinite appoint-</u>
<u>ments</u> were not excluded from coverage by the President, hence, covered,
is Section 1(l) of E.O. 9154, that - "Employees serving under emergency-
indefinite appointments not exceeding 5 years" are excluded from CSR
coverage, because if indefinite appointments are really excluded from
CSR coverage, the President should not have amended E.O. 9154 by E.O.
9945 of April 8, 1948 by adding paragraph (1) to E.O. 9154 in order to
exclude indefinite appointments during times of emergencies declared by
the President or by Congress. Appendix P5. It is very important to note,
that Sec. 1(l) of E.O. 9154 or E.O. 9945 is now codified under 5 CFR
831.201(a)(10). SEE Appendix P9. What is now the use of Section 1(l) of
E.O. 9154, or E.O. 9945, or 5 CFR 831.201(a)(10) if "Indefinite"
appointments are really excluded from CSR coverage?

THEREFORE, the Executive branch established policy on exclusion
from coverage from January 24, 1942 to September 30, 1956 were contained
under E.O. 9154 because E.O. 10180 was revoked effective January 23,
1955 and 5 CFR 831.201(a)(13) was inexistent since it was promulgated
by the Commission effective October 30, 1956 only. Consequently, the
established policy on exclusion of the President and the Executive branch
is that only temporary appointment with one year or less expected service
but never indefinite appointments, are excluded from CSR coverage, and
to deviate from this established policy is an administrative error which
will result to inconsistency, and as a matter of fact, have resulted in
inconsistency since the Commission (now OPM) have deviated from the long
established policy on exclusion of the Executive branch by promulgating

- 3 -

REPRODUCED AT THE NATIONAL ARCHIVES

effective October 30, 1956 a regulation excluding from CSR coverage
"Employees serving under nonpermanent appointments, designated as
indefinite, made after January 23, 1955, xxx." which is now codified
as 5 CFR 831.201(a)(13).

5 CFR 831.201(a)(13) was promulgated by the
Commission pursuant to Section 3(b) of ACT
of January 24, 1942

The plain reading of 5 CFR 831.201(a)(13) reveals that the time
frame is "after January 23, 1955". The law in effect "after January 23,
1955" or January 24, 1955 to September 30, 1956 regarding exclusion is
Section 3(b) of ACT of January 24, 1942 which empowered the President,
but never the Commission, to exclude Executive branch employees from
CSR coverage. The President designated and empowered the United States
Civil Service Commission under Section 2(b) of E.O. 10530 "The autho-
rity vested in the President by section 3(b) of the act of January 24,
1942, ch. 16, 56 stat. 15 (5 U.S.C. 693(b)), to exclude from the ope-
ration of the said Civil Service Retirement Act any officer or employee
or group of officers or employees in the executive branch of the service
whose tenure of office or employment is intermittent or of uncertain
duration.". Appendix P6.

Commission Used "Indefinite" to be within
Section 3(b) of ACT of January 24, 1942

THEREFORE, in order that the Commission may legally exclude from
CSR coverage "Employees serving under nonpermanent appointments made
after January 23, 1955", it must be within the confine of "employees
whose tenure of xxx employment is xxx of uncertain duration".  Under
WEBSTER'S DICTIONARY, "UNCERTAIN" means "not definite" and "INDEFINITE"
means "not definite". SEE Appendix P10 and P11. Consequently, the most
equivalent meaning of "Uncertain" is "Indefinite", and vice versa, hence
"of uncertain duration" means "of indefinite duration". THEREFORE, in
order that "Employees serving under nonpermanent appointments made after
January 23, 1955" shall be within the confine of Section 3(b) of ACT of
January 24, 1942, the nonpermanent appointments must be "of uncertain
duration" or "of indefinite duration", and thus, the Commission "desig-
nated as indefinite" the "nonpermanent appointments made after January
23, 1955" in order to be in accordance with law that was in effect

- 4 -

"after January 23, 1955" or January 24, 1955 which is Section 3(b) of ACT of January 24, 1942.

But the problem with 5 CFR 831.201(a)(13) is that it was promulgated by the Commission effective October 30, 1956 only when the authority of 5 CFR 831.201(a)(13) to exclude from CSR coverage "employees whose tenure of xxx employment is xxx of uncertain duration" under Section 3(b) of ACT of January 24, 1942 was already amended and repealed by Section 2(e) of the CSR Act Amendments of 1956, effective October 1, 1956, and the mode of exclusion was amended from "of uncertain duration" tenure of employment to "temporary" tenure of employment.

The CSR ACT Amendments of 1956   Upheld the policy of the President to exclude Temporary Appointments, but never Indefinite Appointments, from CSR coverage

Under Section 1(a) of the 1956 CSRA Amendments, it is specifically provided that an "employee", like the Petitioner, may only be excluded from CSR coverage under Section 2 of the 1956 CSRA Amendments. App. P7.

Under Section 2(a) of the 1956 CSRA Amendments, it is specifically provided that an "employee", like the Petitioner, is mandatorily covered by the CSR ACT and that he may only be excluded from CSR coverage by the Commission (OPM) under Section 2(e) of the 1956 CSRA Amendments, now codified as 5 USC 8347(g), and if, and only if, his "tenure of office or employment is temporary or intermittent". Appendix P8.

The plain reading of Section 2(e) of the 1956 CSRA Amendments reveals that an "employee", like the Petitioner, may only be excluded from CSR coverage according to his tenure of employment (expected service). Therefore, under the current CSR ACT, to exclude from CSR coverage any "employee", like the Petitioner, pursuant to OPM's statutory authority under Section 2(e), now codified as 5 USC 8347(g), WE should answer the question - What was the "employee"'s tenure of employment? If the answer is "temporary" tenure of employment, then, he is lawfully excluded under Section 2(e), now codified as 5 USC 8347(g), but if the answer is "Indefinite" (of uncertain duration), then, he is not excluded, hence, covered, under the current CSR ACT.

The plain reading together of both Sec. 3(b) of ACT of January 24,

- 5 -

REPRODUCED AT THE NATIONAL ARCHIVES

1942 and Sec. 2(e) of the 1956 CSR ACT Amendments reveals that the discretionary authority to exclude Executive branch employees was shifted from the President to the Commission and the mode of exclusion was amended from "of uncertain duration" tenure of employment to "temporary" tenure of employment because of the fact that the President had already delegated his authority to exclude Executive branch employees to the Commission via E.O. 10530 and because of the fact that the Executive branch policy on exclusion is to exclude from CSR coverage only employees under "temporary appointments" with "temporary" tenure of employment, but never "indefinite appointments" with "of uncertain duration" tenure of employment. The MSPB held, that "employees whose tenure of office or employment is <u>of uncertain duration</u>" and "employees whose tenure of office or employment is <u>temporary</u>" "refer to distinct categories of employees". SEE <u>DE JESUS V. OPM</u>, MSPB Docket Number SE-0831-94-0135-I-1, page 6, OPINION AND ORDER (July 14, 1994). Appendix P18.

THEREFORE, the amendment of Sec. 3(b) of ACT of January 24, 1942 by Sec. 2(e) of the 1956 CSR ACT Amendments from "of uncertain duration" tenure of employment to "temporary" tenure of employment had resulted in the change of category of employees to be excluded by the Commission in order to be consistent with the long established policy on exclusion of the President and the Executive branch via E.O. 9154. Under the current CSR ACT, only "temporary or intermittent" tenure of employment is excluded from CSR coverage, but never "of indefinite duration" or "of uncertain duration" tenure of employment.

<u>CONCLUSION</u>

THEREFORE, under all the foregoing, after having viewed the facts on record as against applicable law, Executive orders, or authority to exclude, we can conclude beyond reasonable doubt that 5 CFR 831.201(a)(13) have no more legal effect (ineffective) beginning October 1, 1956, the effective date of the 1956 CSR ACT Amendments, since the authority of 5 CFR 831.201(a)(13) to exclude from CSR coverage "employees whose tenure of xxx employment is of uncertain duration" pursuant to Sec. 3(b) of ACT of January 24, 1942 was amended or repealed by Sec. 2(e) of the 1956 CSR ACT Amendments, now codified as 5 USC 8347(g), not to mention that 5 CFR 831.201(a)(13) was retroactive since it was promulgated effective October 30, 1956 only, in violation of the general principle

- 6 -

REPRODUCED AT THE NATIONAL ARCHIVES

of disfavoring retroactive regulations in the absence of a clear
indication of an express grant of retroactive rule-making authority
by Congress.   The use of 5 CFR 831.201(a)(13) to exclude from CSR
coverage "nonpermanent appointments, designated as indefinite" from
January 24, 1942 to September 30, 1956 will be retroactive and will
be inconsistent with the long established policy on exclusion of the
President and the Executive branch, and as a matter of fact, have had
resulted in inconsistency, and the use of 5 CFR 831.201(a)(13) from
October 1, 1956 to present will be retroactive, arbitrary, discrimi-
natory, and not in accordance with the current law - Section 1(a)
and Section 2(a)/(e) of the 1956 CSR ACT Amendments, now codified
under 5 USC 8331 et seq.

THEREFORE, since 5 CFR 831.201(a)(13) was founded upon the autho-
rity to exclude from CSR coverage "employees whose tenure of xxx employ-
ment is of uncertain duration" pursuant to Sec. 3(b) of ACT of January
24, 1942, we can conclude beyond reasonable doubt that the exclusion
from CSR coverage of Petitioner, who was appointed and/or separated
from the Federal service during the effectivity of the current CSR ACT,
by 5 CFR 831.201(a)(13) was an ERROR OF LAW since the Petitioner was
not excluded from CSR coverage according to his tenure of employment
pursuant to Sec. 2(e) of the 1956 CSR ACT Amendments, now codified as
5 USC 8347(g), but pursuant to Sec. 3(b) of ACT of January 24, 1942,
in violation of Section 1(a) and Section 2(a) of the 1956 CSR ACT
Amendments which specifically provide that an "employee", like the
Petitioner, may only be excluded by the Commission (now OPM) under
Sec. 2(e) of the 1956 CSR ACT Amendments, and if, and only if, his
tenure of employment is "temporary or intermittent", no more, and no
less.

THEREFORE, the root of all errors, administrative and/or law, is
5 CFR 831.201(a)(13), and without 5 CFR 831.201(a)(13), the Petitioner
was mandatorily covered by the CSR ACT from the date of his Excepted
Appointment-Indefinite to the date of his separation from Federal
service which met all requirements of 5 USC 8333(a)/(b) for eligibility
and entitlement to an annuity under the CSR ACT and the CSRS.

- 7 -

REPRODUCED AT THE NATIONAL ARCHIVES

5. CFR 831.201(a)(13) is WRONG
as a matter of law

The Honorable Court of Appeals should review 5 CFR 831.201(a)(13)
because there are compelling indications that it is wrong as a matter
of law.

The law in effect "after January 23, 1955" to September 30, 1956
is Section 3(b) of ACT of January 24, 1942 in which the categories
of employees who may be excluded from CSR coverage are those "whose
tenure of office or employment is x x x of uncertain duration" while
the law in effect from October 1, 1956 to present is Section 2(e) of
the 1956 CSR ACT Amendments, now codified as 5 USC 8347(g), in which
the categories of employees who may be excluded from CSR coverage are
those "whose tenure of office or employment is temporary x x x".

Under the CSR ACT, it is the INTENT of Congress that "of uncertain
duration" tenure of employment is different and distinct from "tempo-
rary" tenure of employment and they refer to distinct categories of
employees. SEE Section 3(b)/(c) of ACT of January 24, 1942 under Appen-
dix P3 and Section 2(e)/(f) of the 1956 CSR ACT Amendments under Appen-
dix P8 and De Jesus v. OPM under Appendix P18.

