UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALIPIO M. SIWA, )
          Plaintiff, )
)
v. ) Civil Action No. 07-0960 (RJL)
)
U.S. OFFICE OF PERSONNEL )
MANAGEMENT, )
          Defendant. )

RECEIVED
SEP - 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PLAINTIFF'S RESPONSE TO THE
"DEFENDANT'S MOTION TO DISMISS, OR, IN
THE ALTERNATIVE, FOR SUMMARY JUDGMENT"

The "DEFENDANT'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT" was received by the Plaintiff on August 15, 2007.

The Honorable CHIEF JUDGE HOGAN must DENY the "DEFENDANT'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT" because of the following reasons:

1. Under Sec. 3(b) of the ACT of January 24, 1942, the President was provided for by law the "Power To Exclude" Executive branch employees from CSRA coverage by way of Executive Order 9154 of May 1, 1942, 7 FR 3275, effective January 24, 1942. See EO 9154 under APP. A-1, as amended by Section 2 under EO 12107 of Dec. 28, 1978, 44 FR 1055, 3 CFR, 1978 Comp. p. 264, and thus, Section 1(i)

of EO 9154 does not authorized the exclusion from CSRA coverage of those employees who became eligible for "permanent or indefinite appointment" hence, employees under "permanent or indefinite appointment" were covered under the CSRA;

2. The President issued Executive Order 12292 of February 23, 1981, 46 FR 13967 and had specifically provided that EO 9154, as amended, is one of the "existing Executive Orders", and thus, EO 9154, as amended by EO 12292 of February 23, 1981, is existing and effective since 1942 through 1981, and until the present time. See the Preamble and Section 1 of EO 12292 under App. A-13;

3. The "TENURE of an indefinite appointment" is that "for an unlimited period of time" while the "TENURE of a temporary appointment" is that "for a limited period of time" pursuant to Sec. 1.3(e) of Rule I of the Civil Service Rules, as amended by EO 10577 of November 23, 1954, 19 FR 7521, effective January 23, 1955, and as amended by EO 12107 of December 28, 1978, 44 FR 1055, effective January 1, 1979. See App. A-2 and App. A-2a, App. GC35-6, and App. GSC35-14. The Commission, and later on the OPM, was authorized by the President pursuant to Sec. 2.2(c) of Rule II of the Civil Service Rules, as

amended by EO 10577, effective January 23, 1955, and as amended by EO 12107, effective January 1, 1979, to -

> ". . . determine the types, duration, and conditions of indefinite and temporary appointments, and may prescribe the method for replacing persons holding such appointments."
> (See App. A-7 and App. A-7a)

The Commission, and later on the OPM, was under all the full obligations to obey and determine the types, duration, and conditions of indefinite and temporary appointments. Under The Guide To Processing Personnel Actions, Chapter 35-6 (See App. GC35-6), the OPM defines an INDEFINITE APPOINTMENT, that -

> "INDEFINITE APPOINTMENT - One given a non-permanent employee who is hired <u>for an unlimited period of time</u>."
> (Underscoring supplied)

The OPM defines a TEMPORARY APPOINTMENT (See App. GSC35-14), that -

> "TEMPORARY APPOINTMENT - An appointment made <u>for a limited period of time</u> and with a <u>specific not-to-exceed (NTE)</u> date determined by the authority under which the appointment is made." (Underscoring supplied)

The "type, duration, and condition" of an INDEFINITE APPOINTMENT is that "for an unlimited period of time" (Without time limitation) while

the "type, duration, and condition" of a TEMPORARY APPOINTMENT is that "for a limited period of time" (With a time limitation), and thus, the "TENURE of an Indefinite Appointment" is that "for an unlimited period of time" (Without time limitation) while the "TENURE of a Temporary Appointment" is that "for a limited period of time" (With a time limitation). Let us analyze "Excepted Appt - Indefinite". The meaning of the term "indefinite" means "unlimited" or "without time limitation", and thus, the meaning of "Excepted Appt - Indefinite" is "Excepted Appt - unlimited" or "Excepted Appt - without time limitation". For example: An employee was given the Nature of Action Code ("NOAC") "172" and the Nature of Action ("NOA") "EXC APPT - INDEFINITE" dated effective 10-06-81. See App. F-5. On "10-06-81", he received a "CORRECTION" from his "EXC APPT - INDEFINITE" to a NOAC "170" and the NOA "EXC APPT" with the "Remarks" on Item 37, that -

> "NOAC/NOA SHOWN ON ORIGINAL ACTION ARE NO LONGER IN USE, THEY WERE REQUIRED UNDER FPM SUPPL 296-31 WHICH HAS BEEN REPLACED BY FPM SUPPL 296-33."
> (See App. F-6)

In other words, the NOA "EXC APPT - INDEFINITE"

is no longer in use, but it was replaced by the NOA "EXC APPT". "Job Aid #5. Instructions for Processing Personnel Actions on Appointments in the Excepted Service under STEP 5 and STEP 6 (See App. GC11-6) -

> (STEP 5)
> To identify an excepted appointment that is "conditional," enter "2" in block 24 of the SF 52; to identify an excepted appointment that is "indefinite," or "provisional" enter "3" in block 24 of the SF 52.
>
> (STEP 6)
> Prepare the SF 50 from the information on the SF 52.

