UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

FEB 4 - 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

_____
                                   )
ALIPIO M. SIWA,                    )
                                   )
          Plaintiff,             )
                                   )
v.                                 )   Civil Action No. 07-0960 (RJL)
                                   )
U.S. OFFICE OF PERSONNEL           )
MANAGEMENT,                        )
                                   )
          Defendant.             )
_____)

### MEMORANDUM OPINION

This matter is before the Court on defendant's motion to dismiss or, in the alternative, for summary judgment. The Court will grant the motion on the ground that plaintiff's claim is barred by the doctrines of res judicata and collateral estoppel.

### I. BACKGROUND

In order to qualify for a CRS annuity, an employee must have completed both (1) at least five years of civilian service, and (2) at least one year of creditable civilian service during which he is subject to the CRS within the last two years before his separation. *See* 5 U.S.C. § 8333(a), (b). The OPM "may exclude . . . an employee or group of employees in or under an Executive agency whose employment is temporary or intermittent." 5 U.S.C. § 8347(g). Pursuant to this authority, OPM regulations exclude from the CRS all "[e]mployees serving under nonpermanent appointments,



1

designated as indefinite, made after January 23, 1955, the effective date of the repeal of Executive Order 10180." 5 C.F.R. § 831.201(a)(13).

Plaintiff was employed by the Department of the Navy from February 26, 1960 to May 4, 1966, and from July 27, 1971 until September 30, 1992 in Subic Bay, Philippines. Compl. at 2; *see Siwa v. Office of Pers. Mgmt.*, 62 F.2d 1433 (Fed. Cir. 1995), *cert. denied*, 517 U.S. 1138 (1996). "[A]ll of his service was accomplished under a series of excepted appointments that were temporary or indefinite in duration." Compl., App. D (June 24, 1994 Initial Decision of the Merit Systems Protection Board, Dkt. No. SE-0831-91-0341-I-1) at 2 (page numbers designated in the Decision); *see id.*, App. B (Notices of Personnel Action). Plaintiff applied for retirement annuity benefits under the Civil Service Retirement System ("CRS"). Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment ("Def.'s Mot."), Declaration of Kim C. Jones ("Jones Decl."), Ex. 1 (Application for Retirement Benefits).

There was no dispute that plaintiff completed at least five years of civilian service and that his service is "creditable" for purposes of retirement. *See, e.g.,* Def.'s Mot., Ex. 5 (December 8, 1993 OPM Initial Decision) & Ex. 6 (February 8, 1994 OPM Final Decision) at 4 (page numbers designated by the Court) at 2. The OPM denied plaintiff's application because he did not serve in a position subject to the Civil Service Retirement Act for any period of time and, thus, he was not entitled to retirement annuity benefits under the CRS. *See* Def.'s Mot., Ex. 5. The agency reached this same conclusion on reconsideration. *See id.*, Ex. 6 at 4.

Plaintiff appealed the OPM's decision to the Merit Systems Protection Board ("MSPB") arguing, unsuccessfully, that OPM had no authority to exclude indefinite appointments from CRS coverage. *See* Compl., App. D at 3. The MSPB considered and rejected plaintiff's argument that the OPM was without authority to exclude indefinite appointments from CRS coverage. *Id.*

Plaintiff appealed the MSPB decision, unsuccessfully, to the United States Court of Appeals for the Federal Circuit. *See Siwa*, 62 F.2d at 1433. Before the Federal Circuit, plaintiff argued that both the OPM and the MSPB erred in applying 5 C.F.R. § 831.201(a)(13) because the authority under which the regulation was promulgated either had been amended or repealed and thus has no legal effect. *See* Def.'s Mot., Ex. 2 (Informal Brief of Petitioner, No. 94-3665) at 1 (page numbers designated by the Court). Further, plaintiff argued that only those persons whose employment was temporary or intermittent may be excluded from the CRS. *Id.*, Ex. 2 at 2. Lastly, plaintiff argued that 5 C.F.R. § 831.201(a)(13) is arbitrary, discriminatory, and otherwise in violation of applicable federal law. *Id.*, Ex. 2 (Continuation) at 2.

The Federal Circuit, relying on its prior decision in *Rosete v. Office of Pers. Mgmt.*, 48 F.3d 514 (Fed. Cir. 1995), deferred to the OPM's "consistent, long-standing regulatory interpretation" of statutory language pertaining to exemptions of employees from CRS coverage. *Id.* at 519. For purposes of 5 U.S.C. § 8347(g) and its implementing regulation, 5 C.F.R. § 831.201(13), "temporary" employees include those working under indefinite appointments. *Rosete*, 48 F.3d at 519. Accordingly, the Federal Circuit held that "an indefinite appointment in the excepted service did not

constitute covered service within the meaning of the CSRA." *Siwa*, 62 F.3d at 1433 (citing *Rosete*, 48 F.3d at 520). It summarily affirmed the MSPB's decision that plaintiff was not entitled to a CRS retirement annuity because his excepted indefinite appointments were not covered by the CRS. *Id.* The United States Supreme Court denied plaintiff's petition for a writ of certiorari. *Siwa v. Office of Pers. Mgmt.*, 517 U.S. 1138 (1996).