THEREFORE, under all the foregoing, since Section 3(b) of ACT of
January 24, 1942 is different and distinct from Section 2(e) of the
1956 CSR ACT Amendments anent the categories of employees who may be
excluded from CSR coverage, if it is correct that an "indefinite appoint
ment" may be excluded by 5 CFR 831.201(a)(13) from January 24, 1955 to
September 30, 1956 pursuant to Section 3(b) of ACT of January 24, 1942,
then, it is wrong that an "indefinite appointment" may be excluded from
coverage by 5 CFR 831.201(a)(13) from October 1, 1956 to present pur-
suant to Section 2(e) of the 1956 CSR ACT Amendments, now codified as
5 USC 8347(g), because it is wrong to exclude the same "indefinite
appointment" by two different and distinct laws on exclusion from CSR
coverage. Consequently, the Petitioner's Excepted Appointment - Indefi-
nite was not excluded by 5 CFR 831.201(a)(13), hence, covered!

- 8 -

# EXHIBIT 3

**Alipio M. Siwa, Request for Regulation Review to the Merit Systems Protection Board, (received) July 27, 2005.**

2 7 JUL 2005

The CLERK of the BOARD
U.S. Merit Systems Protection Board
1615 M Street, NW
Washington, D.C. 20419

REQUEST FOR REGULATION REVIEW OF
5 CFR 831.201(a)(14) (1963 - 1987)

Re: ALIPIO M. SIWA, Appellant
CSA 3 491 207
DOB - July 11, 1934
Address -
#6 - 7th St., West Tapinac
Olongapo City
Philippines, 601F

Dear Honorable Sir:

This is a Petition for regulation review of 5 CFR 831.201(a)(14) (1963 - 1987) which was issued by the Director of the U.S. Office of Personnel Management ("OPM" or "Office").

"The following groups of employees in the executive branch of the Government are excluded from subchapter III of chapter 83 of title 5 of the United States Code" under 5 CFR 831.201(a)(14) (1963 - 1987) (See EXH A-4) -

"(14) Employees serving under nonpermanent appoint-
ments, designated as indefinite, made after January
23, 1955, the effective date of the repeal of Execu-
tive Order 10180."

because that regulation was not in accordance with Sec. 1.3(e)
of Rule I and Sec. 2.2(c) of Rule II of the Civil Service Rules,
as amended by Executive Order 10577, effective January 23, 1955,
and as amended by Executive Order 12107, effective January 1,
1979, and that regulation was not in accordance with law under
Section 2(e) of the Civil Service Retirement Act Amendments of
1956.

It was not in accordance with the
"regulations of the President"

Under Sec. 1.3(e) of Rule I of the Civil Service Rules, as
amended by EO 10577 of November 23, 1954, effective January 23,
1955, and as amended by EO 12107 of December 28, 1978, effective
January 1, 1979, the President of the United States of America
requires, that —

> "Tenure" shall mean the period of time an employee
> may reasonably expect to serve under his current
> appointment. Tenure shall be granted and governed
> by the type of appointment under which an employee
> is currently serving without regard to whether he
> has a competitive status or whether his appoint-
> ment is to a competitive position or an excepted
> position. (See EXH A-2 and EXH A-2a)

The U.S. Civil Service Commission ("Commission") and the OPM was
authorized by the President pursuant to Sec. 2.2(c) of Rule II
of the Civil Service Rules, as amended by EO 10577, effective
January 23, 1955, and as amended by EO 12107, effective January
1, 1979, to —

> "x x x determine the types, duration, and conditions
> of indefinite and temporary appointments, and may
> prescribe the method for replacing persons holding
> such appointments." (See EXH A-7 and EXH A-7a)

Under The Guide To Processing Personnel Actions, Chapter 35-
(See EXH GC35-6) the OPM defines an INDEFINITE APPOINTMENT, that —

> "INDEFINITE APPOINTMENT. — One given a nonpermanent
> employee who is hired for an unlimited period of
> time." (Underlining supplied)

The OPM defines a TEMPORARY APPOINTMENT (See EXH GSC35-14), that —

> "TEMPORARY APPOINTMENT. — An appointment made
> for a limited period of time and with a specific
> not-to-exceed (NTE) date determined by the autho-
> rity under which the appointment is made."
> (Underscoring supplied)

The "duration" of an Indefinite Appointment is that "for an unlimited period of time" while the "duration" of a Temporary Appointment is that "for a limited period of time", and thus, the "tenure of an Indefinite Appointment" is that "for an unlimited period of time" while the "tenure of a Temporary Appointment" is that "for a limited period of time".

There was no law, or regulation, or Executive Order from January 23, 1955, and thereafter, that specifically excluded the Appellant from "CSRA Coverage" because the "tenure of an Excepted Appt - Indefinite" is that "for an unlimited period of time" which is different from a "tenure of a Temporary Appointment" that is "for a limited period of time".

Therefore, the regulation pursuant to 5 CFR 831.201(a)(14) (1963 - 1987) was not in accordance with the "regulations of the President" under Sec. 1.3(a) of Rule I and Sec. 2.2(c) of Rule II of the Civil Service Rules, as amended by EO 10577, effective January 23, 1955, and as amended by EO 12107, effective January 1, 1979, the exclusion from "CSRA Coverage" of those employees under "Excepted Appt - Indefinite" since the "tenure of an Excepted Appt - Indefinite" is that "for an unlimited period of time" which is different from a "tenure of a Temporary Appointment" that is "for a limited period of time".

Under Sec. 3 of Executive Order 10180 (See EXH A-12) it is specifically provided, that —

"Sec. 3. Persons given nonpermanent appointments pursuant to section 1 of this order are hereby excluded from the operation of the Civil Service Retirement Act of May 29, 1930, as amended, unless eligible for retirement benefits by continuity of service or reinstatement, or otherwise." (Underscoring supplied)

Pursuant to Sec. 3 of EO 10180, persons given nonpermanent appointments pursuant to section 1 of this order are hereby excluded from the operation of the Civil Service Retirement Act of May 29, 1930, as amended, unless eligible for retirement benefits otherwise, that is, under Section 1(i) of Executive Order 9154 (See EXH A-1), 7 FR 3275, "effective as of January 24, 1942", the President orders that — "Employees in the following classification of Federal personnel in the Executive branch of the Government are hereby excluded from the operation of the said Retirement Act" (Underscoring supplied) —

"(i) Employees serving under temporary appointments pending final determination of their eligibility for permanent or indefinite appointment."

In other words, employees serving under "permanent or indefinite appointment" are subject to "CSRA Coverage" pursuant to Section 1(i) of EO 9154.

Section 1(i) of EO 9154 was amended by EO 12107 of December 28, 1978, 44 FR 1055, effective January 1, 1979, and was amended by EO 12292 of February 23, 1981, 46 FR 13967 (See EXH A-13).

The regulation under 5 CFR 831.201(a)(14) (1963 - 1987) was not in accordance with law

From January 23, 1955 up to October 29, 1956, the "tenure of an Indefinite Appointment" is that "for an unlimited period of time" while the "tenure of a Temporary Appointment" is that "for a limited period of time" pursuant to Sec. 1.3(e) of Rule I and Sec. 2.2(c) of Rule II of the Civil Service Rules, as amended by EO 10577, effective January 23, 1955.

Effective October 1, 1956, the Civil Service Retirement Act Amendments of 1956 was enacted. Section 2(a) of the CSRA Amendments of 1956 provided "CSRA Coverage" to each "employee" of the United States Government (See EXH A-11), that —

"Coverage

Sec. 2. (a) This Act shall apply to each employee and Member, except as hereinafter provided."
(Underlining supplied)

However, the Commission was permitted by law under Section 2(e) of the CSRA Amendments of 1956 ("Section 2(e)") (See EXH A-11) to exclude from "CSRA Coverage" those Executive branch employees "whose tenure of office or employment is temporary or intermittent", that —

SEC. 2. "(e) The Commission may exclude from the operation of this Act any employee or group of employees in the executive branch of the United States Government, or of the District of Columbia government upon recommendation of the Commissioners, whose tenure of office or employment is temporary or intermittent."
(Underlining supplied)

Therefore, the Commission may only exclude from "CSRA Coverage" those employees "whose tenure of office or employment is for a limited period of time" which is the "tenure of a Temporary Appointment" which is different from a "tenure of an Indefinite Appointment" that is "for an unlimited period of time".

Therefore, the regulation under 5 CFR 831.201(a)(14) (1963 - 1987), which was enacted only on October 30, 1956, was not in accordance with law under Section 2(e). Therefore, only those employees serving under "emergency-indefinite appointments" that are "with a time limitation" may be excluded from "CSRA Coverage" pursuant to Section 1(L) of EO 9154 (See EXH A-1) and 5 CFR 831.201(a)(14) (1963 - 1987), re-numbered by the OPM as 5 CFR 831.201(a)(13) (1991) (See EXH A-8).

The meaning of
Excepted Appt - Indefinite

The meaning of the term "Indefinite" means "Unlimited" or "Without time limitation", and thus, the meaning of an "Excepted Appt - Indefinite" is "Excepted Appt - Unlimited" or "Excepted Appt (Without time limitation)".

An employee was given the Nature of Action Code ("NOAC") "172" and the Nature-of Action ("NOA") "EXC APPT - INDEFINITE" dated effective 10-06-81 (See EXH F-5).

On "10-06-81", the same employee received a "CORRECTION" from his "EXC APPT - INDEFINITE" to a NOAC "170" and the NOA "EXC APPT" with the "Remarks" on Item 37 (See EXH F-6), that

"NOAC/NOA SHOWN ON ORIGINAL ACTION ARE NO LONGER IN USE. THEY WERE REQUIRED UNDER FPM SUPPL 296-31 WHICH HAS BEEN REPLACED BY FPM SUPPL 296-33."

In other words, the NOA "EXC APPT - INDEFINITE" was no longer in use, but it was replaced by the NOA "EXC APPT", but the NOA "Permanent Appointment" have the same "EXC APPT".

"Job Aid #5. Instructions for Processing Personnel Actions on Appointments in the Excepted Service" under STEP 5 and STEP 6 (See EXH GC11-6) -

(STEP 5)

To identify an excepted appointment that is
"conditional," enter "2" in block 24 of the
SF 52; to identify an excepted appointment
that is "indefinite," or "provisional" enter
"3" in block 24 of the SF 52.

(STEP 6)

Prepare the SF 50 from the information on
the SF 52.

An "Exc Appt" is "Permanent" if "Tenure 1" is entered on the
SF-50; An "Exc Appt" is "Conditional" if "Tenure 2" is entered
on the SF-50; and an "Exc Appt" is "Indefinite" if "Tenure 3" is
entered on the SF-50, but all of these are designated as "without
time limitation". Therefore, a "without time limitation" excep-
ted service appointment may be "Permanent" (Tenure 1), or may be
"Conditional" (Tenure 2), or may be "Indefinite" (Tenure 3).

"Rules 55 to 58" under Table 11-A of the FPM Supp. 296-33,
Subch. 11, at 11-12 (January 8, 1993) had shown the specific
rules on how to process the issuance of the types and natures
of excepted service appointments of any "foreign national re-
cruited overseas for an overseas position". See EXH GSC11-12.