In other words, an "Exc Appt" is Permanent if "Tenure 1" is entered on the SF-50; An "Exc Appt" is Conditional if "Tenure 2" is entered on the SF-50; And an "Exc Appt" is Indefinite if "Tenure 3" is entered on the SF-50, but all of these are designated as "EXC APPT (Without time limitation)". Therefore, an "EXC APPT (Without time limitation)" is the opposite of a "Temporary Appointment" ("Exc Appt NTE (date)") which is an appointment "With a time limitation).

4. The Commission had violated the "regulations of the President" under Sec. 1.3(e) of Rule I and Sec. 2.2(c) of Rule II of the Civil Service Rules, as amended by EO 10577, effective January 23, 1955, by applying Section 2(e) of the 1956 CSRA Amendments to exclude from CSRA Coverage

the "TENURE of an Indefinite Appointment", but the Commission was only authorized by law to exclude from CSRA Coverage those employees "whose tenure of office or employment is temporary or intermittent", that is, a Temporary Appointment ("Exc Appt NTE (date)") with a TENURE of "for a limited period of time" or "With a time limitation". The Commission excluded from CSRA Coverage the following -

> "(14) Employees serving under nonpermanent appointments, designated as indefinite, made after January 23, 1955, the effective date of the repeal of Executive Order 10180."
> (See 5 CFR 831.201(a)(14) (1963-1978))

5.      The OPM was generally and specifically notified by the President of the existence and effectivity of the "regulations of the President" under Section 1(i) of EO 9154 pursuant to Section 2 of EO 9154, as amended by EO 12107, effective January 1, 1979. See Section 2 of EO 9154 under App. A-1. The OPM had violated the "regulations of the President" under Sec. 1.3(e) of Rule I and Sec. 2.2(c) of Rule II of the Civil Service Rules, as amended by EO 10577, effective January 23, 1955, and as amended by EO 12107, effective January 1, 1979, to exclude from CSRA Coverage the "TENURE

of an Indefinite Appointment", in violations of Section 1(i) of EO 9154 and Section 2(e) of the 1956 CSRA Amendments. Therefore, the OPM excluded from CSRA Coverage the folowing:

> "(14) Emplyees serving under nonpermanent appointments, designated as indefinite, made after January 23, 1955, the effective date of the repeal of Executive Order 10180,"

5 CFR 831.201(a)(14) (1963 to 1987) was renumbered by the OPM in 1988 as 5 CFR 831.201(a)(13) (1988 to Present). See 5 CFR 831.201(a)(13) under App. A-8.

6. This is a form of DISCRIMINATION. The OPM promulgated a personnal regulation that "All employees are covered by the retirement system except those specifically excluded by law or by regulations of the Office of Personnal Management" pursuant to FPM Supp. 831-1, subch. S2-1 (Sept. 21, 1981). The OPM knew that Plaintiff was not specifically excluded from CSRA Coverage by law or by regulations of the OPM because of his "EXC APPT" under "Tenure 1" or "Tenure 3", and thus, the OPM had violated the said personnal regulation under FPM Supp. 831-1, subch. S2-1 (Sept. 21, 1981) because of its failures and/or refusals to cover the Plaintiff under the retirement system, to his damaged and prejudiced.

7.   Counsel United States Attorney JEFFREY A. TAYLOR and Counsel Assistant United States Attorney RUDOLPH CONTRERAS have not submitted "an entry of appearance",

WHEREOF, premises considered, the Plaintiff most respectfully prays of to the Honorable Court for any help and relief that are necessary in the premises.

Respectfully submitted. This 17th day of August 2007 at Olongapo City, Philippines.

Very respectfully yours,

ALIPIO M. SIWA
Plaintiff Pro Se

PROOF OF SERVICE

I hereby certify under penalty of perjury under the laws of the United States that on August 17, 2007, I have mailed a copy of the foregoing via air mail delivery to -

Mr. WYNEVA JOHNSON
Assistant United States Attorney
U.S. Department of Justice
555 4th Street, N.W., Civil Division
Washington, D.C. 20530

ALIPIO M. SIWA
Plaintiff Pro Se