Undeterred, plaintiff and others sought MSPB review of the offending OPM regulation, 5 C.F.R. § 831.201(a)(13). *See* Def.'s Mot., Ex. 9 (DeJesus v. Office of Pers. Mgmt., 73 M.S.P.R. 458 (Mar. 5, 1997)(table)). The MSPB denied review, finding that the Federal Circuit's decision in *Rosete* was controlling authority. *See id.* The MSPB denied a subsequent petition for review of this same regulation on the ground that the claim was barred under the doctrine of res judicata. *Id.*, Ex. 10 (Corpuz v. Office of Pers. Mgmt., 100 M.S.P.R. 560 (Dec. 5, 2005) ¶¶ 3-5. Plaintiff's appeal to the United States Court of Appeals for the Federal Circuit, *see id.*, Ex. 3 (Informal Brief of Petitioner, No. 2006-3174), was dismissed for lack of subject matter jurisdiction. *Siwa v. Office of Pers. Mgmt.*, No. 2006-3174, 2006 WL 3251728, at *1 (Fed. Cir. Nov. 9, 2006) (per curiam).

In the instant civil action, plaintiff alleges that the OPM "knew that [he] was not specifically excluded from retirement coverage by law or by regulations of the OPM [ ]," and, thus, violated applicable personnel regulations "because of its failures and/or refusals to cover [him] under the retirement system, to his damaged [sic] and prejudiced [sic]." Compl. at 11. Plaintiff considers the OPM's acts to be "a form of

'DISCRIMINATION,'" *id.* (emphasis in original), and he demands "pay[ment] [of] retirement benefits since 1992." *Id.*

## II.  DISCUSSION

OPM argues that plaintiff's claims are barred both by the doctrines of res judicata and collateral estoppel. *See* Def.'s Mot. at 9-12. The Court agrees.

### A. Res Judicata

Generally, a plaintiff is expected to "present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence." *U.S. Indus., Inc. v. Blake Constr. Co., Inc.*, 765 F.2d 195, 205 (D.C. Cir. 1985) (quoting 1B J. Moore, MOORE'S FEDERAL PRACTICE, ¶ 0.410[1] (1983)). The doctrine of *res judicata* provides that a final judgment on the merits in a prior suit involving the same parties bars subsequent suits based on the same cause of action. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979). Two cases implicate the same cause of action if they share the same nucleus of facts. *Drake v. Fed. Aviation Admin.*, 291 F.3d 59, 66 (D.C. Cir. 2002), *cert. denied*, 537 U.S. 1193 (2003) (internal quotation marks and citation omitted). *Res judicata* bars not only claims that actually were litigated, but also claims that could have been litigated in the previous action. *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (citation omitted); *I.A.M. National Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated previously") (citation omitted); *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981).

In order for *res judicata* to apply, a defendant must show: (1) the identity of parties in both suits, (2) a judgment rendered by a court of competent jurisdiction, (3) a final judgment on the merits, and (4) an identity of the cause of action in both suits. *Paley v. Estate of Ogus*, 20 F. Supp. 2d 83, 87 (D.D.C. 1998) (citing *Brannock Assocs., Inc. v. Capitol 801 Corp.*, 807 F. Supp. 127, 134 (D.D.C. 1992) (citing *U.S. Indus. Inc.*, 765 F.2d at 205 n.21 )). Defendant meets its burden.

It is clear that the parties in the instant civil action and the parties before the Federal Circuit are the same. It also is clear that the Federal Circuit is a court of competent jurisdiction and that it rendered a final judgment on the merits of plaintiff's claim for retirement annuity benefits under the CRS. Lastly, it is clear that the instant so-called discrimination action arises from the same nucleus of facts as those underlying plaintiff's prior action before the Federal Circuit. The essence of plaintiff's claim is that a single OPM regulation, 5 C.F.R. § 831.201(a)(13), renders him ineligible for a retirement annuity under the CRS. It matters not that plaintiff did not raise a discrimination claim either before an administrative agency or before the Federal Circuit. He cannot now adopt a new legal theory in support of his position when he had an opportunity to do so and, for whatever reason, chose not to pursue it.

### B. Collateral Estoppel

Collateral estoppel bars the relitigation of issues previously tried and decided in a court of competent jurisdiction involving the same or in some circumstances different parties. *See Ashe v. Swenson*, 397 U.S. 436, 443-44 (1970) (collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any

future lawsuit."); *United States v. Mendoza*, 464 U.S. 154, 158-63 (1984) (acknowledging the "broadened [] scope of the doctrine of collateral estoppel beyond its common law limits . . . by abandoning the requirement of mutuality of parties," except when asserted against the United States by a nonparty to the previous action) (citations omitted).  In order for collateral estoppel to apply, a defendant must show: (1) the actual litigation of the issue "that is, contested by the parties and submitted for determination by the court," (2) the determination of the issue by a court of competent jurisdiction, and (3)  the lack of unfairness in precluding the issue from the subsequent trial.  *Otherson v. Dep't of Justice, I.N.S.*, 711 F.2d 267, 273 (D.C. Cir. 1983) (citations omitted).  Again, defendant meets its burden.

Defendant adequately demonstrates that the issue of plaintiff's eligibility for a CRS retirement annuity benefit is the that presented to the Federal Circuit.  The Federal Circuit, a court of competent jurisdiction, decided that the OPM regulation at issue is a reasonable interpretation of the relevant statute and that its application to plaintiff was proper.  Nothing in the record suggests that plaintiff was denied a fair opportunity to present his claims elsewhere, and no unfairness will result with this Court's refusal to consider the underlying issue yet again.

III. CONCLUSION

The Court concludes that plaintiff's claims are barred both by the doctrine of res judicata and collateral estoppel. Accordingly, the Court will grant defendant's motion. An Order consistent with this Memorandum Opinion will be issued separately.

RICHARD J. LEON
United States District Judge

Date:
2/4/08