The excepted service appointments of any "foreign national
recruited overseas for an overseas position" were classified,
and they are still classified, by the OPM into two (2) general
categories, to wit —

a) "Without time limitation" excepted service appoint-
ments (Underlining supplied). The type of excepted
service appointment under this category is an "Exc
Appt" , which is self-evidently "without time limi-
tation" , which may be issued to any "foreign national
recruited overseas for an overseas position" if his/her
excepted service appointment is "without time limita-
tion" by way of —

(1) the "NOAC 170" and the "NOA Exc Appt" if
he/she is not yet on the agency's rolls (See
Rule 55 under EXH GSC11-12); or

(2) the "NOAC 570" and the "NOA Conv to Exc
Appt" if he/she is already on the rolls of the
agency (See Rule 56 under EXH GSC11-12); and

b) "Temporary" excepted service appointments (Under-
lining supplied). The type of excepted service
appointment under this category is an "Exc Appt
NTE (date)" , which is self-evidently "with a
time limitation" which may be issued to any "fo-
reign national recruited overseas for an overseas
position" by way of –

    (1) the "NOAC 171" and the "NOA Exc Appt NTE
    (date)" if he/she is not yet on the agency's
    rolls (See Rule 57 under EXH GSC11-12);  or

    (2) the "NOAC 571" and the "NOA Conv to Exc
    Appt NTE (date)" if he/she is already on
    the rolls of the agency (See Rule 58 under
    EXH GSC 11-12).

    Therefore, there are two kinds of excepted service appoint-
ments, namely –

    (1) "Without time limitation" (Underlining supplied).
    The excepted service appointment under this cate-
    gory is an "Exc Appt" which may be "Permanent",
    or "Conditional", or "Indefinite" which may be
    issued to any appointment that is "without time
    limitation".

    (2) "Temporary" (Underlining supplied).  The excep-
    ted service appointment under this category is an
    "Exc Appt NTE (date)" which may be issued to any
    appointment that is "with a time limitation".

Executive Order 10826 –
AUTHORIZING THE CIVIL SERVICE COMMISSION
TO CONFER BENEFITS IN CERTAIN CASES

    "By virtue of the authority vested in me by section 2 of the
Civil Service Act (22 Stat. 403) and section 1753 of the Revised
Statutes of the United States (5 U.S.C. 631), and as President
of the United States, it is hereby ordered as follows:"

    "SECTION 1. Whenever a Federal employee or former Federal
employee has met the requirements of an Executive order (hereto-
fore or hereafter issued) which provided a benefit for Federal
employees but has become ineligible to receive such benefit solely
because of the failure of an administrative agency, because of
error or oversight, to make a timely determination or recommenda-
tion required by the Executive order the Civil Service Commission

may, to avoid inquity in individual cases, confer such benefit upon the employee or former employee: Provided, that the Civil Service Commission may confer such benefit only upon the making of the required determination or recommendation by the agency in which the employee or former employee is employed or is to be employed; and no action taken by the Commission under this order shall be effective prior to the date on which the action is taken."

DWIGHT D. EISENHOWER

THE WHITE HOUSE,

June 25, 1959.                    (See EXH A-3)

**Appellant was covered by the Civil Service Retirement Act**

Appellant received an "Excepted Appointment (Indefinite" dated effective 2-26-60 until his "Resignation" dated effective 05-04-66. See EXH B-1 to EXH B-4. This is "covered service" for an "Excepted Appointment (Indefinite)" is not the excluded category of Section 2(e) to exclude employees from "CSRA Coverage" "whose tenure of office or employment is temporary or intermittent". Therefore, Section 1 of Executive Order 10826 is applicable to confer such benefits to the Appellant (See EXH A-3).

Appellant received an "Excepted Appt NTE 10-23-71" dated effective 07-26-71. See EXH B-5. This was "not a covered service" for a temporary appointment is the excluded category of Section 2(e) to exclude employees from "CSRA Coverage" "whose tenure of office or employment is temporary or intermittent".

Appellant received a "Conv to Excepted Appt-Indefinite" dated effective 09-26-71 (See EXH B-6) until his "RETIREMENT-ILIA" dated effective 09-30-92 (See EXH B-13). The Appellant's "Excepted Appt-Indefinite" was subject to "CSRA Coverage" because the "Tenure of an Indefinite Appointment" that is "for an unlimited period of time", which was interchangeably change to "without time limitation" by the OPM, was subject to "CSRA Coverage" pursuant to Sec. 1.3(e) of Rule I and Sec. 2.2(c) of Rule II of the Civil Service Rules, as amended by EO 10577 effective January 23, 1955, and as amended by EO 12107 effective January 1, 1979, and it was subject to "CSRA Coverage" pursuant to Section 2(e) for the law did not exclude the "tenure of an Indefinite Appointment", and thus, Section 1 of Executive Order 10826 is applicable to confer such benefits to the Appellant (See EXH A-3).

The Appellant's employment under "Tenure 1" from dated effective 10-03-83 (See EXH B-9) was "1 - Permanent". The Appellant's "Block 24. Tenure" was "1", meaning "1 - Permanent". See the Appellant's SF-50s under "10-01-89" (EXH B-11), "10-01-90" (EXH B-12), and "09-30-92" (EXH B-13).

Under 5 USC 2301(b)(8)(A), it is a merit system principle, that -

"(8) Employees should be -
"(A) protected against arbitrary action, xxx."
(See EXH A-5)

Under 5 USC 2302(b)(11), it is a prohibited personnel practice, that -

"(11) take or fail to take any other personnel action if the taking of or failure to take such action violates any law, rule, or regulation implementing, or directly concerning, the merit system principles contained in section 2301 of this title."    (See EXH A-6)
(Note: Pub.L. 105-339, Section 6(a)(2), (3), Oct. 31, 1998, 112 Stat. 3187, 3188, redesignated former par. (11) as (12), and added par. (11))

The evidence under Sec. 1.3(e) of Rule I and Sec. 2.2(c) of Rule II of the Civil Service Rules, as amended by EO 10577 effective January 23, 1955, and as amended by EO 12107 effective January 1, 1979 were unavailable during the prior proceedings and therefore, it is a prohibited personnel practice under 5 USC 2302(b)(11) in violation of the law under 5 USC 2301(b)(8)(A) that "Employees should be - protected against arbitrary action" that it was not in accordance with the "regulations of the President" under Sec. 1.3(e) of Rule I and Sec. 2.2(c) of Rule II of the Civil Service Rules, as amended by EO 10577 effective January 23, 1955, and as amended by EO 12107 effective January 1, 1979, and it was a violation of Section 2(e) the exclusion from "CSRA Coverage" of employees serving under a "Tenure of an Indefinite Appointment" or "Excepted Appt - Indefinite".

CONCLUSION

Therefore, on the basis of Mr. ALIPIO M. SIWA's "permanent or indefinite appointment" which met all the requirements of 5 USC 8333(a)/(b) and 5 USC 8336(d)(1) for title to an immediate annuity, the herein Appellant was subject to a "CSRA Coverage".

Page 10

 Therefore, on the basis of Mr. SIWA's "Exc Appt" that was
"without time limitation" under "Tenure-1" from 1981 up to his
"RETIREMENT - ILIA" dated effective 09-30-92, the herein Appel-
lant was subject to a "CSRA Coverage".


                                    Very respectfully yours,


                                    ALIPIO M. SIWA
                                    Appellant


RIZALINO S. CAYLE
Appellant's Representative
1229 Christ The King
Sta. Rita, Olongapo City
Philippines, 601F

# EXHIBIT 4

**Alipio M. Siwa, Informal Brief of Petitioner before the United States Court of Appeals for the Federal Circuit, March 16, 2006.**

ORIGINAL                    RECEIVED

                            MAR 2 0 2006                    Form 11

FORM 11.  Informal Brief (MSPB or Arbitrator Cases)
                            United States Court of Appeals
                            For The Federal Circuit

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

SIWA        v.    OPM

No. 2006-3174

## INFORMAL BRIEF OF PETITIONER

Read the Guide for Pro Se Petitioners and Appellants before completing this form. Attach a copy of the initial and final decision or order of the Merit Systems Protection Board or arbitrator. Answer the following questions as best you can. Your answers should refer to the decision or order you are appealing where possible. Use extra sheets if needed.

1.  Have you ever had another case in this court? __/__ Yes _____ No  In a United States district court? _____ Yes __/__ No  In the Equal Employment Opportunity Commission? _____ Yes __/__ No  If so, identify each case.

_____
_____
_____

2.  Did the MSPB or arbitrator incorrectly decide or fail to take into account any facts? __/__ Yes _____ No  If so, what facts?  (Refer to paragraph 7 of the Guide.)
    The MSPB incorrectly fail or refuse to take into account the following facts:
        1. Executive Order 9154 of May 1, 1942, 7 FR 3275, 3 CFR, 1938-1943 Comp., p. 1152, which was dated "effective as of January 24, 1942" is still effective up to the present time because of the fact that Section 2 of EO 9154 was amended
                (Continuation on extra sheets)

3.  Did the MSPB or arbitrator apply the wrong law? __/__ Yes _____ No  If so, what law should be applied?
                (Continuation on separate sheets)
_____
_____
_____
_____

4.  Did the MSPB or arbitrator fail to consider important grounds for relief? __/__ Yes _____ No  If so, what grounds?
                (Continuation on separate sheets)
_____
_____
_____

                            FILED
                            U.S. COURT OF APPEALS FOR
                            THE FEDERAL CIRCUIT

                            MAR 1 6 2006

                            JAN HORBALY
                            CLERK

Form 11

FORM 11.  Informal Brief (MSPB or Arbitrator Cases) (continued)

5. Are there other reasons why the MSPB's or arbitrator's decision was wrong?  __/__ Yes
   ___ No    If so, what reasons?

   The MSPB decision was wrong because they forgot to con-
   sider about my "EXC APPT (Without time limitation)"
   under "Tenure 1" or about my "EXC APPT (Without time
   limitation)" under "Tenure 3".

6. What action do you want the court to take in this case?

   I want the Honorable Court to review the regulation
   5 CFR 831.201(a)(14) (1963 - 1987) and grant my request.

7. Do you want to argue before the court in person?  ___ Yes    __/__ No    If yes, what are
   the reasons why argument will aid the court?  (Refer to paragraph 15 of the Guide.)

8. Do you intend to represent yourself?  ___ Yes    __/__ No    If you have not filed an Entry
   of Appearance, indicate your full name, address, and telephone number.

   I have already filed my "Entry of Appearance".

9. I certify that a copy of this brief and any attachments was sent to: _____
   Atty. DAVID M. COHEN _____, the attorney for respondent, at the following address:
   Dept. of Justice, Washington, D.C. 20530 . (Address is found on
   the Entry of Appearance served on you by the attorney for the respondent. If you do not send
   a copy of this brief to the respondent, the court will not file the brief.)

   03-16-06
   _____                           _____
   Date                                       Petitioner's signature

   In addition to mailing a copy to the attorney for the respondent, mail an original and three
   copies of this informal brief and attachments to:

   Clerk of Court
   United States Court of Appeals for the Federal Circuit
   717 Madison Place, NW
   Washington, DC  20439

114

SIWA v OPM, 2006-3174

Continuation of Informal Brief of Petitioner

2.

1. Executive Order 9154 of May 1, 1942, 7 FR 3275, 3 CFR, 1938-1943 Comp., p. 1152, which was dated "effective as of January 24, 1942" is still effective up to the present time because of the fact that Section 2 of EO 9154 was amended by EO 12107 of December 28, 1978, 44 FR 1055 and that Section 1(k) of EO 9154, as amended, was amended by Section 1 of EO 12292 of February 23, 1981, 44 FR 13967.  See the photocopy of EO 9154 under EXH A-1 and the amendment of Section 2 of EO 9154 under Section 2 of EO 9154 and the amendment of Section 1(k) of EO 9154, as amended, under Section 1 of EO 12292 of February 23, 1981 under Section 1 of EO 9154 (buttonline).

In Rosete v. Office of Personnel Management, 48 F.3d 514, 519 (Fed. Cir. 1995) wrongly concluded that Executive Order 10180 superseded Executive Order 9154 because "nothing" in the history of EO 10180 that superseded EO 9154.  There must be a positive revocation of EO 9154 by EO 10180.

The regulation under 5 CFR 831.201(a)(13) (1963 - 1987) in which "Employees serving under nonpermanent appointments made pursuant to section 1 of Executive Order 10180 of November 13, 1950" are excluded from "CSRA Coverage" is subject to Sec. 3 of EO 10180.(See EXH A-12), that -

"Sec. 3. Persons given nonpermanent appointments pursuant to section 1 of this order are hereby excluded from the operation of the Civil Service Retirement Act of May 29, 1930, as amended, unless eligible for retirement benefits by continuity of service or reinstatement, or otherwise." (Underscoring supplied)

Pursuant to Sec. 3 of EO 10180, "Persons given nonpermanent appointments pursuant to section 1 of this order are hereby excluded from the operation of the Civil Service Retirement Act of May 29, 1930, as amended, unless eligible for retirement benefits x x x otherwise" (Underlining supplied), that is, under Section 1(i) of EO 9154, the President of the United States of America orders the exclusion from "CSRA Coverage" of those -

"1. Employees in the following classification of Federal personnel in the Executive branch of the Government are hereby excluded from the operation of the said Retirement Act, unless eligible for retirement benefits by continuity of service, by reinstatement, or otherwise:"

"(i) Employees serving under temporary appoint-
ments pending final determination of their eligi-
bility for permanent or indefinite appointment"

And because of this fact, Section 1(i) of EO 9154 resulted in
the inclusion of "permanent or indefinite appointment" in the
Coverage of the Civil Service Retirement Act.

2. The TENURE of an Indefinite Appointment.

Under Sec. 1.3(e) of Rule I of the Civil Service Rules,
as amended by Executive Order 10577 effective January
23, 1955, and as amended by Executive Order 12107 effec-
tive January 1, 1979, the President requires, that –

"Tenure" shall mean the period of time an employee
may resonably expect to serve under his current
appointment. Tenure shall be granted and governed
by the type of appointment under which an employee
is currently serving without regard to whether he
has a competitive status or whether his appoint-
ment is to a competitive position or an excepted
position. (See EXH A-2 and EXH A-2a)

The U.S. Civil Service Commission ("Commission") and later
the Office of Personnel Management ("OPM" or "Office") was
authorized by the President pursuant to Sec. 2.2(c) of Rule II
of the Civil Service Rules, as amended by EO 10577 effective
January 23, 1955, and as amended by EO 12107 effective January
1, 1979, to –

"xxx determine the types, duration, and conditions
of indefinite and temporary appointments, and may
prescribe the method for replacing persons holding
such appointments." (See EXH A-7 and EXH A-7a)

Under "The Guide To Processing Personnel Actions", Chapter
35-6 (See EXH GC35-6), the OPM defines an INDEFINITE APPOINT-
MENT, that –

"INDEFINITE APPOINTMENT – One given a nonpermanent
employee who is hired for an unlimited period of
time." (Underlining supplied)

The OPM defines a TEMPORARY APPOINTMENT (See EXH GSC35-14),
that –

"TEMPORARY APPOINTMENT – An appointment made
for a limited period of time and with a specific
not-to-exceed (NTE) date determined by the autho-
rity under which the appointment is made."
(Underscoring supplied)

The type, duration, and condition of an Indefinite Appointment is that "for an unlimited period of time" while the type, duration, and condition of a Temporary Appointment is that "for a limited period of time", and thus, "the period of time an employee may reasonably expect to serve under his Indefinite Appointment" is "for an unlimited period of time" while "the period of time an employee may reasonably expect to serve under his Temporary Appointment" is "for a limited period of time", consequently, the "TENURE of an Indefinite Appointment" is "for an unlimited period of time" while the "TENURE of a Temporary Appointment" is "for a limited period of time".

There was no law, or regulation, or Executive Order from January 23, 1955, and thereafter, that specifically excluded the Petitioner from "CSRA Coverage" because the "TENURE of a Permanent or Indefinite Appointment" which is "for an unlimited period of time" is different from a "TENURE of a Temporary Appointment" which is "for a limited period of time".

From January 23, 1955 up to October 29, 1956, the "tenure of a permanent or indefinite appointment" was that "for an unlimited period of time" while the "tenure of a temporary appointment" was that "for a limited period of time" pursuant to Sec. 1.3(e) of Rule I and Sec. 2.2(c) of Rule II of the Civil Service Rules, as amended by EO 10577 effective January 23, 1955.

The regulation under 5 CFR 831.201(a)(14) (1963 - 1987) was not in accordance with SEC. 2(e) of the Civil Service Retirement Act Amendments of 1956

Effective October 1, 1956, the Civil Service Retirement Act Amendments of 1956 was enacted. Section 2(a) of the CSRA Amendments of 1956 provided "CSRA Coverage" to each "employee" of the United States Government (See EXH A-11), that –

"Coverage

SEC. 2. (a) This Act shall apply to each employee and Member, except as hereinafter provided."
(Underscoring supplied)

The Commission was permitted by law under Section 2(e) of the CSRA Amendments of 1956 ("Section 2(e)") (See EXH A-11) to exclude from "CSRA Coverage" any "employee" "whose tenure of office or employment is temporary or intermittent", that –

SEC. 2. "(e) The Commission may exclude from the operation of this Act any employee or group of employees in the executive branch of the United States Government, or of the District of Columbia

government upon recommendation of the Commiss-
ioners, whose tenure of office or employment
is temporary or intermittent."
(Underlining supplied)

The Commission may only exclude from "CSRA Coverage" those
employees "whose tenure of office or employment is for a limi-
ted period of time" (Underlining supplied) which is the "tenure
of a Temporary Appointment" which is different from a "tenure
of a permanent or indefinite appointment" that is "for an
unlimited period of time".

Therefore, the regulation under 5 CFR 831.201(a)(14) (1963 -
1987) (see EXH A-4), that "(14) Employees serving under non-
permanent appointments, designated as indefinite, made after
January 23, 1955, the effective date of the repeal of Executive
Order 10180", was not in accordance with law under Section 2(e)
because the law is law.

Even though the Commission and later the OPM categorized an
Indefinite Appointment as a Temporary Appointment, an Indefi-
nite Appointment is different from a Temporary Appointment with
regards to the "tenure" in which an Indefinite Appointment's
"tenure" is that "for an unlimited period of time" while a
Temporary Appointment's "tenure" is that "for a limited period
of time". Later the OPM as evidenced by an Standard Form 50-B
as "Rev. January 1982", and thereafter (See EXH F-6), categorized
an Indefinite Appointment as an "EXC APPT (Without time limita-
tion)" under "Tenure 3", together with "Permanent Appointment"
under "Tenure 1" and "Conditional Appointment" under "Tenure 2".
Therefore, an Indefinite Appointment's "tenure" that is "for an
unlimited period of time" was interchangeably change to "EXC APPT
(Without time limitation)" under "Tenure 3", a covered appoint-
ment.

An employee was given the Nature of Action Code ("NOAC")
"172" and the Nature of Action ("NOA") "EXC APPT - INDEFINITE"
dated effective 10-06-81 (See EXH F-5).

On 10-06-81, the same date as reflected under EXH A-5, the
same employee received a "CORRECTION" from his "EXC APPT -
INDEFINITE" to a NOAC "170" and the NOA "EXC APPT" with the
"Remarks" on Item 37 (See EXH F-6), that --

"NOAC/NOA SHOWN ON ORIGINAL ACTION ARE NO LONGER IN
USE. THEY WERE REQUIRED UNDER FPM SUPPL 296-31
WHICH HAS BEEN REPLACED BY FPM SUPPL 296-33."

In other words, the NOA "EXC APPT - INDEFINITE" was no longer
in use, but it was replaced by the NOA "EXC APPT", but the NOA
"Permanent Appointment" have the same "EXC APPT".

"Job Aid #5. Instructions for Processing Personnel Actions on Appointments in the Excepted Service" under STEP 5 and STEP 6 (See EXH GC11-6) —

(STEP 5)

To identify an excepted appointment that is "conditional," enter "2" in block 24 of the SF 52; to identify an excepted appointment that is "indefinite," or "provisional" enter "3" in block 24 of the SF 52.

(STEP 6)

Prepare the SF 50 from the information on the SF 52.

Consequently, to identify an excepted appointment that is "permanent", enter "1" in block 24 of the SF 52.

An "Exc Appt" is "Permanent" if "Tenure 1" is entered on the SF-50; an "Exc Appt" is "Conditional" if "Tenure 2" is entered on the SF-50; and an "Exc Appt" is "Indefinite" if "Tenure 3" is entered on the SF-50, but all of these are designated as "Without time limitation". Therefore, a "Without time limitation" excepted service appointment may be "Permanent" (Tenure 1), or may be "Conditional" (Tenure 2), or may be "Indefinite" (Tenure 3).

"Rules 55 to 58" under Table 11-A, FPM Supp. 296-33, Subch. 11, at 11-12 (January 8, 1993) (See EXH GSC11-12) had shown the specific rules on how to process the issuance of the types and natures of excepted service appointments of any "foreign national recruited overseas for an overseas position".

The excepted service appointments of any "foreign national recruited overseas for an overseas position" were classified, and they are still classified, by the OPM into two general categories, namely —

a) "Without time limitation" excepted service appointments (Underlining supplied). The type of excepted service appointment under this category is an "Exc Appt", which is self-evidently "Without time limitation", which may be issued to any "Foreign national recruited overseas for an overseas position" if his/her excepted service appointment is "Without time limitation" by way of —

(1) the "NOAC 170" and the "NOA Exc Appt" if he/she is not yet on the agency's rolls (See Rule 55 under EXH GSC11-12); or

      (2) the "NOAC 570" and the "NOA Conv to Exc
          Appt" if he/she is already on the rolls
          of the agency (See Rule 56 under EXH
          GSCll-12);   and

  b) "Temporary" excepted service appointmens (Underli-
     ning supplied). The excepted service appointments
     under this category is an "Exc Appt NTE (date)",
     which is self-evidently "With a time limitation",
     which may be issued to any "foreign national
     recruited overseas for an overseas position" if
     his/her excepted service appointments is "With a
     time limitation" by way of —

    (1) the "NOAC 171" and the "NOA Exc Appt NTE
       (date)" if he/she is not yet on the agency's
       rolls (See Rule 57 under EXH GSCll-12);
       or

    (2) the "NOAC 571" and the "NOA Conv to Exc Appt
       NTE (date)" if he/she is already on the
       rolls of the agency (See Rule 58 under EXH
       GSCll-12).

Therefore, there are two kinds of excepted service appoint-
ments, to wit —

  (1) "Without time limitation" (Underlining supplied).
     The excepted service appointment under this cate-
     gory is an "Exc Appt" which may be "Permanent",
     or "Conditional", or "Indefinite" which may be
     issued to any appointment that is "Without time
     limitation".

  (2) "Temporary" (Underlining supplied). The excepted
     service appointments under this category is an
     "Exc Appt NTE (date)" which may be issued to any
     appointment that is "With a time limitation".

  3. Executive Order 10826 of June 25, 1959, AUTHORIZING THE
CIVIL SERVICE COMMISSION TO CONFER BENEFITS IN CERTAIN CASES,
is applicable to apply to all employees serving under a
"TENURE of an Indefinite Appointment".  (See EXH A-3).

  4. Petitioner was covered by the Civil Service Retirement Act.

    Petitioner received an "Excepted Appointment (Indefinite)"
dated effective 2-26-60 until his "Resignation" dated effec-
05-04-66 (See EXH B-1 to EXH B-4). This is "covered service"
for an "Excepted Appointment (Indefinite)" is not the exclu-
ded category under Section 2(e) to exclude employees from
"CSRA Coverage" "whose tenure of office or employment is tem-
porary or intermittent". Therefore, Section 1 of EO 10826

is applicable to confer such benefits to the Petitioner (see EXH A-3).

Petitioner received a "Conv to Excepted Appt-Indefinite" dated effective 09-26-71 (See EXH B-6) until his RETIREMENT-ILIA dated effective 09-30-92 (See EXH B-13). The Petitioner's "Excepted Appt-Indefinite" was subject to "CSRA Coverage" because the "TENURE of an Indefinite Appointment" that is "for an unlimited period of time" which was interchangeably change to "EXC APPT (Without time limitation)" by the OPM was subject to "CSRA Coverage" pursuant to Sec. 1.3(e) of Rule I and Sec. 2.2(c) of Rule II of the Civil Service Rules, as amended by EO 10577 effective January 23, 1955, and as amended by EO 12107 effective January 1, 1979, and it was subject to "CSRA Coverage" pursuant to Section 2(e) for the law did not exclude the "TENURE of an Indefinite Appointment", and thus, Section 1 of EO 10826 is applicable to confer such benefits to the Petitioner.

The Petitioner got a "PROMOTION" dated effective 10-02-83 (See EXH B-7) because he was "Selected from MPP-COE-737-83 dtd 08-30-83" (Merit Promotion Plan/Certificate of Eligibles). He was ranked under "Tenure 1". Therefore, the Petitioner's appointment was an "Exc Appt (Without time limitation)" under "Tenure 1".

On 10-01-89, the Petitioner's Block "24. Tenure" was "1", meaning "1 – Permanent". See EXH B-9. Under the NOTICE TO EMPLOYEE at the reverse side of the SF 50-B under "Block 24 – Tenure" suggested that "Identifies the nature of your appointment ...". Therefore, the meaning of Tenure "1" is "Permanent".

The Petitioner was retired from the Federal service under a RETIREMENT – ILIA ("In Lieu of Involuntary Action") dated effective 09-30-92 and his Legal Authority was REG. 831.501(b). The Department of the Navy had made a timely determination or recommendation required by the OPM that the Petitioner was "Eligible for Retirement" for the regulation under 5 CFR 831.501(b) dictates, that –

> "An employee or Member who is retiring on account of voluntary or involuntary separation from the service may file an application for immediate or deferred annuity only after his separation from the service or not more than 30 days before the commencing date of annuity."

See EXH B-13. The Petitioner's Block "24. Tenure" was "1", meaning "1 – Permanent". Therefore, the meaning of Tenure "1" is "Permanent".

Therefore, on the basis of Mr. ALIPIO M. SIWA's "permanent or indefinite appointment" which met all the requirements of 5 USC 8333(a)/(b) and 5 USC 8336(d)(1) for title to an immediate annuity, the herein Petitioner was subject to a "CSRA Coverage".

3.     The MSPB apply the wrong law to deny "CSRA Coverage" to the Petitioner. The MSPB applied Section 2(e) to deny retirement coverage to the Petitioner by way of 5 CFR 831.201(a)(14) (1963 = 1987), but Section 2(e) was not applicable to deny "CSRA Coverage" because of the "TENURE of an Indefinite Appointment".

4.     The MSPB should grant my request for a regulation review of 5 CFR 831.201(a)(14) (1963 - 1987).

# EXHIBIT 5

**Office of Personnel Management, Initial Decision against Alipio M. Siwa's Retirement Benefits Claim, December 8, 1993.**

REPRODUCED AT THE NATIONAL ARCHIVES



United States
# Office of
# Personnel Management

Washington, D.C. 20415-0001

In Reply Refer To

Your Reference
1 2-8-9

ALIPIO M SIWA          USA-3 491 207

RO-7TH ST WEST TAPINAC
OLONGAPO CITY
PHILIPPINES          601F


Dear


This is in response to your application for retirement under the Civil
Service Retirement System.

In order to be eligible for a civil service annuity (disability or
non-disability), you must have been employed by the U.S. Government for
at least five years, ending in a period that was subject to Retirement
coverage.

We acknowledge that you have performed civilian service for the
Government of the United States; however, you never served in a position
subject to the Civil Service Retirement Act.  Therefore, your service
did not entitle you to benefits under the Civil Service Retirement
System and you are not entitled to a civil service annuity.

This constitutes the initial decision of the Office of Personnel
Management.  If you believe that the decision to disallow your claim
was not in accordance with law and regulation, you may request
reconsideration of the decison by following the procedures in the
enclosure.

We sincerely regret that the facts do not permit a favorable reply.

                                        Sincerely,

                                        R. Parenti

                                        Benefits Specialist


Enclosure:  RI 38-47


CON 114-2-
Jan 19

# EXHIBIT 6

**Office of Personnel Management, Final Decision against Alipio M. Siwa's Retirement Benefits Claim, February 8, 1994.**

REPRODUCED AT THE NATIONAL ARCHIVES

United States
Office of
Personnel Management

Retirement Operations Center
PO Box 45
Boyers, Pennsylvania  16017


Alipio M. Siwa
#6-7th St., West Tapinac
Olongapo City, Philippines 601F

February 8, 1994
CSA 3 491 207


Dear Mr. Siwa  :

This is in reply to your January 7, 1994, request for
reconsideration of the initial decision that you are not
entitled to an annuity under the Civil Service Retirement
(CSR) System.


## BACKGROUND

The initial decision in this matter found that you are not
entitled to civil service annuity benefits because you did
not complete five years of Federal service ending in
separation from a position subject to the Civil Service
Retirement law, that is, a civilian position not excluded
from coverage.

## ANALYSIS AND FINDINGS

The Office of Personnel Management is charged with the
administration of the Civil Service Retirement law and is
expected to allow credit for service only as provided by law.
Also, we are obligated under law and regulation to correct
any error(s) in payment of benefits.

In order to be entitled to benefits based on separation from
service after August 31, 1954, an applicant:  (1) must have
completed a minimum of 5 years of creditable service and (2)
during the final 2 years of service prior to separation, the
applicant must serve for a minimum of 1 year in a position
that is covered by or subject to the Civil Service Retirement
Act. 5 U.S.C. S 8333(b).  See Herrera v. United States, 849
F.2d 1416, 1417 (Fed. Cir. 1988); Guevara v. United States,
229 Ct.Cl. 595, 598 (1981); Vicente v. United States, 1
Cl.Ct. 299, 301 30 M.S.P.R. 465, 468-9 (1986).

REPRODUCED AT THE NATIONAL ARCHIVES

An employee who has obtained coverage under the Civil Service Retirement law is entitled to benefits after 25 years of service at any age or 20 years of service at 50 years of age:

1. if his separation from the Federal service is involuntary, except by removal for cause on charges of misconduct or delinquency or

2. he is separated voluntarily while serving in an agency determined by OPM to be undergoing a major reorganization, reduction in force or transfer of function, when a significant percentage of employees will be separated or subject to immediate reduction in pay. 5 U.S.C. S 8336 (d).

In <u>Noveloso v. O.P.M.</u> {45 M.S.P.R. 321 (1990).}, the Merit Systems Protection Board provides the following analysis of 5 USC 8333 (a) (b):

Two types of Federal service are pertinent to a determination of whether an individual is entitled to a retirement annuity under the Civil Service Retirement annuity under the Civil Service Retirement Act (CSRA) - "creditable service" and "covered service" Herrera v. United states, 849 F.2nd 1416, 1417 (Fed. Cir. 1989). Almost all Federal service is creditable service. See id. (1) Covered service is more limited in scope, referring to Federal employees who are "subject to" the CSRA, i.e., employees who must deposit part of their basic pay into the Civil Service Retirement and Disability fund. See in re Kaltakji, 1 MSPB 60, 1 M.S.P.R. 63,64(1978), reconsideration denied, 1 MSPB 59, 1 M.S.P.R. 61(1979). To qualify for a civil service retirement annuity, an employee must complete at least five years of creditable civilian service, and must have served at least one of the last two years of Federal service in a covered position 5 U.S.C. 8333(a)-(b). {1} In determining whether an individual's creditable service also constitutes covered service, the rule is that "{a}" employees

_____

(1) Generally speaking, creditable service includes the following:  (1) Federal civilian service performed by an individual meeting all of the provisions of 5 U.S.C. 2105(a); (2) military service and service with the District of Columbia Government with certain qualifications and exceptions; (3) any service specifically listed in 5 U.S.C. 8331(1) or 8332; and (4) any service made creditable by statute, such as Postal Service employment under 39 U.S.C. 1005(b).  See FPM Supp. 831-1, subch. 831-1, subch. S3-1 (Mar. 29, 1985).

REPRODUCED AT THE NATIONAL ARCHIVES

are covered by the retirement system *except* those
specifically excluded by law or by regulations of
the Office of Personnel Management. "(2) FPM supp.
831-1, subch. S2-1 (Sept. 21, 1981)".
Congress has authorized OPM to exclude from
retirement coverage employees "whose employment is
temporary or intermittent".  5 U.S.C. 8347(g).  OPM
has exercised this authority, inter alia, by
excluding from retirement coverage employees serving
under appointments limited to one year or less,
intermittent employees, and employees serving under
non-permanent, indefinite appointments.  5 C.F.R.
831.201(a) (1)-(2), (12)-(13).  The exclusions
contained in section 831.201(a) do not in any way
affect the creditability

---

(2) An "employee" is defined in 5 U.S.C. 8331(1)(A)-(K).
Statutory exclusions from covered service are enumerated in 5
U.S.C. 8331(1)(K)(i)-(xii).  Regulatory exclusions from
covered service are enumerated in 5 C.F.R. 831.201.  Whether
retirement deductions were actually withheld is not
necessarily determinative.  If no deductions were withheld
because of agency error, or because it was not determined
until after the fact that such service should have been
covered, the employment will still constitute covered
service.  See Kaltakji, 1 MSPB 60, 1 M.S.P.R. at 64; 5 C.F.R.
831.303

REPRODUCED AT THE NATIONAL ARCHIVES

of an employee's service, however; they pertain only to the CSRA's covered service requirement.  See Herrera., 849 F.2nd at 1417-18; Kaltajki, 1 MSPB 60, M.S.P.R. at 64. (3)

We have verified the following service and find that you do not have title to Civil Service Annuity benefits:

February 26, 1960  to  May 4, 1966    Navy

July 26, 1971  to  September 30, 1992Navy

Although your service is creditable, it was not subject to CSR coverage.  Therefore, you are not entitled to annuity benefits.  We have been unable to verify any additional service in your case.

_____

(3) To the extent that previous Board decisions have held that temporary or indefinite appointments do not constitute creditable service, they are hereby overruled.  See, e.g., Fontanilla v. Office of Personnel management, 34 M.S.P.R. 611,613 (1987)(service under temporary interim appointment "was not creditable because it was not covered by the Civil Service Retirement act"); Cruz v. Office of Personnel Management, 7 MSPB 583, 8 M.S.P.B. 95, 96 (1981) (appellant lacked 5 years of creditable civilian service because he served under indefinite appointment): Vicente v. Office of Personnel Management, 5 MSPB 72, 4 M.S.P.R. 546,547 (1981) (same).  We note, however, that the denial of retirement benefits was proper in each of these cases, since none of the appellants had met the covered service requirements of the CSRA.

REPRODUCED AT THE NATIONAL ARCHIVES

## Appeal Rights

In view of the above, the decision of December 8, 1993, is affirmed. This constitutes the final decision of the Office of Personnel Management on this matter. You have the right to appeal this appeal this decision to the Merit Systems Protection Board. The enclosed sheet provides filing instructions. Please note the twenty-five (25) day time limit for filing an appeal.

Sincerely,

William C. Jackson, Chief
Reconsideration and Debt
Collection Division

Enclosure

# EXHIBIT 7

**<u>Siwa v. Office of Pers. Mgmt.</u>, M.S.P.B., Docket No. SE-0831-94-0341-I-1 (June 24, 1994).**

REPRODUCED AT THE NATIONAL ARCHIVES

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
SAN FRANCISCO REGIONAL OFFICE

|  |  |
|---|---|
| ALIPIO M. SIWA,<br>　　　　Appellant,<br><br>　　　　v.<br><br>OFFICE OF PERSONNEL MANAGEMENT,<br>　　　　Agency.<br>　　(CSA 3 491 207) | DOCKET NUMBER<br>SE-0831-94-0341-I-1<br><br><br>DATE:　June 24, 1994 |

<u>Rizalino S. Cayle</u>, Olongapo City, Philippines, for the appellant.

<u>Carol Pelosi</u>, Washington, D.C., for the agency.

BEFORE

Portia K. Igarashi
Administrative Judge

## INITIAL DECISION

### INTRODUCTION

The appellant timely appealed an agency reconsideration decision which found that he was not entitled to an annuity under the Civil Service Retirement System.  The Board has jurisdiction pursuant to 5 U.S.C. § 8347(d) and 5 C.F.R. § 831.110.

For the reasons set forth below, the agency's reconsideration decision is AFFIRMED.

### ANALYSIS AND FINDINGS

#### Applicable Law

As an applicant for a statutory benefit, the appellant has the burden of proving, by preponderant evidence, that he meets

REPRODUCED AT THE NATIONAL ARCHIVES

2

the statutory requirements for entitlement.    *See* C.F.R. § 1201.56(a)(2); *Fredeluces v. Office of Personnel Management*, 57 M.S.P.R. 598, 601 (1993), *aff'd*, 16 F.3d 421 (Fed. Cir. 1993) (Table).

Because the appellant claims entitlement to an annuity based upon a separation occurring after August 31, 1954, he must meet the requirements of the current version of the Civil Service Retirement Act.    Under 5 U.S.C. § 8333(b), to qualify for a civil service retirement annuity an employee must have completed at least five years of creditable civilian service and he must also have served at least one of his last two years of Federal service in a position covered by the Civil Service Retirement System (CSRS).    *See Anulao v. Office of Personnel Management,* 59 M.S.P.R. 336, 339 (1993); *Hawco v. Office of Personnel Management,* 52 M.S.P.R. 290, 293 (1992).

Creditable service is broadly defined and includes almost all civilian and military employment for the government of the United States and the District of Columbia.    Covered service is much narrower; it extends only to those employees who must deposit part of their basic pay into the Civil Service Retirement and Disability Fund.    *See Noveloso v. Office of Personnel Management,* 45 M.S.P.R. 321, 323-24 (1990).

## The Appellant's Service was not Covered by the CSRS

The appellant's claim for retirement benefits is based on approximately 27 years of service with the U. S. Navy Public Works Center, Subic Bay, Philippines.    The termination standard Form-50 indicates that the appellant retired from employment in lieu of an involuntary reduction-in-force, effective September 30, 1992.    The record also indicates that from October 1, 1992 to November 6, 1992, he served in a temporary (NTE) appointment.

The official documents of record reveal that all of the appellant's service was accomplished under a series of excepted appointments that were temporary or indefinite in duration. Although the appellant's service is creditable for retirement purposes, *Vanaman v. Office of Personnel Management,* 55 M.S.P.R.

REPRODUCED AT THE NATIONAL ARCHIVES

3

358, 360 (1992), *vacated on other grounds*, 59 M.S.P.R. 598 (1993), such service is not covered by the CSRS. As the Board has ruled, all Federal service is covered by the civil service retirement system, except for service specifically excluded by law or by OPM regulation. Temporary service and excepted indefinite appointments are specifically excluded from coverage by Office of Personnel Management (OPM) regulation. *See* 5 C.F.R. § 831.210(a)(12)-(13); *Noveloso*, 45 M.S.P.R. at 324. Thus, the appellant's service under such appointments does not qualify him for an annuity.

The appellant argued that he should not be denied an annuity, that OPM was without authority to exclude indefinite appointments from coverage. I find the appellant's argument to be without merit. OPM's action and, specifically, this exclusion have been reviewed and sustained by the Board. *See Noveloso*, 45 M.S.P.R. at 324-25. Further, as the agency entrusted with the administration of retirement laws and the promulgation of the implementing regulations, OPM is entitled to great deference in its interpretation of the retirement statutes unless the interpretation is plainly erroneous or is inconsistent with the statute or other regulations. *See Money v. Office of Personnel Management*, 811 F.2d 1474 (Fed. Cir. 1987). The Board may reject the responsible agency's interpretation of a statute only where there is compelling evidence that the interpretation is wrong. *See Evans v. Office of Personnel Management*, 59 M.S.P.R. 94, 104 (1993). I find no such compelling evidence in this case.

Additionally, because the appellant produced no evidence showing that any of his appointments were at any time subject to the CSRS and that his personnel record was incomplete as to that evidence, the appellant's tenure group is not relevant. *See Fredeluces*, 57 M.S.P.R. at 602, n. 4. I also note that there is no evidence that retirement deductions were ever taken from the appellant's pay. This is entirely consistent with the official notations in the various appointment documents of record that the appellant was not covered by the CSRS. Although the absence of deductions is not determinative of whether service was covered, I—

REPRODUCED AT THE NATIONAL ARCHIVES

4

find it to be circumstantial evidence that the appellant's employing agency did not consider his service to be covered by the CSRS. *Cf. Mendez v. Office of Personnel Management*, 51 M.S.P.R. 81, 86 (1991), *review dismissed*, 965 F.2d 1063 (Fed. Cir. 1992). The evidence is clear that the appellant's appointments were intentionally without CSRS coverage.

The appellant mentions his current financial hardship due to the volcanic eruption and the loss of his job. However, this appeal concerns only the question of his eligibility under the CSRS. The appellant cannot be awarded an annuity solely on the basis of hardship or other equitable principles. *See, e.g., Sanchez v. Office of Personnel Management*, 47 M.S.P.R. 343, 347 (1991); *Shelley v. Office of Personnel Management*, 6 M.S.P.R. 267, 272 (1981).

The appellant is entitled only to the rights incident to the positions to which he was appointed. *See Julius v. Department of the Army*, 35 M.S.P.R. 130, 133 (1987), *aff'd*, 852 F.2d 1293 (Fed. Cir. 1988) (Table). The appellant's service in this case was accomplished under excepted, indefinite appointments. These appointments are specifically excluded from CSRS coverage. The appellant has failed to establish that he ever served in a position covered by the CSRS. Accordingly, I find that the appellant has failed to establish that he is entitled to an annuity. *See Anulao*, 59 M.S.P.R. at 339 (1993).

## DECISION

The agency's action is AFFIRMED.

FOR THE BOARD:

Portia K. Igarashi
Administrative Judge

## NOTICE TO APPELLANT

This initial decision will become final on <u>July 29, 1994</u>, unless a petition for review is filed by that date or the Board reopens the case on its own motion. This is an important date

REPRODUCED AT THE NATIONAL ARCHIVES

5

because it is the last day on which you can file a petition for review with the Board.  The date on which the initial decision becomes final also controls when you can file a petition for review with the Court of Appeals for the Federal Circuit.  The paragraphs that follow tell you how and when to file with the Board or the federal court.  These instructions are important because if you wish to file a petition, you must file it within the proper time period.

## BOARD REVIEW

You may request Board review of this initial decision by filing a petition for review.  Your petition for review must state your objections to the initial decision, supported by references to applicable laws, regulations, and the record.  You must file your petition with:

The Clerk of the Board
Merit Systems Protection Board
1120 Vermont Avenue, NW., Suite 806
Washington, DC 20419

If you file a petition for review, the Board will obtain the record in your case from the Administrative Judge and you should not submit anything to the Board that is already part of the record.  Your petition must be postmarked or hand-delivered no later than the date this initial decision becomes final. If you fail to provide a statement with your petition that you have either mailed or hand-delivered a copy of your petition to the agency, your petition will be rejected and returned to you.

## JUDICIAL REVIEW

If you are dissatisfied with the Board's final decision, you may file a petition with:

The United States Court of Appeals
for the Federal Circuit
717 Madison Place, NW.
Washington, DC 20439

You may not file your petition with the court before this decision becomes final.  To be timely, your petition must be

REPRODUCED AT THE NATIONAL ARCHIVES

6

received by the court no later than 30 calendar days after the date this initial decision becomes final.

### NOTICE TO AGENCY/INTERVENOR

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.

REPRODUCED AT THE NATIONAL ARCHIVES

## CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent by regular mail, unless otherwise indicated below, this day to each of the following:

**Appellant**

Alipio M. Siwa
#6 - 7th St., West Tapinac
Olongapo City 601F
PHILIPPINES

**Appellant's Representative(s)**

Rizalino S. Cayle
1229 Christ the King
Sta. Rita
Olongapo City 601F
PHILIPPINES

**Agency's Representative(s)**

Carol Pelosi
Retirement Policy Division
Retirement and Insurance Group
US Office of Personnel Management
P.O. Box 16
Washington, DC  20044

**Other**

Marjorie Marks
U.S. Office of Personnel Management
Employee Relations Division
1900 "E" Street, N.W., Room 7412
Washington, DC  20415

JUNE 24, 1994
    (Date)

JUDY MATTIAS
LEGAL ASSISTANT
(415) 744-3081

# EXHIBIT 8

**<u>Siwa v. Office of Pers. Mgmt.</u>,** No. 94-3665, 1995 WL 412948, 62 F.3d 1433, (Fed. Cir. July 7, 1995) (Table).

Westlaw.

62 F.3d 1433

62 F.3d 1433, 1995 WL 412948 (C.A.Fed.)
**(Cite as: 62 F.3d 1433)**

H

Siwa v. Office of Personnel Management
C.A.Fed.,1995.
NOTICE: THIS IS AN UNPUBLISHED
OPINION.(The Court's decision is referenced in a "
Table of Decisions Without Reported Opinions"
appearing in the Federal Reporter. Use FI CTAF
Rule 47.6 for rules regarding the citation of
unpublished opinions.)
　United States Court of Appeals, Federal Circuit.
　　Alipo M. SIWA, Petitioner,
　　　　　v.
　OFFICE OF PERSONNEL MANAGEMENT,
　　　　Respondent.
　　　　No. 94-3665.

　　　　July 7, 1995.
　Rehearing Denied; Suggestion for Rehearing In
　　　Banc Declined Nov. 8, 1995.

MSPB

AFFIRMED


Before MAYER, Circuit Judge, COWEN, Senior
Circuit Judge, and LOURIE, Circuit Judge.

　　　　ON MOTION
MAYER, Circuit Judge.

　　　　*ORDER*

**\*1** The Office of Personnel Management (OPM)
moves for summary affirmance of the Merit System
Protection Board's decision holding that Alipo M.
Siwa was not entitled to retirement benefits under
the Civil Service Retirement Act (CSRA), 5 U.S.C.
§ 8331 *et seq.* Siwa opposes.[FN1]

Siwa was employed from 1960 until 1966, and from
1971 until 1992 by the Department of the Navy in
Subic Bay, the Philippines.[FN2] Siwa was separated
when the base closed, and he applied for retirement

benefits under the CSRA. OPM denied Siwa's
application, and he appealed OPM's denial to the
Board. The Administrative Judge (AJ) determined
that Siwa had served under a series of temporary
and indefinite appointments that were specifically
excluded from CSRA coverage pursuant to 5 C.F.R.
§ 831.201(a)(12) and (a)(13). The AJ thus
concluded that while Siwa had completed at least
five years of creditable federal civilian employment,
he had not been employed in a position covered by
the CSRA. *See* 5 U.S.C. § 8333(b); 5 U.S.C. §
8347(g). Siwa petitioned this court for review.

First, we note that 5 U.S.C. § 8347(g) specifically
excludes temporary appointments from qualifying
as covered service. Second, this court recently
addressed whether indefinite appointments qualify
as covered service in *Rosete v. Office of Personnel
Management,* 48 F.3d 514 (Fed.Cir.1995). The
exclusion of indefinite appointments is contained in
OPM's regulation that interprets § 8347(g). *See* 5
C.F.R. § 831.201(a)(13). We held that it was
proper to defer to OPM's interpretation of § 8347(g)
as excluding indefinite appointments because that
interpretation was "both reasonable and of long
standing." *Rosete,* 48 F.3d at 519. Accordingly,
we concluded that an indefinite appointment in the
excepted service did not constitute covered service
within the meaning of the CSRA. *Id.* at 520.

We agree with OPM that the Board's decision that
Siwa was not entitled to retirement benefits should
be summarily affirmed based on our holding in
*Rosete.* Summary disposition of a case "is
appropriate, *inter alia,* when the position of one
party is so clearly correct as a matter of law that no
substantial question regarding the outcome of the
appeal exists." *Joshua v. United States,* 17 F.3d
378, 380 (Fed.Cir.1994). In his opposition, Siwa
argues that *Rosete* was wrongly decided. However,
we are bound by this court's holding in *Rosete.*

Accordingly,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

62 F.3d 1433                                                                                        Page 2

62 F.3d 1433, 1995 WL 412948 (C.A.Fed.)
**(Cite as: 62 F.3d 1433)**

IT IS ORDERED THAT:

(1) OPM's motion for summary affirmance is granted.

(2) Each side shall bear its own costs.

> FN1. Siwa filed an opposition twelve days late. We treat Siwa's opposition as a motion for leave to file an opposition out of time, with opposition attached, and grant it.

> FN2. We note that OPM has not provided us with all of Siwa's SF-50 personnel forms. It is not clear whether the missing documents are no longer in existence or if OPM simply failed to attach them to its motion. However, because Siwa does not challenge any of the Administrative Judge's findings in his informal brief, we rely on those findings. OPM is advised that in the future it should provide the court with the applicable documentation.

C.A.Fed.,1995.
Siwa v. Office of Personnel Management
62 F.3d 1433, 1995 WL 412948 (C.A.Fed.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT 9

**De Jesus, et. al. v. Office of Pers. Mgmt.**, CB-1205-96-0036-U-1, 73
**M.S.P.R. 458 (March 5, 1997) (Table).**

97 FMSR 5080

### Wilfredo A. De Jesus, et al. v. Office of Personnel Management

U.S. Merit Systems Protection Board

CB-1205-96-0036-U-1(03/05/97); 73 MSPR 458

March 5, 1997

### Judge / Administrative Officer

Before: Erdreich, Chairman; Slavet, Vice Chair; Amador, Member

Dismissed without opinion (Fed. Cir. 05/07/97)

Dismissed without opinion (Fed. Cir. 05/07/97)

### Related Index Numbers

52.005 Appointments, Effect of Government Regulations

91.048 Retirement, Statutory Construction

1001.033 Original Jurisdiction of Merit Systems Protection Board, Review of Office of Personnel Management Rules and Regulations

1007.025 Authority of Office of Personnel Management, Effect of Government Regulations

1025.039 Rules and Regulations, Review by Merit Systems Protection Board

### Case Summary

The Board was bound to follow the Court's decision and held that OPM's exclusion of employees with indefinite appointments from CSRS coverage was reasonable.

The appellants requested that the Board review two of OPM's regulations. They argued that the exclusion of employees, serving under indefinite appointment, from the Civil Service Retirement System (CSRS) was inconsistent with the governing statute which only permitted the exclusion of "temporary or intermittent" employees. On review, the Board determined that the appellants articulated a threshold basis for review, but declined to address it. Instead, the Board cited to a Federal Court decision, *Rosette v. OPM*, [95 FMSR 7009], which found that the exclusion of employees with indefinite

appointments from CSRS coverage was reasonable. Thus, the Board concluded that it was bound to follow the Court's decision and denied their request.

### Full Text

APPEARANCES:

Rizalino S. Cayle, Olongapo City, Phillipines, for the petitioners.

Kathy M. Sachen-Gute, Esquire, Washington, D.C., for the agency.

#### Opinion and Order[1]

The petitioners have requested review of the Office of Personnel Management (OPM) regulations at 5 C.F.R. § 831.201(a)(12) and (a)(13) pursuant to 5 U.S.C. § 1204(f). Petitioners argue that these regulations, which exclude employees serving under non-permanent appointments from the Civil Service Retirement System, are inconsistent with the governing statute, 5 U.S.C. § 8347(g), and its predecessor, sections 1(a) and 2(e) of the 1956 Civil Service Retirement Act. Petitioners claim that by violating section 8347(g), the regulations require an employee implementing them to commit a prohibited personnel practice under 5 U.S.C. § 2302(b) (11), which prohibits, *inter alia*, the taking of a personnel action in violation of a "law, rule, or regulation implementing, or directly concerning, the merit system principles." Petitioners argue that section 8347(g) implements or directly concerns the merit system principle protecting employees from arbitrary action, 5 U.S.C. § 2301(b)(8)(A).

The Board has previously held that this argument does not provide a basis for the Board to exercise its discretion to review these regulations under section 1204(f). *Amirille v. Office of Personnel Management* [95 FMSR 5305], *aff'd*, 78 F.3d 605 (Fed. Cir.) (Table), *cert. denied*, 116 S.Ct. 2534 (1996). The Board relied on the decision of the United States Court of Appeals for the Federal Circuit in *Rosete v. Office of Personnel Management*, 48 F.3d 514 (Fed. Cir. 1995) [95 FMSR 7009], which held that OPM's regulation at section 831.201(a)(13) validly implements 5 U.S.C. § 8347. The petitioners have not

Copyright © 2005 LRP Publications

presented any arguments warranting either a different outcome in this case or any further discussion of this issue.

### Order

The petitions for regulation review are DENIED. This is the final order of the Merit Systems Protection Board.

**Notice to the Appellant Regarding Further Review Rights**

You have the right to request the United States Court of Appeals for the Federal Circuit to review the Board's final decision in your appeal if the court has jurisdiction. *See* 5 U.S.C. § 7703(a)(1). You must submit your request to the court at the following address:

United States Court of Appeals

for the Federal Circuit

717 Madison Place, N.W.

Washington, DC 20439

The court must receive your request for review no later than 30 calendar days after receipt of this order by your representative, if you have one, or receipt by you personally, whichever receipt occurs first. *See* 5 U.S.C. § 7703(b)(1.).

1 The Clerk notified 37 of the petitioners by letter dated October 2, 1996, that these appeals were being consolidated. Request File, Tab 6. After issuing that letter, the Board received requests from three additional petitioners. We have consolidated those three cases with those previously consolidated because they contain similar issues and share the same representative. *See* 5 C.F.R. § 1201.36(a). A list of the petitioners and docket numbers included in these consolidated cases appears in Appendix A.

### Appendix A

Wilfredo A. De JesusCB-1205-96-0036-U-1Braulio C. CorpuzCB-1205-96-0037-U-1Paulo Z. CarpioCB-1205-96-0038-U-1Ernesto L. MauricioCB-1205-96-0039-U-1Alfredo N. AlconesCB-1205-96-0040-U-1Florante D.

SandovalCB-1205-96-0041-U-1Paterno A. PajeCB-1205-96-0042-U-1Gonzalo R. DanaoCB-1205-96-0043-U-1Ireneo G. AlferosCB-1205-96-0044-U-1Germiniano S. Isla, Jr.CB-1205-96-0045-U-1Antonio P. SanchezCB-1205-96-0046-U-1Martin E. RabeCB-1205-96-0047-U-1Modesto B. PaloCB-1205-96-0048-U-1Rodolfo D. BernardezCB-1205-96-0049-U-1Moises R. QuibaCB-1205-96-0050-U-1Paquito O. DungcaCB-1205-96-0051-U-1Filimon M. CayananCB-1205-96-0052-U-1Manuel M. CoronelCB-1205-96-0053-U-1Rolando E. CustodioCB-1205-96-0054-U-1Florentino L. LopezCB-1205-96-0055-U-1Enrique M. CabilesCB-1205-96-0056-U-1Arcadio M. MalonzoCB-1205-96-0058-U-1Vicente C. Escusa, Jr.CB-1205-96-0059-U-1Rogelio A. MaganteCB-1205-96-0060-U-1Salvador C. De OmaniaCB-1205-96-0061-U-1Abraham F. Pantilon, Sr.CB-1205-96-0062-U-1Camilo F. FilamorCB-1205-96-0063-U-1Gaudencio DaguinotnotCB-1205-96-0064-U-1Emilio V. BondadCB-1205-96-0065-U-1Jacinto O. FlorentinoCB-1205-96-0066-U-1Alipio M. SiwaCB-1205-96-0067-U-1Felicitas F. AbayanCB-1205-96-0068-U-1Erlinda Y. GuzmanCB-1205-96-0070-U-1Rodolfo A. De GuzmanCB-1205-96-U-0071-1Gualberto L. AlverCB-1205-96-U-0072-1Natalio M. Dela CruzCB-1205-96-U-0073-1Jose F. FalcisoCB-1205-96-U-0074-1

Copyright © 2005 LRP Publications

# EXHIBIT 10

**<u>Corpuz v. Office of Pers. Mgmt.</u>, 100 M.S.P.R 560 (M.S.P.B. 2005).**

**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

100 M.S.P.R. 560

| | |
|---|---|
| BRAULIO C. CORPUZ, | DOCKET NUMBERS |
| ALIPIO M. SIWA, | CB-1205-05-0023-U-1 |
| QUIRINO B. ESTABILLO, | CB-1205-05-0024-U-1 |
| NARCISO C. REYES[1] | CB-1205-05-0025-U-1 |
| Petitioners, | CB-1205-05-0028-U-1 |

v.

DATE: December 5, 2005

OFFICE OF PERSONNEL
    MANAGEMENT,
        Agency.

Rizalino S. Cayle, Olongapo City, Philippines, for the petitioner.

Jo-Ann Chabot, Washington, D.C., for the agency.

**BEFORE**

Neil A. G. McPhie, Chairman
Barbara J. Sapin, Member

**OPINION AND ORDER**

¶1    These consolidated cases are before the Board on the petitioners' requests, pursuant to 5 U.S.C. § 1204(f), for review of the Office of Personnel Management (OPM) regulation at 5 C.F.R. § 831.201(a)(13).[2]  For the reasons set forth below, we DENY the requests.

**BACKGROUND**

¶2    Petitioners are former federal employees who served primarily under indefinite appointments in the excepted service until their retirement.  OPM denied them civil service retirement benefits pursuant to 5 C.F.R. § 831.201(a)(13), which excludes from retirement coverage employees serving under non-permanent appointments, designated as indefinite, made after January 23,

1955, the effective date of the repeal of Executive Order 10180. Petitioners argue that section 831.201(a)(13) violates Section 2(e) of Pub. L. No. 854, 70 Stat 736, 745 (July 31, 1956), the predecessor of 5 U.S.C. § 8347(g) which authorizes OPM to exclude from the CSRS "an employee or group of employees...whose employment is temporary or intermittent." Regulation Review File (RRF), Tab 1.[3] According to petitioners, section 831.201(a)(13) incorrectly defines temporary appointments to include indefinite appointments. Petitioners also argue that section 831.201(a)(13) is not in accordance with Civil Service Rules 1.3(e) defining the term "tenure" and 2.2(c) authorizing OPM to determine the types, duration, and conditions of indefinite appointments and prescribing the method for replacing individuals holding such appointments. *Id.* Petitioners suggest that sections 1.3(e) and 2.2(c) constitute new evidence. OPM has responded that the petitions fail to state a claim and, in the alternative, that the petitions should be denied on the basis of res judicata. RRF, Tab 3.

### ANALYSIS

¶3      The doctrine of res judicata precludes a second action involving the same parties or their privies and based on the litigation of claims that were, or could have been, asserted in a prior proceeding. *See Nevada v. United States*, 463 U.S. 110, 130 (1983); *Spears v. Merit Systems Protection Board*, 766 F.2d 520, 523 (Fed. Cir. 1985); *Francisco v. Office of Personnel Management*, 80 M.S.P.R. 684, 686 (1999). The application of res judicata is appropriate here.

¶4      All of the petitioners previously contested OPM's denial of civil service benefits in appeals filed pursuant to 5 U.S.C. § 8347(d).[4] At issue was whether OPM had properly excluded petitioners from civil service retirement coverage under 5 C.F.R. § 831.201(a)(13).[5] The Board, in denying the benefits, affirmed the validity of section 831.201(a)(13) as a reasonable interpretation of 5 U.S.C. § 8347(a) and the Federal Circuit affirmed the Board's conclusion. *See e.g.*, *Estabillo v. Office of Personnel Management*, MSPB Docket No. SE-0831-94-0220-I-1 (Mar. 7, 1994), *aff'd*, 62 F.3d 1432 (Fed. Cir. 1995) (Table); RRF, Tab 3, Subtabs A and B. Also, all the petitioners, except petitioner Reyes, previously requested that the Board review the validity of 5 C.F.R. § 831.201(a)(13), and in all instances their

petitions were denied.[6]

¶5      Petitioners are not entitled to return to the Board based on a new theory of their cases.[7]  To the extent that the petitioners' claims of invalidity are distinguishable from the claims made in their retirement appeals and regulation review requests, the claims could have been raised in the earlier proceedings. [8]  *See Francisco v. Office of Personnel Management*, 80 M.S.P.R. at 687. Accordingly, petitioners' requests for regulation review are precluded by res judicata and their petitions are DENIED.

## ORDER

¶6      This is the final decision of the Merit Systems Protection Board in this regulation review proceeding.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after your receipt of this order.  If you have a representative in this case and your representative receives this order before you do, then you must file with the court no later than 60 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703). You may read this law, as well as review the Board's regulations and other related material, at our website, http://www.mspb.gov.  Additional information

is available at the court's website, http://fedcir.gov/contents.html. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.


FOR THE BOARD:                    /s/
                                 Bentley M. Roberts, Jr.
                                 Clerk of the Board

Washington, D.C.

---

[1] The Board has consolidated for decision, sua sponte, the cases of the four petitioners listed above. *See* 5 C.F.R. § 1201.36(a)(1) (2005) (consolidation occurs when the appeals of two or more parties are united for consideration because they contain identical or similar issues).

[2] Petitioners ask the Board to review 5 C.F.R. § 831.201(a)(14) (1963-1987). That regulation was renumbered as 5 C.F.R. § 831.201(a)(13) by OPM in 1988. *See* 53 Fed. Reg. 42,933, 42,936 (Oct. 25, 1988). We will use the current citation in this decision.

[3] Citations to the RRF refer to the *Estabillo* file, unless otherwise stated.

[4] *Estabillo v. Office of Personnel Management*, MSPB Docket No. SE-0831-94-0220-I-1 (Mar. 7, 1994), *aff'd*, 62 F.3d 1432 (Fed. Cir. 1995) (Table); *Siwa v. Office of Personnel Management*, MSPB Docket No. SE-0831-94-0341-I-1 (Jun. 24, 1994), *aff'd*, 62 F.3d 1433 (Fed. Cir. 1995) (Table); *DeJesus v. Office of Personnel Management*, 63 M.S.P.R. 586 (1994) (consolidated appeals including appellant Reyes), *aff'd*, 62 F.3d 1431 (Fed. Cir. 1995) (Table), *cert. denied by Reyes v. Office of Personnel Management*, 517 U.S. 1141 (1996); *Corpuz v. Office of Personnel Management*, MSPB Docket No. SE-0831-93-0435-I-1 (Dec. 22, 1993), *aff'd*, 64 F.3d 677 (Fed. Cir. 1995) (Table).

[5] *See* n. 4 *supra*.

[6] *Estabillo v. Office of Personnel Management*, MSPB Docket No. CB-1205-96-U-1 (Sept. 20, 1996) (Table), *aff'd*, 108 F.3d 1391 (Fed. Cir. 1997) (Table); *Estabillo v. Office of Personnel Management*, 82 M.S.P.R. 15 (1999), *dismissed*, 217 F.3d 858 (Fed. Cir. 1999) (Table); *DeJesus v. Office of Personnel Management*, 73 M.S.P.R. 458 (1997) (consolidated requests for regulation review, including petitioners Corpuz and Siwa), *aff'd sub nom. Alver v. Office of Personnel Management*, 114 F.3d 1205 (Fed. Cir. 1997) (Table); *Garduque v. Office of Personnel Management*, 84 M.S.P.R. 300 (1999) (consolidated requests for regulation review, including petitioner Corpuz).

[7] While the petitioners cite Civil Service Rules 1.3(e) and 2.2(c) as "new evidence" entitling them to file a regulation review, it appears that they are simply raising a new argument based on these regulations.

[8]  Petitioners' allegation that the Board's decision in *DeJesus v. Office of Personnel Management*, 63 M.S.P.R. 586, a decision on the merits of petitioner Reyes's claim of entitlement to disability retirement, was obtained by "fraud, concealment or misrepresentation" does not require a different result as the petitioners offer only the conclusory statement of fraud.  None of the dispositive facts have changed since the Board issued its decision and therefore there is no basis to reopen petitioners' merits appeals or regulation review requests.

# EXHIBIT 11

**<u>Siwa v. Office of Pers. Mgmt.</u>,** No. 2006-3174, 2006 WL 3251728, 206 Fed. Appx. 985 (Fed. Cir. 2006).

NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

2006-3174

ALIPIO M. SIWA,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

---

DECIDED:  November 9, 2006

---

Before SCHALL and GAJARSA, <u>Circuit Judges</u>, and MCKINNEY, <u>Chief Judge</u>.[*]

PER CURIAM.

## DECISION

Alipio M. Siwa petitions for review of the decision of the Merit Systems Protection

Board ("Board") that dismissed, upon the basis of <u>res judicata,</u> his request for review of

5 C.F.R. § 831.201(a)(13), a regulation of the Office of Personnel Management

---

[*]    Honorable Larry J. McKinney, Chief Judge of the United States District
Court for the Southern District of Indiana, sitting by designation.

("OPM"). <u>Siwa v. Office of Pers. Mgmt.</u>, No. CB1205050024-U-1 (M.S.P.B. Dec. 5, 2005). We <u>dismiss</u> for lack of jurisdiction.

DISCUSSION

I.

Pursuant to 5 U.S.C. § 1204(f)(1)(B), the Board is authorized to review OPM regulations. Mr. Siwa and others sought to avail themselves of this provision by filing a petition with the Board asking it to review 5 C.F.R. § 831.201(a)(13). Section 831.201(a)(13) excludes from coverage under the Civil Service Retirement System employees "serving under nonpermanent appointments, designated as indefinite, made after January 23, 1955, the effective date of the repeal of Executive Order 10180.

In its December 5 decision, the Board ruled that the requests for review of section 831.201(a)(13) were barred by <u>res judicata</u>. The basis for the Board's ruling was that it previously had adjudicated appeals by Mr. Siwa and the other petitioners in which it sustained OPM's denial of civil service retirement coverage pursuant to section 831.201(a)(13). The Board explained that what was at issue in the previous appeals

> was whether OPM had properly excluded petitioners from civil service retirement coverage under 5 C.F.R. § 831.201(a)(13). The Board, in denying the benefits, affirmed the validity of section 831.201(a)(13) as a reasonable interpretation of 5 U.S.C. § 8347(a) and the Federal Circuit affirmed the Board's conclusion. <u>See e.g.</u>, <u>Estabillo v. Office of Personnel Management</u>, MSPB Docket No. SB-0831-94-0220-I-1 (Mar. 7, 1994), <u>aff'd</u>, 62 F.3d 1432 (Fed. Cir. 1995) (Table) . . . .

<u>Siwa</u>, slip op. at 3 (footnote omitted). The Board added that Mr. Siwa and his fellow petitioners were not entitled "to return to the Board" and that their claims that section 831.201(a)(13) was invalid—to the extent that they were different from claims raised in

the previous appeals—"could have been raised in the earlier proceedings." Id. at 4. Accordingly, the Board denied Mr. Siwa's request for review of the regulation. Mr. Siwa now appeals the Board's decision.

II.

In Delos Santos v. Office of Pers. Mgmt, 289 F.3d 1382 (Fed. Cir. 2002), we stated that "this court has jurisdiction to review the Board's refusal to grant regulation review only if in doing so the Board considered the merits of the underlying agency action." Id. at 1385. As just seen, in this case, the Board refused to grant regulation review on the ground that review was barred by res judicata. Thus, the Board did not consider "the merits of the underlying agency action." See Clark v. Office of Pers. Mgmt., 95 F.3d 1139, 1141 (Fed. Cir. 1996) (holding that this court only has jurisdiction when the Board decided the challenge on the merits and giving the example of the Board refusing to review a claim when it would more properly be decided in an adverse individual personnel action). We see no distinction between a refusal to review a regulation because "the issue could be more appropriately determined in connection with review of an adverse individual personnel action" and a refusal to review a regulation because the Board determined that it had already decided the issue in an adverse individual personnel action—indeed one involving the same individual. See id. ("In stating that the decision whether to grant such review was in the Board's 'sole discretion,' Congress provided that, if the Board decided not to grant review, that would be the end of the matter, and that Board decision would not be subject to further review by this court."). That means that we are without authority to consider Mr. Siwa's appeal

of the Board's December 5, 2005 decision.  We therefore dismiss Mr. Siwa's appeal for

lack of jurisdiction.

# EXHIBIT 12

**Petitioner's Statement Concerning Discrimination before the United States Court of Appeals for the Federal Circuit, October 19, 1994.**

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

# 94-3665

Petitioner's Statement Concerning Discrimination

(INSTRUCTIONS: Select only one of the following statements. Do not alter or add to any of the statements.)

___/___ (1) No claim of discrimination by reason of race, sex, age, national origin or handicapped condition has been or will be made in this case.

___ (2) Any claim of discrimination by reason of race, sex, age, national origin, or handicapped condition raised before the employing agency or the Merit Systems Protection Board has been abandoned and will not be raised or continued in this or any other court.

___ (3) The petition seeks review only of the Merit Systems Protection Board's dismissal of the case for lack of jurisdiction or for untimeliness.

Also answer the following: Have you filed a discrimination case in a United States district court? __NO__ In the Equal Employment Opportunity Commission? __NO__ If so, identify each case. Use extra sheets if needed.

_09-19-94_
Date

_____
Petitioner's signature

Mail this form with the petition for review to:

Clerk
United States Court of Appeals
  for the Federal Circuit
717 Madison Place, NW.,
Washington, DC 20439



RECEIVED
SEP 2 8 1994
United States Court of Appeals
For The Federal Circuit

(Rev. 10/1/93)